IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC BRAGG, Esq., an individual, : | CIVIL ACTION |
| Plaintiff, : | |
| : | Case No. 06-4925 |
| v. : | |
| : | |
| LINDEN RESEARCH, INC., a corporation, : | |
| and PHILIP ROSEDALE, an individual, : | |
| Defendant. : | |

## ORDER

**AND NOW**, this _____ day of _____, 2006, upon consideration of Defendant Philip Rosedale's Motion to Dismiss for Lack of Personal Jurisdiction, it is hereby ordered that the Motion is **GRANTED** and Plaintiff's claims against Defendant Philip Rosedale are hereby **DISMISSED**.

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC BRAGG, Esq., an individual, | CIVIL ACTION |
| Plaintiff, | |
| | Case No. 06-4925 |
| v. | |
| LINDEN RESEARCH, INC., a corporation, and PHILIP ROSEDALE, an individual, | |
| Defendant. | |

## DEFENDANT PHILIP ROSEDALE'S
## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendant Philip Rosedale hereby moves to dismiss all claims asserted against him in the Complaint. For the reasons set forth in the accompanying Memorandum of Law, Defendant Philip Rosedale respectfully requests that this Court dismiss the claims asserted against him for lack of personal jurisdiction.

Respectfully submitted,

/s Andrew J. Soven (/AS 955)
Andrew J. Soven
Andrea B. Weingarten
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
(215)851-8100

Attorneys for Defendants Linden Research, Inc. and Philip Rosedale

Dated: November 14, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC BRAGG, Esq., an individual, : | CIVIL ACTION |
| Plaintiff, : | |
| : | Case No. 06-4925 |
| v. : | |
| : | |
| LINDEN RESEARCH, INC., a corporation, : | |
| and PHILIP ROSEDALE, an individual, : | |
| : | |
| Defendant. : | |

**MEMORANDUM OF LAW IN
SUPPPORT OF DEFENDANT PHILIP ROSEDALE'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Philip Rosedale ("Rosedale" or "Defendant") by and through his undersigned attorneys and pursuant to Fed. R. Civ. P. 12(b)(2), respectfully requests that this Court dismiss Plaintiff's claims against Mr. Rosedale for lack of personal jurisdiction.

**I.     Background**

This case arises out of Plaintiff Marc Bragg's ("Plaintiff" or "Bragg") contention that Linden Research, Inc. ("Linden") deprived him, without due process of law, of computer-simulated "real estate" existing in an online computer service environment created by Linden and known as Second Life. Plaintiff knowingly violated the rules governing the purchase of computer services simulating "real estate" use in Second Life, but complains that Linden wrongfully deprived him of what Plaintiff considers his real estate holdings after Linden discovered Plaintiff's manipulation of Second Life's terms of service.

Philip Rosedale, the Chief Executive Officer of Linden, is named as a separate, individual Defendant. If the Court does not grant Defendants' Motion to Compel Arbitration, which has been filed simultaneously with this Motion, Plaintiff's claims against Rosedale should be dismissed because this Court lacks personal jurisdiction over Rosedale.

## II.    Facts Pertinent to Personal Jurisdiction Analysis

Mr. Rosedale, Linden's Chief Executive Officer, is a resident and domiciliary of the State of California. See Philip Rosedale Affidavit ("Rosedale Affidavit"), ¶ 2, attached hereto as Exhibit A. Mr. Rosedale has never worked or operated a business in Pennsylvania, has never maintained an office, telephone listing, or mailing address in Pennsylvania and has never owned any real or personal property in Pennsylvania. See id. at ¶¶ 3-4, 6. Mr. Rosedale has never paid any Pennsylvania taxes, has never transacted business in the State of Pennsylvania, has never maintained any bank accounts in Pennsylvania, and has never held a Pennsylvania driver's license. See id. at ¶¶ 5, 7, 9-10. Mr. Rosedale has never personally purposely directed any activities toward any resident of Pennsylvania, has not deliberately engaged in any significant activities in Pennsylvania on his own behalf, and has no continuing obligations or business relationships with any Pennsylvania residents. See id.

