# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC BRAGG, Esq., an individual, | CIVIL ACTION |
| Plaintiff, | Case No. 06-4925 |
| v. | |
| LINDEN RESEARCH, INC., a corporation, and PHILIP ROSEDALE, an individual, | |
| Defendants. | |

### AFFIDAVIT OF GINSU YOON, ESQUIRE

The undersigned, Ginsu Yoon, Esquire, confirms that the following facts contained within this Affidavit are true and correct according to his information and belief.

1. I am over eighteen (18) years of age, this Affidavit is made upon my own personal knowledge, and I am competent and authorized to make the statements contained herein.

2. I am currently employed at Linden Research, Inc. as General Counsel and I have held this position from July 18, 2005 through the present.

3. When any person becomes a member of Linden's Second Life online computer service, that person must agree to the Terms of Service ("TOS") contained on the Second Life website.

4. The applicable Terms of Service require that "any dispute or claim arising out of or in connection with" the Terms of Service must be arbitrated under the Rules of Arbitration of the International Chamber of Commerce. See Exhibit 1, pg. 8.

5.     On or about December 7, 2005, Plaintiff Marc Bragg became a member of Second Life.  At that time, the Terms of Service attached hereto as Exhibit 1 were in effect.

6.     During the relevant time period, Plaintiff would have been required to complete the Registration Page attached hereto as Exhibit 2 when he became a member of Second Life.  At the bottom of the Registration Page are the words "Terms of Service"  Immediately beneath that heading is a box and the phrase "I agree to the Terms of Service."  The box must be checked before an individual is allowed to become a member of Second Life.  If an individual wishes to review the Terms of Service, they can be accessed by clicking on the indicated link or on a second "terms of service" link found at the bottom of the screen.

7.     As the Registration Page reflects, Mr. Bragg would have clicked on the "I Agree" box when he completed to the Registration Page.

8.     When Plaintiff first attempted to login to Second Life, he would also have then seen a "First Login" screen identical to one attached hereto as Exhibit 3.   Once again, the First Login screen required Mr. Bragg to click on an "I Agree" box before proceeding into Second Life.

9.     Plaintiff would not have been able to join Second Life had he not accepted the Terms of Service.  Attached hereto as Exhibit 4 is a screen shot reflecting what the  website would have displayed during the relevant time period if Mr. Bragg had declined to accept the Terms of Service.

10. The Terms of Service attached hereto as Exhibit 1 were in effect during the entire time that Mr. Bragg was a member of Second Life.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Ginsu Yoon, Esquire

Dated: November 9, 2006

NOTARY:

I, the undersigned Notary, __JANE ZHANG__, hereby certify that the foregoing signature is the proper handwriting of __Ginsu Yoon__.

_____
Notary

JANE ZHANG
COMM. # 1443385
NOTARY PUBLIC-CALIFORNIA
SANTA CLARA COUNTY
COMM. EXP. OCT. 4, 2007

3