IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA

| | |
|---|---|
| MARC BRAGG, Esq., an individual, | CIVIL DIVISION |
| Plaintiff, | No. 06-cv-4925 |
| v. | **JUDGE EDUARDO ROBRENO** |
| LINDEN RESEARCH, INC., a corporation, and PHILIP ROSEDALE, an individual, | |
| Defendants. | |

## MOTION TO REMAND

AND NOW, comes Plaintiff, Marc Bragg, Esq., by and through counsel, Jason A. Archinaco, Esq., and the law firm of WHITE AND WILLIAMS, LLP, and files the following Motion to Remand, and avers as follows:

1. Plaintiff bought "virtual land" from Defendant Linden Research, Inc. (hereinafter "Linden").

2. Plaintiff paid approximately $8,000 for such virtual land.

3. Defendants have represented that if a consumer buys virtual land from Linden, that the consumer owns the land. See Verified Complaint, ¶¶ 32-34, 43-48, 54-55, 57-60, 116, 141-143, 239, attached hereto as Exhibit "3."

4. Philip Rosedale (hereinafter "Rosedale") has represented repeatedly that a consumer who purchases virtual land from Linden owns that land. *Id.*; See Affidavit of Plaintiff, ¶ 4, attached hereto as Exhibit "1."

5. Linden represents on its website that a consumer who purchases virtual land from it owns such land. See Exhibit "3," ¶¶ 32-36, 43-48, 54-55, 57-60, 116, 141-143, 239.

6. The representations of the Defendants are and were false. *Id.* at ¶¶ 125, 138, 147-148.

-2-

7. Defendants took approximately $8,000 from Plaintiff in their fraudulent scheme, including approximately $2,000 in U.S. Dollars held in trust by Defendant Linden in Plaintiff's account. Plaintiff is currently out of pocket approximately $4,000 to $5,000 as he was able to mitigate his monetary damages to some degree. See Exhibit "1," ¶¶ 5, 6.

8. On or about November 7, 2006, Defendants filed a Notice of Removal. No objective evidence of any sort was provided by Defendants to this Court with regard to the jurisdictional amount in controversy.

9. From the face of the Complaint, there is no evidence or suggestion as to the amount of damages suffered by Plaintiff.

10. Defendants have the burden to establish that removal is proper but have failed and/or refused to even attempt to meet their burden.

11. Defendants have in their possession documentary evidence as to the precise amount of money they took from Plaintiff, know the amount currently due Plaintiff is less than $8,000, but have not provided it to this Court nor even cited it with regard to their Notice of Removal. See Exhibit "1," ¶¶ 7-9.

12. Defendants' failure to produce any evidence to establish their burden or set forth an objectively reasonable basis for seeking removal, not only requires that the case be remanded, but also requires the imposition of costs and any actual expenses, including attorneys fees, incurred by Plaintiff as a result of Defendants' frivolous Notice of Removal pursuant to 28 U.S.C. § 1447(c).

13. Plaintiff believes that Defendants have simply filed their Notice of Removal without any objectively reasonable basis to do so in an effort to drive up Plaintiff's costs and cause him to abandon his claims. See Exhibit "1," ¶¶ 11-13.

14. Indeed, as first hand evidence of Defendants' intent, Defendants are seeking to move this case to San Francisco, CA, where Plaintiff would have to pay a $10,000 filing fee. See Exhibit "1," ¶¶ 11-13, See also International Court of Arbitration, Arbitration Costs Calculator, attached hereto as Exhibit "2."

WHEREFORE, Plaintiff prays this Honorable Court grant Plaintiff's Motion to Remand, and order the case remanded back to the Court of Common Pleas of Chester County Pennsylvania and issue an order imposing costs, expenses and attorneys fees upon Defendants.

Respectfully submitted,

Date: November 20, 2006                     WHITE AND WILLIAMS, LLP


By <u>CB 1429</u>
   Jason A. Archinaco, Esq.
   PA ID 76691
   Christopher Ballod, Esq.
   PA ID 89462
   The Frick Building, Suite 1001
   437 Grant Street
   Pittsburgh, PA 15219
   (412) 566-3520
   *Counsel for Plaintiff*

DOCS_PIT 35184v.1