Ia, et al.

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA**

MARC BRAGG, ESQ., an individual           CIVIL DIVISION

              Plaintiff           No. 06-cv-4925

        v                 **JUDGE EDUARDO ROBRENO**

LINDEN RESEARCH, INC., a corporation,
and PHILIP ROSEDALE, an individual,

           Defendants.

**DECLARATION OF MARC BRAGG, ESQ. IN SUPPORT OF REMAND**

I, MARC BRAGG, ESQ., pursuant to 28 U.S.C. §1746, declare as follows:

1. I am attorney duly admitted to practice in the Commonwealth of Pennsylvania and before this Court. I have practiced before this Court without incident.

2. I am the Plaintiff in the above-captioned matter, and I have personal knowledge of the facts to which I make this declaration.

3. I purchased "virtual land" from Defendant Linden Research (d/b/a Linden Labs) which I believed that I owned based on the representations of Linden Research and of Philip Rosedale and the emails Linden sent me confirming my purchases.

4. Defendant Rosedale has repeatedly stated that a consumer who buys virtual land from Defendant Linden, owns that land. Rosedale made such statements not only to the press and in interviews available to anyone on the internet but also in virtual "town hall" meetings on the secondlife.com website that were transmitted into and viewable on my computer screen in Pennsylvania. I believed Defendant

EXHIBIT

1

*DOCS_PIT 36654v.1*

Rosedale's numerous representations.  I also believed Defendant Linden's representations.

5. Defendants collectively were able to obtain approximately $8000 from me in out of pocket expenditures with regard to my multiple virtual land purchases. Defendant Linden made a number of erroneous billings to my credit card and I received some money back through my accounts, as such, the precise amount is difficult for me to calculate but I believe that the total out of pocket money I paid Defendants is now between $4,000 and $5,000.

6. As stated, I was able to somewhat mitigate the damage caused to me and I have recovered between $3,000 and $4,000 of the $8,000 taken from me by Defendants' fraudulent acts.  Defendants still wrongfully possess approximately $2000 of my U.S. currency, however, held by them in an account in my name.

7. Defendants have in their possession precise records as to the amount of money they took from me, yet they have not attached any of those records nor cited them in their Notice of Removal.

8. I believe that even a cursory review of those records would disclose that the amount in controversy in this case is nowhere near $75,000 and it is not objectively reasonable to believe that any amount would exceed $75,000.

9. Defendants are likely in a better position than me to calculate the amounts of money and the value of the land they took from me given the records that they should possess, but in all events it is far less than $75,000.

10. As of the filing date of the Complaint, my attorneys fees, costs and expenses would be nowhere near sufficient to cause this case to be one meeting the $75,000

-2-

amount in controversy jurisdictional requirement nor could there be any objectively reasonable basis for Defendants to assert that my damages, attorney fees, costs and expenses would approach $75,000.

11. I believe that the actions of the Defendants, including the Notice of Removal, when read in conjunction with other actions by the Defendants, including the attempt to transfer this case to arbitration in San Francisco, CA all at the same time are designed to cause me additional damages in an effort to have me drop my legitimate claims and forfeit the money wrongfully taken from me by the Defendants.

12. For example, I have reviewed the Rules of the International Chamber of Commerce generally. I have attached a true and correct copy of the costs associated with such an arbitration where even $1 is in controversy as Exhibit "2". Indeed, it appears that an advance of $10,000 would be required by me to attempt to recover the amounts already wrongfully taken from me through the Defendants' acts.

13. Defendants should not be permitted to cite to their own overly aggressive litigation tactics in an effort to "constructively" create Federal Court jurisdiction. To otherwise so permit, Defendants could always create Federal Court jurisdiction through their own wrongful and overly aggressive litigation tactics.

I, MARC BRAGG, ESQ., declare under penalty of perjury that the foregoing is true and correct. Executed on November 20, 2006.

MARC S. BRAGG