146.    The misrepresentations made by Defendants were material to the transactions at issue and constitute unfair methods of competition and unfair or deceptive acts or practices in violation of 73 P.S. § 201-1, et. seq. and more specifically 73 P.S. § 201-2.

147.    At all times relevant hereto, it was the intent of Defendants to deceive, defraud and induce reliance upon the material misrepresentations. Indeed, the primary purpose of the false statements was to increase the participant base for Second Life under the false pretense that participants in Second Life would acquire rights, title and interests to virtual land, property and items and retain their intellectual property rights, unlike other MMORPG that claim that the participants surrender or fail to possess such rights.

148.    Defendants' statements to the media purporting to give exclusive ownership rights to Plaintiff and other Second Life participants are evidence of their intent to deceive, defraud and/or induce reliance by the Plaintiff to purchase the land and otherwise invest valuable time and consideration in Second Life.

149.    Plaintiff justifiably relied upon the material misrepresentations made by Defendants and purchased the virtual land in question, using U.S. currency, under the belief that title was transferred to him by Defendants and that he would retain all his intellectual property rights.

150.    Had Plaintiff known that the Defendants were making completely false assertions of ownership rights and retention of intellectual property rights and simply a ruse to generate a larger participant base, he would never have purchased the virtual land, property or items or otherwise invested his real world time or U.S. currency in Second Life or with Defendants.

Dockets.Justia.com

151.    Indeed, Defendants knew that no one would invest their time or money with them or in Second Life without the misrepresentations of ownership and retention of intellectual property rights, which is the precise reason they made such false representations.

152.    Further, had Plaintiff known that Defendants would, at their whim, repossess and subsequently resell the land in question and keep all the proceeds for themselves to enrich themselves, Plaintiff would never have purchased the land for real world U.S. currency.

153.    Had Plaintiff known that Defendants would, at their whim, simply take his real world U.S. currency and keep it for themselves, he would never have entrusted his real world U.S. currency with Defendants and placed such money in any account with Defendants.

154.    Defendants acts cause them to be liable pursuant to 73 P.S. § 201-9.2 and Plaintiff is entitled to actual damages or one hundred dollars ($100), whichever is greater, and may be provided such other relief as is deemed necessary and proper, including treble damages and attorneys fees.

155.    As a result of the fraudulent and deceptive conduct engaged in by the Defendants, Plaintiff sustained real world damages and was harmed in an amount to be determined at trial.

156.    Further, injunctive relief and/or specific performance should be ordered against Defendants as the virtual property owned by Plaintiff was and remains unique and no adequate remedy at law exists with regard to depriving Plaintiff of the use and benefit of his virtual land.

157.    Additionally, Defendants have admitted that they have sold title to the virtual land to third parties / participants.  As such, Defendants should be enjoined from preventing Plaintiff and/or any other customers from accessing virtual land that is not owned by Defendants that has, instead been sold by Defendants.

-32-

158.    The Court should further declare that, having sold the virtual land, Defendants no longer have any ownership interest in such land or in those portions of the Second Life world that Defendants sold to third parties, including Plaintiff, other than the express responsibility of Defendants to maintain and/or not take such other acts to preclude or prevent participants from enjoying and utilizing their own virtual land.

159.    The Court should also declare that Defendants have no rights to interfere with access to the virtual land owned by Plaintiff and, as such, should require access to such land and, to the extent that Defendants claim otherwise, create an easement to permit such access.

WHEREFORE, Plaintiff Marc Bragg prays this Honorable Court enter judgment for Plaintiff and against Defendants Linden Research, Inc. and Philip Rosedale, for actual, treble and punitive damages, for Defendants' violation in an amount that the Court determines is proper and just, including attorney's fees and costs.  Further, Plaintiff requests that the Court issue such additional relief as it deems necessary or proper, including injunctive and declaratory relief that Plaintiff is the rightful owner of the virtual land, property and items that were in his account and has all rights to exploit, transfer and/or otherwise use his intellectual property rights as set forth herein and above.

### JURY TRIAL DEMANDED

### COUNT II: VIOLATION OF THE CALIFORNIA UNFAIR AND DECEPTIVE PRACTICES ACT (Cal. Bus. & Prof. Code § 17200)

160.    Plaintiff hereby incorporates by reference Paragraphs 1 through 159 as more fully set forth above.

161.    Defendants knowingly and actively misrepresented to Plaintiff and public as a whole that all right, title and interest to the virtual land and all associated ownership rights would pass to buyers and that Plaintiff would retain his intellectual property rights.

-33-

162.    These misrepresentations were material to the transaction as it involved the development of real estate in Second Life in which Defendants represented that all right, title and ownership rights were to be conferred to buyers and that all intellectual property rights were retained by the participants and/or otherwise preserved.

163.    At all times relevant hereto, it was the intent of Defendants to deceive, defraud and induce reliance of both Plaintiff and public as a whole upon the material misrepresentations.

164.    Such misrepresentations are violations of Cal Civ. Code § 1711 that provides: "One who practices a deceit with intent to defraud the public, or a particular class of persons, is deemed to have intended to defraud every individual in that class, who is actually misled by the deceit."

