IN THE UNITE STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA

| | |
|---|---|
| MARC BRAGG, Esq., an individual, | CIVIL DIVISION |
| Plaintiff | No. 06-cv-4925 |
| v | **JUDGE EDUARDO ROBRENO** |
| LINDEN RESEARCH, INC., a corporation, and PHILIP ROSEDALE, an individual | |

### BRIEF IN SUPPORT OF MOTION TO REMAND

AND NOW, comes Plaintiff, Marc Bragg, Esq., by and through counsel, Jason A. Archinaco, Esq., and the law firm of WHITE AND WILLIAMS, LLP, and files the following Brief in Support of Motion to Remand:

**I.    INTRODUCTION**

Although this case presents a first of its kind legal issue regarding "virtual property", the crux of the case is relatively straightforward. Simply put, Defendants asserted repeatedly to the public at large, including Plaintiff and other consumers of Pennsylvania, some via live "town meetings" broadcast to the World, that if they purchased virtual land from Defendant Linden, that they owned that land. See, e.g. Verified Complaint, ¶¶ 32-36, 43-48, 54-55, 57-60, 116, 141-143, 239 attached to Motion to Remand as Exhibit "3." Defendant Rosedale repeatedly made such representations in interviews he gave that were published openly on the internet, quoted in news articles and published in press releases, *Id.*, and via live town meetings broadcast across the Internet and displayed on computers in Pennsylvania. See Affidavit of Bragg, ¶ 4, attached to Motion to Remand as Exhibit "1." Such representations form the entire basis for the Defendants' business model and is their way of distinguishing themselves from competitors. See, e.g. Complaint, ¶¶ 28-35, 62, 239.

Those representations, as Defendants apparently will concede, are false. See, e.g. Complaint, ¶¶ 125, 138, 147-148. Plaintiff, who believed the false representations of Defendants, made the mistake of purchasing virtual land that he was induced and led to believe he owned. See, e.g. Complaint, 84-90, 139-159. Plaintiff still believes he owns the land even though Defendants wrongfully confiscated it and will not return it to him, Exhibit "1," ¶ 3. Defendants conned Plaintiff out of roughly $8,000 through their false representations. See, Exhibit "1"[1] ¶¶ 5-6. The evidence with regard to the amount the Defendants conned Plaintiff out of are not exclusively in Plaintiff's possession, custody or control. See, Exhibit "1," ¶¶ 7-9. To the contrary, Defendants necessarily possess the records that demonstrate exactly how much money they took from Plaintiff. *Id.*

On or about November 7, 2006, Defendant filed a Notice of Removal. Although the case law is clear that a removing party has the burden to establish that removal is proper, the Notice of Removal asserts that jurisdiction is proper because the amount in controversy exceeds $75,000 without providing any evidentiary support (either through an affidavit, declaration or otherwise), See, Notice of Removal, ¶ 5. Defendants did not attach the documentary evidence they possess regarding the amount truly in controversy because they know that to have done so would have defeated their motion. Defendants have not attached, provided or cited to this Court any of the evidence in their possession as to the amount of money they took from Plaintiff.

Instead, Defendants have taken the untenable position that they have an objectively reasonable basis for seeking removal solely to increase the cost of this litigation as if their unnecessary litigious conduct should be sufficient to raise the legal fees incurred over a $4,000 to $5,000 claim sufficiently high to meet the $75,000.00 jurisdictional limit. It is this type of

---

[1] Plaintiff has had some difficulty calculating the precise amount Defendants took from him as he was subjected to numerous erroneous billings by Defendant Linden. See, Exhibit "1," ¶ 5.

conduct that this Court should deter by awarding Plaintiff costs and any actual expenses, including attorneys fees, incurred as a result of Defendants' vexatious removal action. 28 U.S.C. § 1447(c); *Russ v. Unum Life Ins. Co.*, 442 F.Supp.2d 193, 199-200 (D.C. N.J. 2006); See, *Mints v. Educational Testing Serv.*, 99 F.3d 1253, 1261 (3d Cir. 1996)(reviewing District Court's award of attorney's fees under abuse of discretion standard and affirming when "there was no colorable basis for the removal.").

## II. ARGUMENT

### A. THE STANDARD ON REMOVAL.

Federal "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). This is so because "lack of subject matter jurisdiction voids any decree entered in a federal court and the continuation of litigation in a federal court without jurisdiction would be futile." *Steel Valley Auth.*, 809 F.2d at 1010. The Third Circuit has interpreted this "all doubts" principle to mean that so long as "there is any doubt as to the propriety of removal, [the] case should not be removed to federal court." *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996). The burden of proof is on the party removing the case to show the presence of federal jurisdiction. *Abels*, 770 F.2d at 29. "[D]oubts must be resolved in favor of remand." *Samuel-Basset v. KIA Motors Am.*, 357 F.3d 392, 403 (3d Cir. 2004). Further, the inquiry should be "objective and not based on fanciful, "pie-in-the-sky," or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Id.* at 403. Where a complaint does not request a precise monetary amount, the district court must make an

independent inquiry into the value of the claims alleged. *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

When faced with a motion to remand, the party who removed the action has the responsibility of establishing the propriety of removal. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). Specifically, with respect to the removing party's burden, the Third Circuit addressed the burden in *Samuel-Basset v. KIA Motors Am.*, 357 F.3d at 396, and noted that although some courts have utilized a preponderance of the evidence standard, others have used a legal certainty standard, while yet others have used a reasonable probability standard, *Id.* at 396-97, "many of the variations are purely semantical . . . ." *Id.* at 397. Further, the *Samuel-Basset* Court set forth that it had not found any case "where the result would have been different had one of the variations described been used." *Id.* at 397. In this case, even under the most relaxed standard of preponderance of the evidence, Defendants have not met their burden. See, *Dunson v. McNeil-PPC, Inc.*, 346 F.Supp.2d 735, 737 n. 3 (E.D. Pa. 2004) (noting that the burden to be applied is irrelevant if the removing party has not even met the most relaxed standard of preponderance of the evidence).

