IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| MARC BRAGG, Esq., an individual, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | Case No. 06-4925 |
| | : | |
| LINDEN RESEARCH, INC., a corporation, | : | |
| and PHILIP ROSEDALE, an individual, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## **ORDER**

AND NOW, this __ day of _____, 2006, upon consideration of Plaintiff's Motion

to Remand and the response of Defendants Linden Research, Inc. and Philip Rosedale thereto, it

is **HEREBY ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

_____
ROBRENO, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC BRAGG, Esq., an individual, : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| : | Case No. 06-4925 |
| v. : | |
| : | |
| LINDEN RESEARCH, INC., a corporation, : | |
| and PHILIP ROSEDALE, an individual, : | |
| : | |
| Defendants. : | |

**RESPONSE OF DEFENDANTS LINDEN RESEARCH, INC.
AND PHILIP ROSEDALE TO PLAINTIFF'S MOTION TO REMAND**

**I.      INTRODUCTION**

The only issue before the Court in this motion is whether the Court has subject matter jurisdiction. Diversity of citizenship is conceded. But the same plaintiff who filed a 239 paragraph complaint, purporting to allege ten different counts, and who seeks a bundle of compensatory, punitive, injunctive and declaratory relief now contests whether his *cause celebre* raises a sufficient amount in controversy. Remarkably, Plaintiff Bragg, a practicing lawyer, nowhere states that the value of his claim for damages and other relief is less than $75,000 and he is obviously unwilling to be so bound. Rather, like a poker player showing only a card or two in a seven card game, he says his out-of-pocket losses are in the $6,000 - $8,000 range. But almost all of the counts of Bragg's complaint claim much more by way of relief. And his attack on Linden's very terms and conditions of operation and user conduct, if Plaintiff gets his way, could result in far-reaching economic impact, dramatically upping the ante as far as Linden is concerned. It is more than a little ironic that the author of ten purported claims for relief, looking

1

to upset the rules for use of Linden's Second Life site, would play games with this Court and then accuse Linden of "over-litigating" this case. Plaintiff has staked out significant ground in this case which more than satisfies the statutory amount in controversy and confers subject matter jurisdiction. Of course, neither defendant concedes that Plaintiff is entitled to any of the relief he seeks – in fact, the real decision-maker here should be an arbitrator pursuant to the very agreement under which Bragg was allowed to participate in Second Life.

Not only is Plaintiff coy about the relief he seeks, but he failed to disclose to this Court that when he filed this action in the Chester County Court of Common Pleas, he informed the state court that the case was *not* eligible for the state court's mandatory arbitration program for cases involving less than $50,000 – thereby impeaching any inference that this controversy is only about a few thousand dollars. Plaintiff also does not disclose that he filed and then unilaterally dismissed a small claims court case before filing this expensive lawsuit. By increasing the number of his claims and the nature of relief sought, as well as filing suit against an additional defendant (Mr. Rosedale), Bragg has significantly escalated his attack on Linden and its business.

Under the law of this Circuit, all of the forms of relief discussed above must be considered, particularly the injunction and declaratory relief sought. Plaintiff seeks injunctions and declarations which go to the very core of Linden's operation of Second Life. Some of the relief sought could apply to users other than Bragg and have significant impact, economic and otherwise, on Linden, exponentially in excess of any damages claim. The relief that Plaintiff seeks in the Complaint establishes that there is jurisdiction.

II.     **THE APPLICABLE LEGAL STANDARD**

The propriety of removal depends upon whether the removed case originally could have been filed in federal court. See City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 163 (1997). A complaint involving diversity jurisdiction should only be remanded where it is a "legal certainty" that the plaintiff's bundle of claims do not have a potential value (whether monetary or otherwise) in excess of the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938); Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392 (3d Cir. 2004) (applying legal certainty standard). Whether the plaintiff will actually recover any particular amount is irrelevant; the question is whether the complaint raises issues which implicate a controversy exposing the defendants to financial impacts greater than the jurisdictional minimum.

The amount in controversy is evaluated against a reasonable reading of the value of the rights asserted in the Complaint. See Angus v. Shiley, 989 F.2d 142, 146 (3d Cir. 1993). For removal purposes, the amount in controversy is determined on the basis of the record existing at the time the petition for removal is filed. See Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002). In this case, when the Notice of Removal was filed the state court record consisted of the Complaint and Defendants' Entry of Appearance. The amount in controversy must be measured "not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Id.

