IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC BRAGG, Esq., an individual, | : |
| Plaintiff, | : CIVIL ACTION |
| | : Case No. 06-4925 |
| v. | : |
| LINDEN RESEARCH, INC., a corporation, and PHILIP ROSEDALE, an individual, | : |
| Defendant. | : |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANT PHILIP ROSEDALE'S MOTION TO DISMISS
<u>FOR LACK OF PERSONAL JURISDICTION</u>**

## I.     <u>INTRODUCTION</u>

Plaintiff Marc Bragg argues that this Court has personal jurisdiction over Defendant Philip Rosedale because Bragg lived in Pennsylvania when he allegedly read and relied on statements made by Mr. Rosedale and published in various media, such as USA Today. If this was the test for personal jurisdiction, any court located in a state where a plaintiff resides would have jurisdiction over Mr. Rosedale simply because his statements have been widely disseminated on the internet and in written publications. Unfortunately for Bragg, the law does not support his super-expansive theory of personal jurisdiction.

Bragg has no factual basis to support his jurisdiction argument and he bears the burden of proving personal jurisdiction. Instead, he simply submits a self-serving Declaration that largely regurgitates the Complaint. In his response to Mr. Rosedale's Motion, Bragg has not even bothered to provide the Court with copies of the alleged statements made by Mr. Rosedale. All that he offers, repeatedly, is the allegation that Mr. Rosedale made statements which were

published by third-parties on websites and in publications that reached his computer or doorstep in Pennsylvania and that Bragg relied on these statements. For the reasons set forth below, it is clear that Bragg has not met his burden of demonstrating that the Court has personal jurisdiction over Mr. Rosedale.

## II.     ARGUMENT

### A.     Plaintiff Introduces No Facts Demonstrating That This Court Has Personal Jurisdiction Over Mr. Rosedale

As discussed in Mr. Rosedale's opening Memorandum of Law, once the defense of lack of personal jurisdiction is raised, it is the plaintiff's burden "to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Carteret Savings Bank, F.A. v. Shusan, 954 F.2d 141, 146 (3d Cir. 1992). This burden is typically met through documentary evidence and testimony - Bragg offers the Court neither.

In response to Mr. Rosedale's Affidavit to the effect that he is not subject to this Court's jurisdiction, Bragg simply provides yet another self-serving Declaration of his own which parrots the unsubstantiated allegations of the Complaint. Although Mr. Rosedale filed his Motion to Dismiss on November 16, 2006, more than two months ago, Bragg has developed no evidence of factual support whatsoever to refute Mr. Rosedale's evidence. For that matter, he did not even bother to provide the Court with authenticated documents concerning the alleged statements made by Mr. Rosedale. He apparently, and wrongly, thinks that the Court must accept as true the "facts" alleged in the Complaint in deciding Mr. Rosedale's Rule 12(b)(2) Motion. Accordingly, Plaintiff has not provided any factual support for his argument that Mr. Rosedale committed allegedly tortious acts in Pennsylvania.

As demonstrated by the Affidavit of Philip Rosedale previously submitted ("Rosedale Affidavit"), Mr. Rosedale has never worked or operated a business in Pennsylvania, has never

maintained an office, telephone listing, or mailing address in Pennsylvania and has never owned any real or personal property in Pennsylvania. See id. at ¶¶ 3-4, 6. Mr. Rosedale has never paid any Pennsylvania taxes, has never transacted business in the state of Pennsylvania, has never maintained any bank accounts in Pennsylvania, and has never held a Pennsylvania driver's license. See id. at ¶¶ 5, 7, 9-10. Mr. Rosedale has never personally purposely directed any activities toward any resident of Pennsylvania, has not deliberately engaged in any significant activities in Pennsylvania on his own behalf, and has no continuing obligations or business relationships with any Pennsylvania residents. See id.

Bragg has failed to refute any of these facts. As a result, he has not made a showing that personal jurisdiction over Mr. Rosedale exists.