## III.   Plaintiff's Claims Against Philip Rosedale Should be Dismissed Because Pennsylvania Lacks Personal Jurisdiction over This Defendant

There is no basis for a federal district court sitting in Pennsylvania to exercise personal jurisdiction over Rosedale. Plaintiff's claims do not arise from any alleged activity of Rosedale in the Commonwealth of Pennsylvania. Furthermore, Rosedale does not have continuous or systematic contacts with Pennsylvania that could justify the exercise of personal jurisdiction over this Defendant.

A.     **Plaintiff Bears the Burden of Showing Sufficient Contacts Between Philip Rosedale and the State of Pennsylvania**

Federal Rule of Civil Procedure 4(e) permits a district court to assert personal jurisdiction of a nonresident to the extent allowed under the law of the state where the court sits. Furthermore, Pennsylvania "authorizes long-arm jurisdiction to the extent permitted by the due process clause" of the Constitution. Visual Securities, Inc. v. KTV, Inc., 102 F.Supp.2d 601, 602 (E.D. Pa. 2000); 42 Pa. C.S.A. § 5322(b). However, once a defendant raises the defense of lack of personal jurisdiction, the burden falls upon the plaintiff "to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Carteret Savings Bank, F.A. v. Shusan, 954 F.2d 141, 146 (3d Cir. 1992); see also IMO Indus., Inc. v. Kiekert, AG, 15 F.3d 254, 257 (3d Cir. 1998); Mellon Bank (East) PFSS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). To establish the propriety of personal jurisdiction, the plaintiff must present "a prima facie case for the exercise of personal jurisdiction by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" Mellon Bank, 960 F.2d at 1223 (internal citations omitted). The determination of a motion challenging personal jurisdiction "requires resolution of factual issues outside the pleadings." Timeshare Vacation Club v. ATL Resorts. Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984). The plaintiff must sustain its burden of proof by "establishing jurisdictional facts through sworn affidavits or other competent evidence," and "at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of *in personam* jurisdiction." Id.

The exercise of personal jurisdiction over a nonresident defendant is appropriate only if there exist sufficient "minimum contacts" between the defendant and the forum state such that the maintance of the suit in that state does not "offend traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, 396 U.S. 310, 316 (1945).

3

Of prime concern is the "predictability and fairness of the court taking jurisdiction over the defendant." Giangola v. Walt Disney World Co., 753 F. Supp. 148, 155 (D.N.J. 1990). As such, a court is precluded from asserting jurisdiction over a defendant having no "contact, ties, or relations," with the forum state. International Shoe, 326 U.S. at 319. While there is no fixed standard for assessing the required contacts, predictability and fairness dictate that there must exist, at a minimum, "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958) (citing International Shoe, 326 U.S. at 319). The requirement of "purposeful availment" ensures that a nonresident defendant will not be haled into a foreign court's jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984).

General personal jurisdiction may be exercised where a nonresident defendant has maintained "continuous and systematic" contacts with the forum state and the plaintiff's claims do not arise out of those contacts with the forum state. Helicopteros Nacionales De Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984). Specific personal jurisdiction may be obtained where the plaintiff's cause of action "arises from the defendant's forum related activities, such that the defendant 'should reasonably anticipate being haled into court there.'" Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co., 75 F.3d 147, 151 n.3 (3d Cir. 1996). In this case, however, Plaintiff cannot establish either general or specific personal jurisdiction over Philip Rosedale.

### 1. Philip Rosedale is not Subject to General Personal Jurisdiction in Pennsylvania

A court may exercise general personal jurisdiction over a defendant based on that defendant's general business contacts with the forum state. Remick v. Manfredy, 238 F.3d 248,

4

255 (3d Cir. 2001). General jurisdiction, however, only exists in cases where the plaintiff can demonstrate that the defendant "has maintained 'continuous and substantial' contacts with the forum state" and "carries on 'a continuous and systematic part of its general business within [Pennsylvania].'" Lehigh Coal & Navigation Co. v. Geko-Mayo, GMBH, 56 F. Supp.2d 559, 565, 570 (E.D. Pa. 1999) (internal citations omitted).