165.    Plaintiff justifiably relied upon the material misrepresentations made by Defendants and purchased the virtual land in question under the belief that title was transferred to him by Defendants.

166.    Further, Plaintiff justifiably relied upon the material misrepresentations with regard to the preservation and retention of his intellectual property rights.

167.    Had Plaintiff known that Defendants misrepresented ownership rights in order to induce Plaintiff to purchase virtual land, Plaintiff would have never purchased the virtual land and/or otherwise invested his U.S. currency and/or time in Second Life and with Defendants.

168.    Moreover, had Plaintiff known that Defendants, after their misrepresentations, would repossess and subsequently resell the virtual land and interfere and/or destroy his intellectual property rights, Plaintiff would never have purchased the virtual land in the first place nor provided his U.S. currency to Defendants.

-34-

169.    The misrepresentations of Defendants as set forth above violated Cal. Civil Code § 1750, and 1770 (a) (7), (9), (16) and (19).

170.    As a result of the fraudulent and deceptive conduct engaged in by the Defendants, Plaintiff sustained damages and was harmed in an amount to be determined at trial.

WHEREFORE, Plaintiff Marc Bragg prays this Honorable Court enter judgment for Plaintiff and against Defendants Linden Research, Inc. and Philip Rosedale, for actual, treble and punitive damages, for Defendants' violation in an amount that the Court determines is proper and just, including attorney's fees and costs.

### JURY TRIAL DEMANDED

### COUNT III: VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT, Ca. Civ. Code § 1750, et. seq.

171.    Plaintiff hereby incorporates by reference Paragraphs 1 through 170, as more fully set forth above.

172.    As set forth above and herein, the acts, statements and material omissions of Defendants constitute violations of the California Consumer Legal Remedies Act, codified at Ca. Civ. Code § 1750, et. seq.

173.    Plaintiff repeatedly placed Defendants upon notice of their violations of his rights that were, in fact, violations of Ca. Civ. Code § 1750, et. seq., including Cal. Civil Code § 1770 (a) (7), (9), (16) and (19).

174.    Plaintiff repeatedly demanded that Defendants correct their violation of Cal. Civil Code § 1770 (a) (7), (9), (16) and (19).

175.    Defendants refused to provide any remedy or correction of their violations.

176.    Accordingly, as a result of Defendants violation of such statute, Plaintiff is entitled to:

a.    Actual damages;

b.    An order enjoining such methods, acts, or practices;

c.    Restitution of property;

d.    Punitive damages; and

e.    Any other relief that the court deems proper.

177.    Plaintiff is further entitled to court costs and attorneys fees due to Defendants' violation of such statute.

WHEREFORE, Plaintiff Marc Bragg prays this Honorable Court enter judgment for Plaintiff and against Defendants Linden Research, Inc. and Philip Rosedale, for actual and punitive damages, for Defendants' violation in an amount that the Court determines is proper and just, including attorney's fees and costs.  Further, Plaintiff requests that the Court issue such additional relief as it deems necessary or proper, including injunctive and declaratory relief that Plaintiff is the rightful owner of the virtual land, property and items that were in his account and has all rights to exploit, transfer and/or otherwise use his intellectual property rights.

## **JURY TRIAL DEMANDED**

## **COUNT IV: FRAUD AND/OR FRAUD IN THE INDUCEMENT**

178.    Plaintiff hereby incorporates by reference Paragraphs 1 through 177, as more fully set forth above.

179.    As set forth above and herein, Defendants made:

a.    False representations;

b.    Material to the transaction at hand;

c.    Made falsely and with knowledge of their falsity and/or recklessness as to whether the statements were true and/or false;

      d.     With the intent of misleading Plaintiff into relying upon the

misrepresentations;

      e.     That Plaintiff justifiably relied upon; and

      f.     That caused and/or proximately caused Plaintiff damages and/or injuries.

180.    As a result of the fraudulent and deceptive conduct engaged in by the Defendants, Plaintiff sustained damages and was harmed in an amount to be determined at trial.

181.    Plaintiff should be awarded punitive damages because of the egregiousness of the false statements made by Defendants designed to unjustly enrich Defendants at the expense of Plaintiff and others and to reap unjustifiable profits for the Defendants.

WHEREFORE, Plaintiff Marc Bragg prays this Honorable Court enter judgment for Plaintiff and against Defendants Linden Research, Inc. and Philip Rosedale, for actual and punitive damages, for Defendants' fraud / fraud in the inducement in an amount that the Court determines is proper and just, including attorney's fees and costs.

**JURY TRIAL DEMANDED**

**COUNT V: VIOLATION OF CALIFORNIA CIVIL CODE § 1812.600, et. seq.**

182.    Plaintiff hereby incorporates by reference Paragraphs 1 through 181, as more fully set forth above.

183.    California Civil Code §1812.600, et. seq., governs auction transactions in or originating from the State of California.

184.    The sale of the virtual land, as set forth more fully at length herein and above, occurred via and qualifies as an auction pursuant to Cal. Civ. Code §1812.601(b).