B. **DEFENDANTS HAVE NOT MET THEIR BURDEN, NOR HAVE THEY EVEN ATTEMPTED TO DO SO.**

Defendants have not met their burden, nor have they even attempted to do so. Defendants have not provided this Court with any evidence, let alone a preponderance of the evidence, with regard to the amount in controversy exceeding $75,000. Such a failure should be looked upon by this Court as extremely suspect given that Defendants have in their immediate possession, records with regard to precisely the amount of money they took from Plaintiff including the amount that Plaintiff was able to recover in mitigating his damages. See, Exhibit "1," ¶¶ 5-6. As Plaintiff sets forth in his Affidavit to this Court, his best current estimate is that

Defendants took approximately $8,000 of his money through their scheme and fraudulent statements and that he has recovered approximately $3,000 to $4,000 of the $8,000. *Id.*

Although Defendants had the opportunity with regard to their Notice of Removal to provide an affidavit or attach documents in their possession with regard to the money they took from Plaintiff, they have failed and/or refused to do so.

The amount Defendants took from Plaintiff is objectively within their own knowledge, and the supporting records of same are with their custody and control – yet they have knowingly and purposefully refused to provide this Court with any such evidence, instead filing a Notice of Removal devoid of any reference whatsoever to any objective evidence of any kind. Instead, Defendants' make a general argument without support that the premise of the Notice of Removal is predicated upon the speculative trebling of Plaintiff's damages, adding attorneys fees, punitive damages and/or statutory damages amounts in an attempt to reach $75,000. As the proponent of the removal, Defendants must provide this Court with their objectively reasonable basis for the removal, including the evidence in their possession that satisfies their burden of proof. Should they fail or refuse to do so, this Court should exercise its discretion pursuant to 28 U.S.C. § 1447(c) and award Plaintiff his costs and actual expenses, including attorneys fees, incurred as a result of Defendants' frivolous removal action

As stated, this Court should take note that Plaintiff believes that Defendants have simply filed the Notice of Removal, along with their other two motions, in an improper effort to drive up Plaintiff's attorneys' fees and costs as much as possible so that he will stop pursuing his otherwise valid claims. Exhibit "1,"[2] ¶¶ 11-13. For example, Defendants seek to "compel"

---

[2] The likelihood is, given the overly aggressive and litigious tactics of Defendants at this initial stage, that they will generate pounds of pleadings intended solely to drive up the cost of litigation. Although Defendants may succeed in increasing Plaintiff's attorneys fees through their own aggressive actions, they should be precluded from citing to their own future actions as a basis for establishing that the jurisdictional amount in controversy might someday in

arbitration in San Francisco, CA pursuant to the Rules of the International Chamber of Commerce to be heard by three arbitrators. See, *Motion of Defendants Linden Research, Inc. and Philip Rosedale to Compel Arbitration*. What the Defendants have failed to inform the Court in that Motion (or otherwise), is that the filing fee alone for even a $1 dispute in such forum is $10,000. See, International Chamber of Commerce, Arbitration Cost Calculator print-out, attached to the Motion to Remand as Exhibit "2," Exhibit "1," ¶ 12. Defendants apparently picked that forum knowing that with the majority of their transactions with the general public being in the hundreds of dollars range, that most consumers would and/or could not pay a $10,000 filing fee to protect their rights. The clear intent of the multiple motions filed by Defendants is to unfairly cause Plaintiff to drop his meritorious claims because, to otherwise pursue them, would be too costly. Exhibit "1," ¶¶ 11-12. Such improper actions should not be permitted by this Court. Indeed, Plaintiff believes that the very motions being filed with the Court are part of a larger course of conduct taken by Defendants to keep their ill gotten gains. Exhibit "1," ¶¶ 11-12.

---

the distant speculative future be met. See, *Russ*, 442 F.Supp.2d at 197 ("with few exceptions, when calculating the amount in controversy, the District Court will only consider the amount of damages that have accrued up until the point that the case was filed."). To otherwise so hold, would create Federal jurisdiction in every case where the Defendants aggressively litigate a matter and in which there is a claim of attorney's fees. As set forth in Plaintiff's affidavit, his damages, costs, attorney fees and expenses as of the filing date of his complaint are nowhere near an amount that would satisfy the jurisdictional limits. See, Exhibit "1," ¶ 10.

The case should be remanded.

Respectfully submitted,

Date: November 20, 2006

WHITE AND WILLIAMS, LLP

By <u>CB 1429</u>
    Jason A. Archinaco, Esq.
    PA ID 76691
    Christopher Ballod
    PA ID 89462
    437 Grant Street
    Pittsburgh, PA 15219
    (412) 566-3520