As shown below, the relief sought in the Complaint satisfies the jurisdictional standards contained in 28 U.S.C. § 1332(a).[1]

---

[1]   Plaintiff's argument that Defendants failed to attach "objective evidence" to the Notice of Removal overlooks the language of 28 U.S.C. § 1446(a), which makes clear that a defendant must provide only "a short and plain statement" of the basis for removal in the
Continued on following page

3

### III.   ARGUMENT

The following relief is demanded in the Complaint:[2] compensatory damages under various legal theories, punitive damages under Pennsylvania and California law, treble damages under Pennsylvania law, and significantly, declaratory relief and injunctive relief affecting Linden's entire user agreement and operating principles.  Also sought in the Complaint are counsel fees under Pennsylvania and California statutory law and additional statutory damages under California's auction statute.  Under the circumstances, a "reasonable reading of the value of the rights being litigated," which *includes* the threat to Linden's ability to keep and enforce uniform terms and conditions of operation, clearly exceeds the requisite amount in controversy. Werwinski, 286 F.3d at 666.

    **A.   Plaintiff's Complaint Asserts A Controversy in Excess Of The Jurisdictional Minimum**

        **1.   Plaintiff's Claims For Compensatory Damages**

Plaintiff alleges a variety of economic losses.  Plaintiff clearly seeks recovery of amounts he paid Linden for virtual property and amounts allegedly taken from his Linden account.  See, e.g., Complaint, ¶¶ 195-202 (conversion claim); Complaint, ¶¶ 211-223 (breach of contract claim).  Plaintiff further alleges in Count VII ("Intentional Interference with Contractual Relations/Prospective Economic Advantage") that Defendants' actions interfered with contracts which Plaintiff had entered into with third-parties for the sale of the virtual land which Plaintiff

---

Continued from previous page

    notice of removal.  There is no requirement, statutory or otherwise, that a defendant attach affidavits and other documentary evidence to a notice of removal.

[2]    A true and correct copy of Plaintiff's Complaint is attached as Exhibit A.

4

purports to own and that he has suffered further actual damages as a result. Complaint, ¶¶ 206-210. Plaintiff's Complaint does not specify his alleged losses in connection with these third-party contracts, but a reasonable reading of the actual damages portions of Plaintiff's Complaint suggests that Plaintiff hopes to recover significant monetary relief for Defendants' alleged tortious interference.

To support his motion to remand, Plaintiff has submitted a declaration (hereinafter "Bragg Declaration") stating that his out-of-pocket losses are in the $4,000 - $6,000 range. See Declaration of Marc Bragg, ¶ 6. Of course, it is well-established that the Bragg Declaration shall not be considered on a motion to remand since the plaintiff is not allowed to create or defeat federal jurisdiction through after-the-fact, self-serving assertions. Bragg's Declaration "has no legal significance because a plaintiff following removal cannot destroy federal jurisdiction simply by amending a complaint that initially satisfied the monetary floor." Angus, 989 F.2d at 145 (citing cases). "Any post-removal event, whether a result of plaintiff's volition or outside of plaintiff's control, that reduces the amount in controversy below 28 U.S.C. § 1332's jurisdictional floor will not deprive the court of subject matter jurisdiction." Lockwood v. Automotive Finance Corp., 2005 WL 2107165, at *2 (W.D. Pa. Aug. 30, 2005) (Cohill, J.) (citing cases). This Court recognized this well-established principle in Zecco v. Solaris Hotel and Resorts, Inc., 820 F. Supp. 962, 963 (E.D. Pa. 1993) (Robreno, J.) ("plaintiff cannot force remand of a removed diversity case simply by reducing a claim for damages that met the jurisdictional minimum at the time of removal").

Equally significant, however, is what the Bragg Declaration leaves out. Nowhere does it state that Bragg is dropping his claims for all relief other than his out-of-pocket losses and that he will forgo injunctive and/or declaratory relief. Nowhere does he explain why he dropped his

5

District Justice proceeding the day before trial so that he could file his ten count complaint if only a few thousand dollars are at stake. Nowhere does he disclose that the scope of this litigation has been self-inflicted, and that Linden has always been prepared to arbitrate this matter.