### B. Alleged Statements Made By Mr. Rosedale And Published By Various Media Outlets Do Not Subject Him To Personal Jurisdiction In Pennsylvania

Even if Bragg provided the court with evidence concerning Mr. Rosedale's alleged statements, his argument would still fail as a matter of law. Courts across the United States have held that a general news article that is read and relied upon cannot be used to assert personal jurisdiction without some measure of proof that there was intent to target readers in a specific forum. See, e.g., Young v. New Haven Advocate, 315 F.3d 256, 263 (4th Cir. 2002) ("[t]he fact that the newspapers' websites could be accessed anywhere, including Virginia, does not by itself demonstrate that the newspapers were intentionally directing their website content to a Virginia audience. Something more than posting and accessibility is needed to indicate that the newspapers purposefully (albeit electronically) directed their activity in a substantial way to the forum state. . ."); Revel v. Lidov, 317 F.3d 467, 475 (5th Cir. 2002) (finding that the court lacked personal jurisdiction over author of internet article "because the post to the bulletin board was presumably directed at the entire world" and was not "directed specifically at Texas"); Griffis v.

Luban, 646 N.W. 2d 527, 536 (Minn. 2002) ("The mere fact that [the defendant], who posted allegedly defamatory statements about the plaintiff on the internet, knew that [the plaintiff] resided and worked in Alabama is not sufficient to extend personal jurisdiction over [the defendant] in Alabama, because that knowledge does not demonstrate targeting of Alabama as the focal point of the . . . statements.").

Mr. Rosedale is even further removed from any meaningful contact with this district, since he authored none of the alleged misstatements and had no control over whether or how his statements would be disseminated. Bragg repeatedly claims in his Brief that Mr. Rosedale intentionally published statements in Pennsylvania, but the allegation is belied by the actual allegations of the Complaint, which make clear that all of the statements related to property ownership upon which Bragg allegedly relied were made in the contexts of interviews with various news organizations. See Complaint, ¶ 42 (interview with USA Today), ¶ 47 (interview with Guardian Unlimited: Gamesblog), ¶ 54 (interview with PSKF.com), ¶ 57 (interview with After TV). None of these allegedly fraudulent statements were intentionally directed to Pennsylvania residents. Mr. Rosedale simply responded to questions from news outlets and organizations which in turn disseminated his statements without any direction or control by Mr. Rosedale.

Plaintiff cites three cases that are easy to distinguish. For example, Plaintiff relies on A. Uberti And C. v. Leonardo, 892 P.2d 1354 (Ariz. 1995), a products liability action against an Italian corporation that manufactured a handgun that accidentally discharged, killing a child in Arizona. See id. at 1355. The court determined that jurisdiction in Arizona was proper over the Italian corporation that manufactured the handgun because the defendant, in choosing its distributor, intended to distribute its handgun to the national American market. Id. at 1362. In

- 4 -

reaching its conclusion, the court relied on Justice O'Connor's reasoning in <u>Asahi Metal Indus. v. Superior Court</u>, 480 U.S. 102 (1987), where Justice O'Conner noted that the conduct of a defendant may indicate an intent or purpose to serve the market in a forum state. See <u>Id.</u> at 112. Such conduct may include "marketing the product through a distributor who has agreed to serve as a sales agent in the forum state." <u>Id.</u>

Unlike in this case, the Italian corporation in <u>Leonardo</u> specifically designed a handgun for the western states and chose to hire a distributor that it knew would sell product into the marketplace where the plaintiff lived. Making a statement which is then published, perhaps not at the instruction of the speaker, on the internet or in a newspaper with national reach is very different than using a distributor to sell handguns in a specific geographic location. Additionally, Mr. Rosedale did not, by his comments, place a product in the stream of commerce as the defendant did in <u>Leonardo</u>. Accordingly, jurisdiction would not be proper in Pennsylvania pursuant to <u>Leonardo</u>.

Plaintiff also mistakenly relies on <u>Dedvukaj v. Maloney</u>, 447 F.Supp.2d 813 (E.D. Mich. 2006). In <u>Dedvukaj</u>, plaintiff, a Michigan resident, brought an action in Michigan against nonresident defendants for breach of contract, fraud and misrepresentation stemming from defendants' internet sale of paintings to plaintiff. See <u>id.</u> at 815. The court determined that jurisdiction in Michigan was proper because:

> Defendants transacted business in Michigan when Defendants communicated with Plaintiff Dedvukaj in Michigan through e-mail messages and telephone calls, accepted Plaintiff's bid during the auctions, sent notice and confirmation to Plaintiff that he had submitted the winning bids in two auctions, confirmed shipping charges for two items to Michigan, and accepted payment through the mail from Michigan.