In the instant case, Plaintiff cannot establish general personal jurisdiction over Rosedale because he does not have any continuous and systematic contacts with the Commonwealth of Pennsylvania that would justify the exercise of general personal jurisdiction.[1] As stated above and as shown in the Affidavit attached hereto, Rosedale is a resident of the State of California. Rosedale has never worked or operated a business in Pennsylvania or held a Pennsylvania driver's license. Rosedale has never maintained an office, telephone listing, mailing address, business records, or bank account in Pennsylvania, owned any real or personal property in Pennsylvania, or paid any Pennsylvania taxes. Furthermore, Rosedale has never been stationed or assigned as an employee to work in Pennsylvania, purposefully directed any activities at any resident of Pennsylvania, deliberately engaged in any significant activities in Pennsylvania, or had continuing obligations with any Pennsylvania residents. As the Affidavit of Philip Rosedale makes clear, he has had no contact with the State of Pennsylvania, and as such, there is no basis for the exercise of general personal jurisdiction over him.

Given the absence of any relationship or contacts between Rosedale and the State of Pennsylvania, there is no basis to assert general personal jurisdiction over him. See Lehigh Coal, 56 F. Supp.2d at 565, 570 (holding that general personal jurisdiction can be established only where the plaintiff can demonstrate that the defendant "has maintained 'continuous and

---

[1] Plaintiff's Complaint does not contain a section with jurisdictional allegations.

substantial' contacts with the forum state" and "carries on 'a continuous and systematic part of its general business within [Pennsylvania]'"). Rosedale plainly does not have any continuous and systematic contacts with the Commonwealth of Pennsylvania that would justify the exercise of general personal jurisdiction here.

### 2. Philip Rosedale is not Subject to Specific Personal Jurisdiction in the Commonwealth of Pennsylvania

To establish specific jurisdiction, a plaintiff must satisfy a three part test. S. Morantz, Inc. v. Hang & Shine Ultrasonic, Inc., 79 F. Supp.2d 537, 539 (E.D. Pa. 1999). First, the plaintiff must establish that the defendant has constitutionally sufficient minimum contacts with the forum. See id. at 539. Specifically, the defendant must have purposely availed itself of the privilege of conducting business in the forum state through contacts that were more than merely 'random,' 'fortuitous,' or 'attenuated.'" Id. (citing Burger King Corp. v. Rutzewicz, 471 U.S. 462, 475 (1985)). Second, the plaintiff's claims must arise out of those sufficient minimum contacts. See id.; see also Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002). Finally, the district court must determine the exercise of jurisdiction is reasonable and complies with "traditional notions of fair play and substantial justice." Id. (citing International Shoe, 326 U.S. at 316).

Additionally, the mere fact that Rosedale is the Chief Executive Officer of Linden Research, Inc. is irrelevant to the issue of minimum contacts. "[A] defendant is not individually subject to personal jurisdiction merely based on his actions in a corporate capacity." Schiller-Pfeiffer, Inc. v. Country Home Products, Inc., No. Civ.A. 04-CV-1444, 2004 WL 2755585 (E.D. Pa. Dec. 1, 2004) (citing TJS Brokerage & co. v. Mahoney, 940 F. Supp. 784, 789 (E.D. Pa. 1996); D&S Screen Fund II v. Ferrari, 174 F. Supp.2d 343, 347 (E.D. Pa. 2001) ("As a general rule, individuals performing acts in a state in their corporate capacity are not subject to the