185.    Defendant, Linden, is an "auction company" as that term is defined in Cal. Civ Code §1812.601(c).

186.    Further, Defendant, Linden, is an auctioneer as that term is defined in Cal. Civ. Code. §1812.601(d).

187.    The virtual property sold by Defendant, Linden, qualifies as a good under Cal. Civ. Code §1812.601(g).

188.    Cal. Civ. Code §1812.600, et. seq., cannot be waived and any attempts waive such code sections are contrary to public policy, void and unenforceable pursuant to Cal. Civ. Code §1812.609.

189.    Upon information and belief, Plaintiff alleges that Defendants have not provided a bond to the California Secretary of State, did not post or distribute the terms, conditions, restrictions, and procedures for the goods sold at their auctions, and upon re-auctioning Plaintiff's land as described below, did not provide Plaintiff with either the information required to be provided and associated with those subsequent auction transactions, or the proceeds thereof, all in violation of various provisions of the above statute including Cal. Civ. Code §§ 1812.600(a)-(c), 1812.607(a), (c), (g), (i), (j), (k), (l), and (m); 1812.608(a), (c), (d), (f), (g), (i), (j) and (k).

190.    Defendant, Linden, also violated Cal. Civ. Code § 1812.605 (c) and 1812.608 (c), (j), (g), (i) and (j) by failing to truthfully represent the goods to be auctioned, and indeed, lying about the goods that were being auctioned, their value and/or condition as more fully set forth at length herein and above.

191.    Defendant Rosedale aided and abetted Defendant Linden in violating Cal. Civ. Code § 1812.600 et seq. by making numerous false statements in the media and to the press and, accordingly, is liable pursuant to Civ. Code § 1812.608 (b), (c), (i) and has, accordingly, committed a misdemeanor and is punishable pursuant to § 1812.604.

-38-

192.    By violating Cal. Civ. Code § 1812.600, et. seq., and pursuant to § 1812.604, Defendant Linden is guilty of a misdemeanor.

193.    Pursuant to Cal. Civ. Code § 1812.600 (l), Plaintiff is entitled to recover a civil penalty of $1000 for Defendants violation of the statute, an action for enforcement of those duties, and/or recovery and such penalties should be cumulative for every infraction.

194.    Pursuant to Cal. Civ. Code § 1812.600 (m), Plaintiff is entitled to a reasonable attorney fee and costs, in addition to the civil penalties provided for in Cal. Civ. Code § 1812.600 (l).

WHEREFORE, Plaintiff Marc Bragg prays this Honorable Court enter judgment for Plaintiff and against Defendants Linden Research, Inc. and Philip Rosedale, for damages and penalties pursuant to Cal. Civ. Code § 1812.600, et seq., in addition to attorneys fees and costs.

**JURY TRIAL DEMANDED**

**COUNT VI: CONVERSION**

195.    Plaintiff hereby incorporates by reference Paragraphs 1 through 194, as more fully set forth above.

196.    Plaintiff held all title, interest and possessory rights to the virtual land, items and intellectual property herein described that was acquired from Defendants and/or third parties and/or created by Plaintiff and paid for using U.S. Currency.

197.    Plaintiff equally held all title, interest and possessory rights in his U.S. Currency that was held on deposit by Defendants.

198.    The virtual property and U.S. currency described above and herein are interests capable of precise definition, exclusive possession or control and, Plaintiff had a legitimate claim to exclusivity of such virtual property and U.S. currency.  As set forth above and herein, these

-39-

rights were secured to Plaintiff through various statements made by Defendants to and in the media, in addition to Plaintiff's exclusive possessory rights to the virtual property, items, intellectual property and U.S. Currency by and through his payment of U.S. Currency for such items.

199.    Defendants intentionally, without Plaintiff's consent and without lawful justification, interfered with and destroyed Plaintiffs right of property in, or use or possession of the goods and/or chattel as more fully set forth above and herein.

200.    The interference with and disposition of Plaintiff's rights were wrongful and caused Plaintiff damages.

201.    Defendants did not refund or otherwise return the consideration paid for the property. Moreover, Defendants, re-auctioned Plaintiff's virtual property and retained all the benefit of such auctions of their own good and unjust enrichment.

202.    Plaintiff is entitled to money damages amounting to the full value of the chattel which has been wrongfully converted by the Defendants.

WHEREFORE, Plaintiff Marc Bragg prays this Honorable Court enter judgment for Plaintiff and against Defendants Linden Research, Inc. and Philip Rosedale, for actual damages, for Defendants' conversion in an amount that the Court determines is proper and just including costs.

### JURY TRIAL DEMANDED

### COUNT VII: INTENTIONAL INTERFERENCE WITH A CONTRACTUAL RELATIONS / PROSPECTIVE ECONOMIC ADVANTAGE

203.    Plaintiff hereby incorporates by reference Paragraphs 1 through 202, as more fully set forth above.

DOCS_PIT 35184v.1

204.    Plaintiff possessed all intellectual property rights in the virtual items he created in Second Life and had the exclusive rights to exploit such copyrights and/or intellectual property rights.