What we know is that Plaintiff is seeks roughly $6,000 in out-of-pockets costs *plus* what Plaintiff claims are significant compensatory damages for lost business opportunities and tortious interference. Therefore, when Plaintiff's compensatory damages are considered alongside of all of the other relief sought in the Complaint, it is clear that there is subject matter jurisdiction.

### 2. **Plaintiff Seeks Recovery of Punitive Damages**

Plaintiff asserts several causes of action that potentially permit recovery of punitive damages. It is well-established that punitive damages must be considered when determining whether the jurisdictional threshold has been satisfied. See Packard v. Provident Nat'l Bank, 994 F.2d 1039 (3d Cir. 1993); Doughty v. Marriott Hotel Services, Inc., 2005 WL 3120275, at *1 (E.D. Pa. Nov. 17, 2005) (Baylson, J.) (denying motion to remand where plaintiff sought punitive damages); Lockwood, 2005 WL 2107165, at *3 (observing that punitive and treble damages must be considered in jurisdictional analysis regardless that claim for punitive damages was arguably "speculative, questionable or collateral").

As explained by the Third Circuit in 2004, "[a] court may include punitive damages in the amount in controversy unless the demand for punitive damages is patently frivolous and without foundation." Golden ex rel. Golden v. Golden, 382 F.3d 348, 355 (3d Cir. 2004) (reversing trial court's finding that there was no subject matter jurisdiction). According to Golden, if "[a]ppropriately made … a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value

6

of the plaintiff's claim is below the statutory minimum." Id. at 355.  Simply put, "[i]f punitive damages are available under Pennsylvania state law for the causes of action asserted … and if the claims for punitive damages are not otherwise 'patently frivolous and without foundation,' then the pleadings satisfy the necessary amount in controversy" Id. at 356 (citing Packard) (emphasis added).  See Roth v. U.S. LEC of Pennsylvania, 2005 WL 2340468, at *3 (E.D. Pa. Sept. 23, 2005) (Shapiro, J.) (denying motion for remand where complaint was not designated for state court arbitration and where punitive damages were sought).[3]

Here, Plaintiff, a practicing attorney whose lengthy Complaint was subject to the verification requirements of the Pennsylvania Rules, filed a Complaint demanding punitive damages in connection with several claims.  Count IV seeks punitive relief for fraud under Pennsylvania law.  See Complaint, ¶¶ 178-181.  If properly pleaded and proved, punitive damages can be awarded for fraud.  See McClellan v. Health Maintenance Organization of Pennsylvania, 413 Pa. Super. 128, 604 A.2d 1053, 1061 (1992).  In Count X, Plaintiff seeks punitive damages in connection with a tortious interference claim under California law.  If properly pleaded and proved, punitive damages also can be recovered under California law in connection with a tortious interference claim.  See Institute of Veterinary Pathology v. California Health Laboratories, Inc., 116 Cal. App. 3d 111, 127 (1981).  Plaintiff also seeks recovery of punitive damages in connection with Defendants' alleged violation of the California Consumer Legal Remedies Act.  Complaint, ¶ 176(d).

Judge Van Antwerpen's lengthy decision in Hayfield v. Home Depot USA Inc., 168 F. Supp.2d 436, 447 (E.D. Pa. 2001), is instructive.  In Hayfield, the plaintiff suffered less than

---

[3] Defendants deny that Plaintiff's punitive damages claims have any merit, but the legal sufficiency of Plaintiff's demand for punitive damages is irrelevant to the Court's jurisdiction analysis.  See Suber v. Chrysler Corp., 104 F.3d 578 (3d Cir. 1997).

7

$10,000 in actual damages but the Court still found that the potential for punitive damages exposure required a finding that subject matter jurisdiction existed.  See Hayfield, 168 F. Supp.2d at 458-59 (explaining that under Pennsylvania law, punitive damages are intended to serve as a deterrent and do not need to bear a reasonable relationship to compensatory damages). See Delahanty v. First Pennsylvania Bank, 318 Pa. Super. 90, 135, 464 A.2d 1243 (1983) (11:1 ratio of punitive to compensatory damages deemed constitutional).  The Court went on to discuss that the net worth of the defendant will affect the potential size of a punitive damages award: "In the case at bar, Defendant Home Depot has not just millions, but tens of billions of dollars in assets. . . . If Plaintiff's version of events is believed by the trier of fact, a penalty of over $65,000 may well be appropriate to send a message to Defendant and other would-be offenders." Hayfield, 168 F. Supp.2d at 459.   The court in Hayfield held that there was diversity jurisdiction.