<u>Id.</u> at 818-819. The court found that defendants transacted business in Michigan and plaintiff's claims arose out of those transactions. See <u>id.</u> at 819. In relying on this case, Bragg points to

dicta in which the court noted that internet forums such as eBay have expanded a seller's market and a seller who participates in this expanded marketplace must accept the legal responsibilities that come with it. See Brief In Opposition to Defendant Rosedale's Motion to Dismiss, page 19; see also Dedvukaj, 447 F.Supp.2d at 820. However, in reaching this conclusion, the court specifically points out that defendants used the eBay website, e-mail messages, and the telephone to intentionally direct communications to the plaintiff in Michigan. See id. at 823. The court focused on the "intentional nature" of the communications between defendants and Michigan, noting that the "telephone conversations and e-mails to Plaintiff were not just general marketing calls, but discussions about the ongoing transaction." Id.

Again, the facts currently before this Court are of a completely different nature than those in Dedvukaj. Unlike the defendants in Dedvukaj, Mr. Rosedale did not personally transact business in the forum state. Mr. Rosedale never directed any activity towards Pennsylvania and never purposefully availed himself of the privilege of conducting business in Pennsylvania (and most of the world). Bragg's claims do not arise out of any direct, intentional contacts between Mr. Rosedale and the forum state.

The final case cited by Plaintiff is W. Majer v. Sonex Research, Inc., 2006 WL 2038604 (E.D. Pa. Jul. 19, 2006). Again, Plaintiff's dependence on this case is misplaced. In Major, the plaintiff filed suit against a variety of defendants including two officers of a company for misrepresentations made during a solicitation for an investment. See id. at *1. In determining that personal jurisdiction existed in Pennsylvania, the court determined that the two officers had sufficient contact within the forum so that Pennsylvania courts could exercise personal jurisdiction over them. See id. at *7. In reaching this conclusion, the court noted that the officers approached the plaintiff, a Pennsylvania resident, to solicit his participation in the

investment opportunity, spoke to plaintiff during several meetings and conversations over two months, and provided plaintiff with a business plan.  See id. at *3.  Accordingly, despite the fact that the defendants may have been acting in their corporate capacity, their actions directed toward Pennsylvania provided sufficient contact to establish personal jurisdiction.  See id. at *7.

Here, as previously established in Rosedale's Affidavit, Mr. Rosedale did not personally direct any activities towards Pennsylvania or Bragg in particular.  Mr. Rosedale has not engaged in any business communications with Plaintiff, nor has he personally traveled to Pennsylvania to conduct business.  As such, Plaintiff's allegations are not sufficient to conclude that Mr. Rosedale had an individual role in the alleged tortious conduct.

### III.     CONCLUSION

For the foregoing reasons, and for the reasons set forth in his opening Memorandum of Law, Defendant Philip Rosedale respectfully requests that Plaintiff's claims against him be dismissed in their entirety.

Respectfully submitted,

/s Andrew J. Soven (/AS 955)
Scott D. Baker
Andrew J. Soven
Andrea B. Weingarten
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
(215)851-8100

Attorneys for Defendants
Linden Research, Inc. and Philip Rosedale

Dated: January 26, 2007

## **CERTIFICATE OF SERVICE**

       I, Andrew J. Soven, hereby certify that Philip Rosedale's Reply Memo in Further Support of his Motion to Dismiss for Lack of Personal Jurisdiction has been filed electronically this 26th day of January, 2007, and is available for viewing and downloading from the federal court's Electronic Case Files system.  A copy of the foregoing has also been served today by U.S. mail upon the following counsel:

>Jason A. Archinaco, Esquire
>White and Williams LLP
>The Frick Building
>437 Grant Street, Suite 1001
>Pittsburgh, PA 15219

                                        "s"/ Andrew J. Soven
                                        Andrew J. Soven