personal jurisdiction of the courts of that state for those acts"); United Products Corporation v. Admiral Tool & Manufacturing Co., 122 F. Supp.2d 560, 562 (E.D. Pa. 2000) ("a court does not have personal jurisdiction over an individual defendant whose only contacts with the forum state were taken in his or her corporate capacity"); Techno Corp. v. Dahl Assocs., Inc., 521 F. Supp. 1036, 1037 (W.D. Pa. 1981) ("individuals performing acts in a state in their corporate capacity do not thereby submit themselves to the personal jurisdiction of the courts of that state"); see also 4 Wright & Miller, Federal Practice and Procedure § 1069 at 370 (1987) (a "corporation ordinarily will insulate [individuals acting in a corporate capacity] from the court's personal jurisdiction. Thus, jurisdiction over individual officers and employees of a corporation may not be predicated on the court's jurisdiction over the corporation itself, unless the individuals are engaged in activities within their jurisdiction that would subject them to coverage of the state's long-arm statute.").

Moreover, "absent allegations that the corporate shield is a sham, jurisdiction over the corporation does not subject officers, directors and shareholders of the corporation to personal jurisdiction."[2] Schiller-Pfeiffer, Inc., 2004 WL 2755585, at *5. Plaintiff does not allege that Linden's corporate form is a sham or that Linden's corporate form is an alter ego for the activities of Rosedale. See Schiller-Pfeiffer, Inc., 2004 WL 2755585, at *6 (court noted that plaintiff failed to present alter ego evidence and concluded that plaintiff did not meet second prong of test); see also 4A Wright & Miller, Federal Practice and Procedure § 1069.4 (3d ed. 2002) ("[I]f the corporation is not a viable one and the individuals are in fact conducting personal activities and using the corporate form as a shield, a federal court may pierce the corporate veil and permit the assertion of personal jurisdiction over the individuals").

---

[2]   Plaintiff does not allege that Linden's corporate form is a sham.

In determining whether an officer's corporate contacts are sufficient to exercise personal jurisdiction over the officer, courts have applied a three-part test: (1) the officer's role in the corporate structure; (2) the quality of the officer's contacts; and (3) the nature and extent of the officer's role in the alleged tortious conduct. See Schiller-Pfeiffer, Inc., 2004 WL 2755585, at *5. The first factor requires an examination of Rosedale's role in Linden's corporate structure. Rosedale is the Chief Executive Officer of Linden, and concedes that he plays a significant role in the affairs of Linden.

Plaintiff, however, cannot meet his burden with respect to the remaining two prongs of the test. The second relevant factor is the nature of Rosedale's contacts with Pennsylvania. An important element to consider is the scope of Rosedale's communications with Plaintiff in the Commonwealth of Pennsylvania. Id. at *6 (examining the defendants' business communications, visits, and telephone contacts with the plaintiff in the forum state). Rosedale has not engaged in any business communications with Plaintiff, nor has he personally traveled to Pennsylvania to conduct business. See Rosedale Affidavit, ¶¶ 12-13. Accordingly, Rosedale does not have sufficient contacts with Pennsylvania to satisfy the second prong of the test.

The final prong of the test requires the court to consider Rosedale's individual role in the alleged tortious conduct. Plaintiff has asserted ten causes of action against Rosedale, but Plaintiff's primary contention clearly is that Linden deprived Plaintiff, without due process of law, of computer-simulated "real estate" use in the Second Life computer service. Plaintiff has not pled that Rosedale was in any way involved in the decision to terminate Plaintiff's membership in Second Life or deprive him of the alleged property at issue. In fact, the only allegations regarding Rosedale in the Complaint refer to interviews or press releases where Rosedale commented on Second Life's gaming environment.

8

Specifically, Plaintiff alleges:

36.   . . . Linden, by and through Rosedale, stated: "Until now, any content created by users for persistent state worlds, such as EverQuest or Star Wars Galaxies, has essentially become the property of the company developing and hosting the world," said Rosedale.

. . . . . .