205.    Plaintiff also possessed all rights in the virtual property he bought in Second Life from Defendants and/or third parties.

206.    Plaintiff had previously and, at the time that Defendants stole his property, entered into contracts with third parties for the sale of virtual property and/or the virtual items he had created in Second Life.  Further, Plaintiff had the right and/or ability to sell the virtual items he had obtained from third parties to others.

207.    Prospective contractual relations existed between Plaintiff and third parties for the sale of his virtual property and/or items, including the intellectual property he had created and/or the transfer of such rights to a third party.

208.    Defendants had knowledge of Plaintiff's rights and/or virtual land and items he possessed and of Plaintiff's past sale of such virtual items and of such prospective sales of such items and land.

209.    Defendants intentionally, without any privilege and/or justification, interfered with Plaintiff's rights to such prospective contractual relations / economic advantage.

210.    Plaintiff has been caused damages by such acts by the Defendants.

WHEREFORE, Plaintiff Marc Bragg prays this Honorable Court enter judgment for Plaintiff and against Defendants Linden Research, Inc. and Philip Rosedale, for actual damages, for Defendants' interference in an amount that the Court determines is proper and just including costs.

**JURY TRIAL DEMANDED**

## COUNT VIII: BREACH OF CONTRACT

211.    Plaintiff hereby incorporates by reference Paragraphs 1 through 210, as more fully set forth above.

212.    Each of the virtual land transactions described herein and above by and between Plaintiff and Defendants was a valid and enforceable contract.

213.    Plaintiff paid valuable consideration for the virtual land bought from Defendants via auction.

214.    Defendants agreed to provide all right, title and interest to the virtual land as described above and herein.

215.    Contrary to such agreement, Defendants did not provide such right, title and interest to the virtual land and, as such, violated the contract between the parties.

216.    The agreements were written as they were executed through Defendants auction system.  Attached hereto collectively as Exhibit "3," are examples of the e-mail confirmations sent confirming such transactions that occurred through Defendants' auction system.

217.    Pursuant to Pa.R.C.P. 1019(i), although the claims of Plaintiff are based upon the written agreement of the parties, the writings are not all accessible to Plaintiff as Plaintiff did not retain each of the e-mail confirming the auction results.  Further, the auction contract / results, which contained the actual confirmation of the contract in writing, are no longer contained on Defendants' website and/or no longer accessible by Plaintiff.

218.    Instead, Defendants intentionally took acts to deprive Plaintiff of the benefit of the contract and/or frustrated his rights to receive the benefits of the agreement actually made.

219.    Plaintiff has been harmed and damaged by Defendants breach of contract.

-42-

220.    Each of the pieces of virtual land purchased by Plaintiff from Defendants was unique.

221.    There is no adequate remedy at law provided with regard to the purchase of the virtual land.  As such, Plaintiff is entitled to equitable relief to protect his rights pursuant to the contract.

222.    Accordingly, Defendants should be ordered to convey the virtual land back to Plaintiff and should be enjoined or otherwise prevented from precluding Plaintiff from accessing and enjoying his virtual land.

223.    Defendants should also be ordered to provide access to Plaintiff such that he can exploit, enjoy and/or otherwise use his land without interruption and interference from Defendants.

WHEREFORE, Plaintiff Marc Bragg prays this Honorable Court enter judgment for Plaintiff and against Defendants Linden Research, Inc. and Philip Rosedale, for actual damages, for Defendants' breach of contract in an amount that the Court determines is proper and just including costs and equitable relief.

**JURY TRIAL DEMANDED**

**COUNT IX: UNJUST ENRICHMENT**

224.    Plaintiff hereby incorporates by reference Paragraphs 1 through 223, as more fully set forth above.

225.    Defendants not only took Plaintiff's virtual property from him, but also resold it to the highest bidder.

226.    The re-sale of the property was not governed by any written contract.

DOCS_PIT 35184v.1

227. Defendant's sold the virtual property at auction to the highest bidder to unjustly enrich themselves at the expense of Plaintiff.

228. At no time did Defendants remit the money they obtained in the re-auction to Plaintiff.

229. Accordingly, Defendants are obligated to provide restitution to Plaintiff.

WHEREFORE, Plaintiff Marc Bragg prays this Honorable Court enter judgment for Plaintiff and against Defendants Linden Research, Inc. and Philip Rosedale, for actual damages in the form of restitution, for Defendants' unjust enrichment in an amount that the Court determines is proper and just including costs.

### JURY TRIAL DEMANDED

### COUNT X: TORTIOUS BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING (CALIFORNIA LAW)

230. Plaintiff hereby incorporates by reference Paragraphs 1 through 229, as more fully set forth above.

231. There is, implied in every contract, a covenant of good faith and fair dealing.

232. In the contracts whereby Defendants sold virtual land to Plaintiff, there was impliedly covenanted that Defendants would, in good faith and in the exercise of fair dealing, deal with Plaintiff fairly and honestly and do nothing to impair, interfere with, hinder or potentially injure Plaintiff's rights.