     Linden's net worth is not "tens of billions of dollars," but Plaintiff's Complaint clearly seeks to capitalize on and introduce evidence related to Linden's growth and recent success.  See Complaint, ¶ 25 (estimating that trade in virtual items is approaching nearly $1 billion annually); Complaint, ¶ 64 (alleging that Linden "generates over $50,000,000 U.S. per year in real world dollar transactions").  Moreover, Plaintiff clearly has filed a Complaint with the goal of obtaining a "send a message" verdict.  Bragg goes so far as to claim that Linden operates according to a "crooked business model" and, as a result, must be punished for its alleged misconduct. Considering the size of Plaintiff's compensatory damage claim, there is no question that even a relatively small punitive award would satisfy the $75,000 threshold.

### 3. <u>Plaintiff Seeks Treble Damages Through the UTPCPL</u>

In addition to seeking compensatory and punitive damages, Plaintiff also seeks to recover treble damages in connection with his claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). Treble damages are recoverable in connection with a UTPCPL claim if the Court decides treble damages are appropriate. <u>See</u> 73 P.S. § 201-9.2 ("The court may, in its discretion, award up to three times the actual damages sustained").

In Count I, Plaintiff avers that "Defendants acts cause them to be liable pursuant to 73 P.S. § 201-9.2 and Plaintiff is entitled to actual damages or one hundred dollars ($100), whichever is greater and may be provided such other relief as is deemed necessary and proper, including treble damages and attorneys fees." Complaint, ¶ 154. The prayer for relief in connection with Count I repeats Plaintiff's demand for recovery of treble damages. "Plaintiff Marc Bragg prays this Honorable Court enter judgment for Plaintiff … for actual, <u>treble</u> and punitive damages …." Complaint, p. 33 (emphasis added).

This Court routinely includes potential treble damages awarded through the UTPCPL in the context of an amount in controversy analysis. <u>See</u> <u>McLaughlin v. Volkswagen of America, Inc.</u>, 2000 WL 1793071 (E.D. Pa. Dec. 6, 2000) (O'Neill, J.) (finding that amount in controversy requirement was satisfied on basis that actual damages award could be trebled under the UTPCPL). <u>See</u> <u>also</u> <u>Suber</u>, 104 F.3d at 586-87 (noting that when calculating amount in controversy court should include treble damages).

Plaintiff's Complaint includes a jury demand. However, there is no right to a jury trial in connection with a UTPCPL claim. <u>See</u> <u>Greiner v. Erie Ins. Exchange</u>, 2000 WL 11041 (Phila. C.P. Nov. 13, 2000); <u>Pennsylvania v. BASF Corp.</u>, 2001 WL 1807788 (Phila. C.P. Mar. 15, 2001); <u>see</u> <u>also</u> 73 P.S. § 201-9.2 ("<u>The court</u>" may award treble damages). As a result, although

9

any punitive damages awarded in connection with Plaintiff's claims would be assessed by the jury, any treble damage award would be assessed separately by the Court. Therefore, it is possible for Plaintiff to recover separate awards of treble and punitive damages.

Accordingly, a treble damage award through the UTPCPL would add roughly $20,000 to Plaintiff's total recovery.

### 4.   Plaintiff's Demand For Attorneys Fees Pursuant To Statute

The Supreme Court has long held that where attorneys' fees are allowed by statute, attorneys' fees should be considered part of the amount in controversy for jurisdictional purposes. See Missouri State Life Ins. Co. v. Jones, 290 U.S. 199 (1933); see also Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975); Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (when allowed by state statute, attorneys' fees may be considered in determining amount in controversy).

Plaintiff seeks recovery of his counsel fees in connection with his UTPCPL claim. See Complaint, p. 33, "WHEREFORE" clause. Specifically, the UTPCPL's private right of action provision provides that "[t]he court may award to the plaintiff, in addition to other relief provided by this section, costs and reasonable attorney fees." 73 P.S. § 201-9.2. Plaintiff also seeks recovery of counsel fees in connection with his claims under the California Unfair and Deceptive Practices Act (Count II), the California Consumer Legal Remedies Act (Count III), and California Civil Code § 182.600 (Count V).