47.   On or about June 14, 2005 an interview with Rosedale was published by Guardian Unlimited: Gamesblog. During the course of that interview, Rosedale represented to the world that participants that purchased land in Second Life owned the land.

. . . . .

48.   In response to a question about the integration of western Capitalism into the Second Life world, Rosedale represented/stated: "We like to think of Second Life as ostensibly as real as a developing nation . . . The Fundamental basis of a successful developing nation is property ownership . . . We started selling land free and clear, and we sold the title, and we made it extremely clear that we were not the owner of the virtual property."

. . . . . .

54.   Even recently, Rosedale represented on April 13, 2006 in an interview with PSFK.com, in response to [a] question about whether there was any "gray area" with regard to copyright and intellectual property rights in Second Life, that "Things are pretty clear – as a user, you own what you create in Second Life." Further, in discussing the importance of land ownership and quoting the concepts set forth in Hernando de Soto's "the Mystery of Capital," Rosedale stated: "[S]uccessful countries always start by making sure that people can freely own, resell, and mortgage real-estate on which they live. This is a Very Big Idea . . . This was one of the key things that drove our ideas around land ownership and the introduction of IP rights."

See Complaint, ¶¶ 36, 47, 48, 54 (a true and correct copy of which is attached hereto as Exhibit "B").

It is clear from these allegations that Rosedale did not participate in any alleged tortious conduct (*i.e.*, depriving Plaintiff of his right to participate in Second Life and deleting what Plaintiff considers his property). To the contrary, virtually all of the alleged statements were made before Plaintiff became a member of Second Life in December of 2005. Critically,

9

Plaintiff does not allege a single statement or representation that Rosedale made directly *to him* which could be considered fraudulent. See Schiller-Pfeiffer, Inc., 2004 WL 2755585, at *7 (court noted that plaintiffs made vague allegations that defendants had numerous communications with plaintiffs located in Pennsylvania but could not point to a single statement or representation that defendant made *to plaintiffs*) (emphasis added). As such, Plaintiff's allegations are not sufficient to conclude that Rosedale had an individual role in the alleged tortious conduct that forms the basis of this lawsuit. Therefore, Plaintiff cannot meet the third and final prong of the test.

Accordingly, Plaintiff cannot establish that Rosedale has "purposefully availed" himself within Pennsylvania to support specific personal jurisdiction in Pennsylvania. Rosedale never directed any activity towards Pennsylvania and never purposefully availed himself of the privilege of conducting business in Pennsylvania. The claims did not arise out of any contacts between Rosedale and the forum state. The only connection between this dispute and Pennsylvania is the fact that Rosedale is the chief executive of a company that runs a website that can be accessed in the state of Pennsylvania. Given that Rosedale is being sued in his individual capacity, this tenuous contact is insufficient to vest the court with personal jurisdiction.

Because there are no contacts between Rosedale and the State of Pennsylvania sufficient to vest the Court with personal jurisdiction over Rosedale, the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

## IV. Conclusion

For all the reasons stated above, Philip Rosedale respectfully requests that this Court dismiss the claims asserted against him for lack of personal jurisdiction, and for any such further relief as this Court deems appropriate.

Respectfully submitted,

/s Andrew J. Soven (/AS 955)
Andrew J. Soven
Andrea B. Weingarten
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
(215)851-8100

Attorneys for Defendants Linden Research, Inc. and Philip Rosedale

Dated: November 14, 2006

## CERTIFICATE OF SERVICE

I, Andrew J. Soven, hereby certify that Philip Rosedale's Motion to Dismiss for Lack of Personal Jurisdiction has been filed electronically this 14th day of November, 2006, and is available for viewing and downloading from the federal court's Electronic Case Files system. A copy of the foregoing has also been served today by U.S. mail upon the following counsel:

>  Jason A. Archinaco, Esquire
>  White and Williams LLP
>  The Frick Building
>  437 Grant Street, Suite 1001
>  Pittsburgh, PA 15219

>  "s"/ Andrew J. Soven
>  Andrew J. Soven