233. Plaintiff asserts this cause of action seeking contract damages for tortious breach of the implied covenant of good faith and fair dealing. Plaintiff alleges this cause of action for breach of the implied covenant of good faith and fair dealing as to that conduct of the Defendants which is determined not to be a breach of an express contractual provision but which nonetheless

-44-

is contrary to the contract's purpose and Plaintiff's legitimate expectations and thereby violates the implied covenant.

234.    As more fully set forth herein and above, Defendants breached the covenant, including but not limited to:

a.    Any and all of the Defendants' conduct as alleged above to the extent that such conduct is determined not to be a breach of any express consensual term of any contract;

b.    Asserting an interpretation of the virtual property contracts which is contrary to the express terms of such contracts alleged above and herein and pursuant to such interpretation, the Defendants have claimed that they are no longer required to fulfill its express promises and obligations and, indeed, have frustrated the very purpose of the contracts by involuntarily taking back such virtual property for their own unjust enrichment and defeating the very purpose of the contract selling such land in the first place;

c.    Evading the spirit of the bargain which Plaintiff made with the Defendants when they sold the virtual land to Plaintiff;

d.    Failing to deal with Plaintiff fairly and honestly and continually taking repeated action to impair, interfere with, hinder and injure Plaintiff's rights, such conduct being more fully set forth at length herein and above; and,

e.    Engaging in a pattern and practice of dishonesty as more fully set forth at length herein and above.

235.    Plaintiff performed under the contract as required by paying his U.S. currency for such virtual property.

236.    As a proximate result of the Defendants' acts as alleged herein, Plaintiff has been damaged in an amount according to proof at trial.

-45-

237.    Plaintiff should be awarded punitive damages for the conduct of Defendants.  The Defendants have specifically misrepresented the transfer of all right, title and interest to Plaintiff and the world at large in their overall scheme to defraud consumers into becoming participants of Second Life and so that Defendants can maximize their own profits.

238.    In September, 2005, Defendant Rosedale disclosed Defendants intent by announcing the policy that all membership to Second Life would become "free."  The "business" reason for making the membership "free" was set forth by Rosedale in an interview with CNET News on or about September 8, 2005, wherein he stated: "We're going to make more because some of the people who wouldn't have otherwise signed up are going to buy land . . . ."

239.    The virtual land ownership lie was and remains a cornerstone of Defendants' crooked business model.

WHEREFORE, Plaintiff Marc Bragg prays this Honorable Court enter judgment for Plaintiff and against Defendants Linden Research, Inc. and Philip Rosedale, for actual and punitive damages, for Defendants' breach in an amount that the Court determines is proper and just including costs.

**JURY TRIAL DEMANDED**

WHITE AND WILLIAMS, LLP

By _____

Jason A. Archinaco, Esq.

Date:  _10-3-06_____

## <u>VERIFICATION OF COMPLAINT</u>

I, Marc Bragg, Esq. verify that the facts set forth in the foregoing *Plaintiff's Complaint in Civil Action* are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsifications to authorities.

_____
Marc Bragg, Esq.


Dated: __10/3/06_____

Second Life | Your Account: Marc Woebegone: Land                                    Page 1 of 4

**COMMUNITY**
Forums
Events
Volunteer
Education
**CONNECTIONS**
Media
Blogs
Resident Sites
Newsletter
Mailing Lists
**COMMERCE**
Classifieds
Land Information
  - Land Auctions
  - Land Store
Lindex Currency Exchange
  - ...
  - Send US
  - ...
  - All Auction History
**MY SECOND LIFE**
  - Account
Friends Online
Feature Voting
Referral Program
  - ...
**SUPPORT**
Downloads
Police Blotter
Troubleshooting

# Your Account: Marc Woebegone: Land

## Land

### Owned Parcels

| Name | Location | Size |
|------|----------|------|
| Maekju 001 (128,128) 2048 m2 Beatiiul penninusla rent or sale. | Maekju (160,112) | 4096 |
| Hodu 001 (128,128) 1024 m2 Mature Roadside One Sim to Ocean | Hodu (176,144) | 1024 |
| Hodu 001 (128,128) 512 m2 for development of any kind. | Hodu (80,248) | 512 |
| Cupideo Slingo. Where Luck Meets the Ocean and U Win! Danpoon | Danpoon (94,62) | 528 |
| Hodu 001 (128,128) 512 m2 for development of any kind. | Hodu (108,232) | 512 |
| Ho Su 001 (128,128) Mature 1024m2 Ocean Views and Hill Tops. | Ho Su (208,48) | 1024 |
| Maekju 001 (128,128) 1024 m2 Beatiiul penninusla rent or sale. | Maekju (208,208) | 1024 |
| Ho Su 001 (128,128) Mature 4096m2 Ocean Views and Hill Tops. | Ho Su (128,48) | 4096 |
| Maekju 001 (128,128) 4096 m2 Beautiful coast penninsusa prop. | Maekju (64,64) | 4096 |
| Atlas 001 (82,48) 1904 m2 | Atlas (106,72) | 1904 |
| Juree Mature 512 m2. Very buildable | Juree (176,152) | 512 |
| Ho Su 001 (128,128) Mature 1024m2 Ocean Views and Hill Tops. | Ho Su (16,240) | 1024 |
| Hodu 001 (128,128) 512 m2 | Hodu (16,136) | 512 |
| Hodu 001 (128,128) 512 m2 | Hodu (16,120) | 512 |
| Hodu 001 (128,128) 1152 m2 Mature Roadside One Sim to Ocean | Hodu (174,16) | 1152 |
| Hodu 001 (128,128) 1328 m2 Mature roadside | Hodu (170,208) | 1328 |
| Chamnamoo 001 (128,128) 1,024 m2 Mature | Chamnamoo (16,208) | 1024 |
| Hodu 001 (128,128) 528 m2 for development of any kind. | Hodu (80,234) | 528 |
| Hodu 001 (128,128) 256 m2 | Hodu (8,248) | 256 |
| Ho Su 001 (128,128) Mature 1024m2 Ocean Views and Hill Tops. | Ho Su (16,144) | 1024 |
| Maekju 001 (128,128) 4096 m2 Beatiiul penninusla rent or sale. | Maekju (240,16) | 1024 |