Plaintiff's multiple demands for counsel fees fall squarely within the scope of Missouri State Life.  Because counsel fees clearly are potentially recoverable in connection with his UTPCPL claim, they must be considered as part of the Court's jurisdictional analysis.[4]

It is too early in this litigation to speculate what "reasonable attorneys fees" would be but considering the girth of the Complaint, Plaintiff clearly intended protracted litigation when he filed this lawsuit.[5]  It is difficult to imagine that Plaintiff would only incur *de minimus* attorneys' fees in prosecuting his claims considering the expenses already incurred preparing the Complaint and the far flung allegations requiring proof contained in this case.  Therefore, Plaintiff's demand for counsel fees further supports finding that the amount in controversy requirement is satisfied.

### 5. Plaintiff Seeks Injunctive and Declaratory Relief That Could Have Substantial Economic Impact

Plaintiff's demand for injunctive relief also supports a finding that the Court has subject matter jurisdiction.  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  Hunt v. Washington State Apple Advertising Comm'n 432 U.S. 333, 347 (1977).  More specifically, in actions seeking injunctive relief, the value of the object of the litigation is measured by the value of the right sought to be protected and must be determined from the viewpoint of the plaintiff rather than the defendant.  In re Corestates Trust Fees Litigation v. Corestates Bank, N.A., 39 F.3d 61, 65 (3rd Cir. 1994); Pierson v. Source Perrier, S.A., 848 F. Supp. 1186, 1189 (E.D. Pa.

---

[4]  Plaintiff specifically pleads in Count IV that he is entitled to reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1812.600(m).  See Complaint, ¶ 194.

[5]  Plaintiff's comments regarding Defendants' alleged attempts to increase unnecessarily the cost of this litigation are belied by Plaintiff's own actions.  Plaintiff elected to withdraw a Complaint filed with a local District Justice complaint the day before trial and subsequently filed a 46 page, ten Count Complaint against multiple defendants.  That decision, not any conduct of Defendants, increased the cost of resolving Plaintiff's claims.

1994); In re: Fidelity Bank Trust Fee Litig., 839 F. Supp. 318, 322 (E.D. Pa. 1993) (Joyner, J.), *aff'd sub nom.*, Lewis v. Fidelity Bank, 43 F.3d 1461 (3d Cir. 1994).

Plaintiff's injunctive relief demands seek not only return of the virtual property which Plaintiff purports to own (*i.e.*, "Defendants should be ordered to convey the virtual land back to Plaintiff and should be enjoined or otherwise prevented from precluding Plaintiff from accessing and enjoying his virtual land." Complaint, ¶ 222), but also seeks relief relating to *all* of Linden's customers. In Count I, Plaintiff insists that "Defendants should be enjoined from preventing Plaintiff and/or any customers from accessing virtual land that is not owned by Defendants that has, instead been sold by Defendants." Complaint, ¶ 157.

Further, Plaintiff seeks to have his Second Life membership restored so he can again become an active member of the Second Life virtual community. ("Defendants should also be ordered to provide access to Plaintiff such that he can exploit, enjoy and/or otherwise use his land without interruption and interference from Defendants." Complaint, ¶ 223.) This would result in an abrogation and re-writing of Linden's terms and conditions for users and significantly impact Linden's operations and business if it were not able to police its site to prevent the type of misconduct which caused Bragg to lose his membership in the first place. Finally, Bragg's complaint challenges Linden's business model (Complaint, ¶¶ 237 & 239), obviously putting a great deal at stake as far as Linden is concerned.

Linden's ability to continue to operate Second Life according to its Terms of Service is obviously of substantial value. And Bragg claims value in regaining unfettered access to Second Life so that he can continue to buy and sell virtual real estate. Although Bragg nowhere puts exact dollar amounts on these elements of relief in his complaint, it is clear that with several

hundred thousand participants, the amount implicated in this controversy far exceeds any jurisdictional minimum.