EXHIBIT

1

| | | |
|---|---|---|
| Maekju 001 (128,128) 1024 m2 Beatiiul penninusla rent or sale. | Maekju (208,240) | 1024 |
| Hodu 001 (128,128) 512 m2 | Hodu (16,40) | 512 |
| Cristat (14,94) - 800 m2 | Cristat (14,114) | 800 |
| Maekju 001 (128,128) 1024 m2 Beautiful coast penninsusa prop. | Maekju (16,176) | 1024 |
| Jarang 512 m2 Mature Flat Land | Jarang (40,112) | 512 |
| Maekju 001 (128,128) 1024 m2 Beatiiul penninusla rent or sale. | Maekju (144,208) | 1024 |
| Cupideo Casino, Video n Dance Club - Areumdeuli | Areumdeuli (112,248) | 496 |
| Chamnamoo 001 (128,128) 1024 m2 Mature | Chamnamoo (240,112) | 1024 |
| Ribeata (158,228) - 896 m2 | Ribeata (138,238) | 112 |
| Hodu 001 (128,128) 27152 m2 for development of any kind. | Hodu (82,216) | 1584 |
| Hodu 001 (128,128) 256 m2 | Hodu (8,216) | 256 |
| Hodu 001 (128,128) 1024 m2 Top of the hill. Commanding view. | Hodu (208,48) | 1024 |
| Hodu 001 (128,128) 1152 m2 Mature Roadside One Sim to Ocean | Hodu (174,176) | 1152 |
| Maekju 001 (128,128) 1024 m2 Beautiful coast penninsusa prop. | Maekju (16,80) | 1024 |
| Hodu 001 (128,128) 512 m2 | Hodu (16,56) | 512 |
| Hodu 001 (128,128) 256 m2 | Hodu (24,200) | 256 |
| Chamnamoo 001 (128,128) 1024 m2 Mature | Chamnamoo (240,80) | 1024 |
| Hodu 001 (128,128) 512 m2 | Hodu (16,88) | 512 |
| Bembecia Mature Flat Land 640m2 Road side | Bembecia (124,114) | 640 |
| Danpoon Mature 3536 m2 Ocean View Property | Danpoon (142,214) | 2512 |
| Hodu 001 (128,128) 256 m2 | Hodu (24,248) | 256 |
| Hodu 001 (128,128) 512 m2 for development of any kind. | Hodu (76,232) | 512 |
| Cupideo Video n Rave Dance Club in Danpoon | Danpoon (178,190) | 560 |
| Chamnamoo 001 (128,128) 1024 m2 Mature | Chamnamoo (208,16) | 1024 |
| Ho Su 001 (128,128) Mature 1024m2 Ocean Views and Hill Tops. | Ho Su (16,176) | 1024 |
| Chamnamoo 001 (128,128) 1056 m2 Mature | Chamnamoo (234,214) | 1056 |
| Ho Su 001 (128,128) Mature 65536m | Ho Su (240,16) | 1024 |
| Maekju 001 (128,128) 4096 m2 Beatiiul penninusla rent or sale. | Maekju (160,16) | 4096 |
| Maekju 001 (128,128) 4096 m2 Beautiful coast penninsusa prop. | Maekju (64,128) | 4096 |
| Chamnamoo 001 (128,128) 1024 m2 Mature | Chamnamoo (240,48) | 1024 |
| Maekju 001 (128,128) 4096 m2 Beatiiul penninusla rent or sale. | Maekju (160,80) | 4096 |
| Hodu 001 (128,128) 27152 m2 for | Hodu (60,200) | 896 |