### 6. Claims For Relief Against Multiple Defendants Are Aggregated

When considering *all* of Plaintiff's claims for relief against the jurisdictional threshold, the Court also must account for the fact that all ten Counts of the Complaint are lodged against both Linden and Mr. Rosedale. As explained in Hayfield "if multiple defendants jointly harm a common plaintiff, then the claims against these defendants are integrated and may be aggregated for the purpose of calculating the amount in controversy required for federal jurisdiction" (citing cases). The "tests for aggregating claims of one plaintiff against multiple defendants and multiple plaintiffs against one defendant are essentially the same … the plaintiff's claims against the defendants must be common and undivided so that the defendant's liability is joint and not several." Id. (citing Libby v. City Nat'l Bank, 592 F.2d 504, 510 (9th Cir. 1978)). If the two defendants can be considered "joint actors," the plaintiff's claims against them will be aggregated. Hayfield, 168 F. Supp.2d at 449.

Here, Plaintiff alleges a single principle injury - Linden's termination of his account (due to his own misconduct) and the deprivation of his virtual property - supposedly caused by Linden and Mr. Rosedale. The Complaint does not suggest that any alleged injury is separately attributable to Linden on the one hand, or Mr. Rosedale on the other. As a result, under Hayfield, the potential damages that could be assessed against each defendant should be aggregated.

The Court would have subject matter jurisdiction even if Linden was the only Defendant named in the Complaint. Nonetheless, the fact that Plaintiff named both Linden and Mr.

13

Rosedale as Defendants and seeks to recover substantial relief against each of them provides still further support for a finding that the amount in controversy requirement is met.

### B. Plaintiff Told The State Court There Was More Than $50,000 At Stake

Plaintiff conveniently omits any mention of the fact that he stated that there was more than $50,000 at issue when he informed the state court that the case was not eligible for arbitration under the Chester County Local Rules. This Court is routinely faced with this issue when deciding motions to remand because of the prevalence of mandatory arbitration in Pennsylvania state courts. Under similar circumstances, this Court afforded significant weight to a plaintiff's failure to designate a case for mandatory arbitration when seeking to determine whether the amount in controversy requirement is met. See Doughty, 2005 WL 3120275, at *1 (fact that case was not designated for arbitration in Philadelphia County demonstrated there was at least $50,000 in controversy); Roth, 2005 WL 2340468, at *2 (same).

Pursuant to Chester County Local Rule 1301.1, arbitration is mandatory for all matters involving $50,000 or less. Specifically, Local Rule 1301.1 provides that "[a]ll civil cases at law which are now or hereafter at issue, wherein the amount in controversy in each cause of action, i.e., the amount claimed in each count, exclusive of interest and costs, does not exceed fifty thousand ($50,000) dollars, and which does not involve title to real property, shall be submitted to, heard, and decided by a board of arbitrators …." Chester Cty. Local Rule 1301.1(a).

Plaintiff told the state court his case was not eligible for arbitration. A copy of the Civil Cover Sheet filed by Plaintiff is attached hereto as Exhibit B. Plaintiff therefore believed that there was more than $50,000 at issue when he filed his Complaint in state court. Bragg cannot now cavalierly claim otherwise.

    **C.**    **The Cost Of Arbitration Has No Bearing On Plaintiff's Motion To Remand**

Finally, Plaintiff's argument concerning the allegedly prohibitive cost of arbitration before the International Chamber of Commerce is irrelevant -- and demonstrates only that Plaintiff believes that Defendants' Motion to Compel Arbitration will be granted if his remand effort fails.

**III.**    **CONCLUSION**

For all of the reasons set forth herein, Plaintiff's Motion to Remand should be denied.

    /s Andrew J. Soven (/AS 955)
    Andrew J. Soven
    Andrea B. Weingarten
    REED SMITH LLP
    2500 One Liberty Place
    1650 Market Street
    Philadelphia, PA 19103-7301
    (215)851-8100

    Attorneys for Defendants Linden Research, Inc.
    and Philip Rosedale

Dated:  December 7, 2006

## **CERTIFICATE OF SERVICE**

       I, Andrew J. Soven, hereby certify that Defendants Linden Research, Inc. and Philip Rosedale's Response to Plaintiff's Motion to Remand has been filed electronically this 7th day of December, 2006, and is available for viewing and downloading from the federal court's Electronic Case Files system.  A copy of the foregoing also has been served today by U.S. mail upon the following counsel:

        Jason A. Archinaco, Esquire
        White and Williams LLP
        The Frick Building
        437 Grant Street, Suite 1001
        Pittsburgh, PA 15219

        "s"/ Andrew J. Soven
        Andrew J. Soven