Second Life | Your Account: Marc Woebegone: Land                    Page 3 of 4

| development of any kind. | | |
| --- | --- | --- |
| Jarang 512 m2 Mature Flat Land | Jarang (80,168) | 512 |
| Songi - Mature Perfect Ocean View Property - Neg on sz n $ | Sonagi (14,186) | 336 |
| Maekju 001 (128,128) 32768 m2 Beatiiul penninusla rent or sale. | Maekju (176,208) | 1024 |
| Maekju 001 (128,128) 4096 m2 Beatiiul penninusla rent or sale. | Maekju (240,80) | 1024 |
| Cupideo Casino Vid n Dance Club in Saeneul | Saeneul (144,216) | 512 |
| Maekju 001 (128,128) 8192 m2 Beatiiul penninusla rent or sale. | Maekju (192,160) | 8192 |
| Chamnamoo 001 (128,128) 4512 m2 Mature | Chamnamoo (204,144) | 4528 |
| Hodu 001 (128,128) 512 m2 | Hodu (16,168) | 512 |
| Ho Su 001 (128,128) Mature 1024m2 Ocean Views and Hill Tops. | Ho Su (16,208) | 1024 |
| Danpoon Mature Ocean Front Property 2,048 | Danpoon (228,134) | 2048 |
| Maekju 001 (128,128) 4096 m2 Beatiiul penninusla rent or sale. | Maekju (160,48) | 4096 |
| Maekju 001 (128,128) 1024 m2 Beautiful coast penninsusa prop. | Maekju (80,240) | 1024 |
| Maekju 001 (128,128) 1024 m2 Beatiiul penninusla rent or sale. | Maekju (240,240) | 1024 |
| Hodu 001 (128,128) 512 m2 for development of any kind. | Hodu (48,248) | 512 |
| Chamnamoo Prime Mature Flat Roadside Land 1,024) 1024m2 | Chamnamoo (106,118) | 3696 |
| Noonkkot First Land | Noonkkot (248,240) | 512 |
| Cupideo Art Walk in Danpoon at The Breakers 6048 m2 | Danpoon (58,94) | 8928 |
| Atlas 001 (82,48) 9904 m2 | Atlas (134,54) | 16 |
| Cupideo Casino. SLingo, Condos, Casino and Dance in Danpoon | Danpoon (116,128) | 24704 |
| Hodu 001 (128,128) 4096 m2 Top of the hill. Commanding view. | Hodu (224,96) | 4096 |
| Wooson 1024m2 Mature Land near water | Wooson (250,200) | 192 |
| Maekju 001 (128,128) 2048 m2 Beautiful coast penninsusa prop. | Maekju (80,192) | 2048 |
| Hodu 001 (128,128) 4096 m2 Top of the hill. Commanding view | Hodu (224,224) | 4096 |
| Cupideo Video n Dance Club in Danpoon | Danpoon (184,222) | 896 |
| Wooson 1024m2 Mature Land near water | Wooson (240,208) | 832 |
| Hodu 001 (128,128) 256 m2 | Hodu (24,232) | 256 |
| Chamnamoo 001 (128,128) 59232 m2 | Chamnamoo (16,240) | 1024 |
| Hodu 001 (128,128) 61008 m2 | Hodu (154,186) | 48 |
| Linden Land | Agamok (194,162) | 16 |
| Maekju 001 (128,128) 4096 m2 Beatiiul penninusla rent or sale. | Maekju (240,48) | 1024 |
| Hodu 001 (128,128) 1024 m2 Mature | Hodu (176,112) | 1024 |

Second Life | Your Account: Marc Woebegone: Land                    Page 4 of 4

Roadside One Sim to Ocean

| | | |
|---|---|---|
| Chamnamoo 001 (128,128) 1024 m2 Mature | Chamnamoo (240,16) | 1024 |
| Maekju 001 (128,128) 4096 m2 Beatiiul penninusla rent or sale. | Maekju (112,192) | 4096 |
| Danpoon Mature 1024 m2 Ocean View Property | Danpoon (142,246) | 1024 |
| Hodu 001 (128,128) 256 m2 | Hodu (8,200) | 256 |
| Hodu 001 (128,128) 448 m2 for development of any kind. | Hodu (110,248) | 448 |
| Hodu 001 (128,128) 1024 m2 Top of the hill. Commanding view. | Hodu (208,16) | 1024 |
| Hodu 001 (128,128) 512 m2 | Hodu (16,104) | 512 |
| Cupideo Casino at The Breakers in Danpoon | Danpoon (228,182) | 3776 |
| Hodu 001 (128,128) 1024 m2 Top of the hill. Commanding view. | Hodu (240,48) | 1024 |
| Cupideo Casino, Vid n Dance Club - Dotoorak | Dotoorak (216,48) | 432 |
| Cristat (148,124) - 544 m2 | Cristat (160,136) | 160 |
| Maekju 001 (128,128) 1024 m2 Beautiful coast penninsusa prop. | Maekju (48,176) | 1024 |
| Hodu 001 (128,128) 512 m2 | Hodu (16,152) | 512 |
| Hodu 001 (128,128) 512 m2 | Hodu (16,72) | 512 |
| Chamnamoo 001 (128,128) 3136 Roadside Mature | Chamnamoo (128,102) | 3136 |
| Maekju 001 (128,128) 2048 m2 Beatiiul penninusla rent or sale. | Maekju (240,112) | 1024 |
| Maekju 001 (128,128) 2048 m2 Beautiful coast penninsusa prop. | Maekju (16,32) | 2048 |
| Hodu 001 (128,128) 1024 m2 Top of the hill. Commanding view. | Hodu (240,16) | 1024 |
| Hodu 001 (128,128) 1504 m2 mature roadside near ocean sim | Hodu (168,240) | 1504 |
| Maekju 001 (128,128) 2048 m2 Beautiful coast penninsusa prop. | Maekju (16,128) | 2048 |

downloads | system requirements | privacy | community standards | terms of service | dmca | grid status | jobs

Second Life | Your Account: Marc Woebegone: Land                    Page 1 of 1

WHAT IS SECOND LIFE?   SHOWCASE   BUSINESS PARTNERS   DEVELOPERS   COMMUNITY   SUPPORT

**COMMUNITY**
Forums
Events
Volunteer
Education
**CONNECTIONS**
Media
Blogs
Resident Sites
Newsletter
Mailing Lists
**COMMERCE**
Classifieds
Land Information
  • Land Auctions
  • Land Store
Lindex Currency Exchange
  • Buy L$
  • Sell L$
  • Lindex Market Data
  • Transaction History
Economic Statistics [NEW!]
**MY SECOND LIFE**
My Account
Residents Online
Feature Voting
Refer-A-Friend
Partners
**SUPPORT**
Downloads
Police Blotter
Troubleshooting

# Your Account: Marc Woebegone: Land

## Land

You do not own any parcels.

https://secondlife.com/account/land.php                    5/15/2006





EXHIBIT
2

## Main Identity

**From:**    &lt;land@secondlife.com&gt;
**To:**    &lt;msb@lawy-ers.com&gt;
**Sent:**    Saturday, February 25, 2006 4:00 PM
**Subject:**    Second Life Auction: Item Won! Cristat (14,94) - 1792 m2

Congratulations Marc Woebegone!

You have agreed to purchase the following item from Second Life:

Auction ID: 0026198057
Item: Cristat (14,94) - 1792 m2
Winning Bid: L$9,010

Please go to the below link and pay for your auction:
http://secondlife.com/auctions/detail.php?id=0026198057

You will need to go in-world and claim the land within seven days. If you encounter a problem, email land@secondlife.com.

Please note: be sure to have enough land tier available before claiming your land, or you will be prompted to tier-up.

Linden Lab and the Second Life Team
http://www.secondlife.com

**EXHIBIT**
**3**

6/9/2006

**Main Identity**

| | |
|---|---|
| **From:** | <land@secondlife.com> |
| **To:** | <msb@lawy-ers.com> |
| **Sent:** | Monday, February 27, 2006 3:55 PM |
| **Subject:** | Second Life Auction: Billing Failure |

Congratulations Marc Woebegone!

You have agreed to purchase the following item from Second Life:

Auction ID: 0026198076
Item: Songi - 001 - 65536 m2
Winning Bid: US$1605.00

Unfortunately we were unable to bill your account. In order to correct
this problem, please review your Membership and billing information to
ensure that everything is accurate and up to date. If the information you
have listed is accurate and correct, you may wish to contact your bank or
credit card issuer or paypal (depending on your payment method). Common
errors include mismatched addresses, expired credit cards and incorrect
expiration dates. Please contact land@secondlife.com within seven days if
you do not wish to forfeit this item.

To review or modify your account details, or to change or cancel your
Membership Plan, visit https://secondlife.com/account.

Linden Lab and the Second Life Team
http://www.secondlife.com

**Main Identity**

**From:**     <land@secondlife.com>
**To:**       <msb@lawy-ers.com>
**Sent:**     Tuesday, February 28, 2006 11:02 PM
**Subject:**  Second Life Auction: Item Won! Ribeata (158,228) - 5104 m2

Congratulations Marc Woebegone!

You have agreed to purchase the following item from Second Life:

Auction ID: 0026198022
Item: Ribeata (158,228) - 5104 m2
Winning Bid: L$32,010

Please go to the below link and pay for your auction:
http://secondlife.com/auctions/detail.php?id=0026198022

You will need to go in-world and claim the land within seven days. If you
encounter a problem, email land@secondlife.com.

Please note: be sure to have enough land tier available before claiming
your land, or you will be prompted to tier-up.

Linden Lab and the Second Life Team
http://www.secondlife.com

## Main Identity

| | |
|---|---|
| **From:** | <land@secondlife.com> |
| **To:** | <msb@lawy-ers.com> |
| **Sent:** | Thursday, April 13, 2006 7:11 AM |
| **Subject:** | Second Life Auction: Item Won! Ho Su 001 (128,128) Mature 65536m |

Congratulations Marc Woebegone!

You have agreed to purchase the following item from Second Life:

Auction ID: 0026198344
Item: Ho Su 001 (128,128) Mature 65536m
Winning Bid: US$1,501

Please go to the below link and pay for your auction:

http://secondlife.com/auctions/detail.php?id=0026198344

You will need to go in-world and claim the land within two days. If you encounter a problem, email land@secondlife.com.

Please note: be sure to have enough land tier available before claiming your land, or you will be prompted to tier-up.

Linden Lab and the Second Life Team
http://www.secondlife.com