

*ICC Rules of Arbitration*

the presence of the parties, or in their absence provided they have been duly summoned.

**4**

The Arbitral Tribunal, after having consulted the parties, may appoint one or more experts, define their terms of reference and receive their reports. At the request of a party, the parties shall be given the opportunity to question at a hearing any such expert appointed by the Tribunal.

**5**

At any time during the proceedings, the Arbitral Tribunal may summon any party to provide additional evidence.

**6**

The Arbitral Tribunal may decide the case solely on the documents submitted by the parties unless any of the parties requests a hearing.

**7**

The Arbitral Tribunal may take measures for protecting trade secrets and confidential information.

## Article 21
## Hearings

**1**

When a hearing is to be held, the Arbitral Tribunal, giving reasonable notice, shall summon the parties to appear before it on the day and at the place fixed by it.

**2**

If any of the parties, although duly summoned, fails to appear without valid excuse, the Arbitral Tribunal shall have the power to proceed with the hearing.

**3**

The Arbitral Tribunal shall be in full charge of the hearings, at which all the parties shall be entitled to be present. Save with the approval of the Arbitral Tribunal and the parties, persons not involved in the proceedings shall not be admitted.

*ICC Rules of Arbitration*

4

The parties may appear in person or through duly authorized representatives. In addition, they may be assisted by advisers.

## Article 22
## Closing of the Proceedings

1

When it is satisfied that the parties have had a reasonable opportunity to present their cases, the Arbitral Tribunal shall declare the proceedings closed. Thereafter, no further submission or argument may be made, or evidence produced, unless requested or authorized by the Arbitral Tribunal.

2

When the Arbitral Tribunal has declared the proceedings closed, it shall indicate to the Secretariat an approximate date by which the draft Award will be submitted to the Court for approval pursuant to Article 27. Any postponement of that date shall be communicated to the Secretariat by the Arbitral Tribunal.

## Article 23
## Conservatory and Interim Measures

1

Unless the parties have otherwise agreed, as soon as the file has been transmitted to it, the Arbitral Tribunal may, at the request of a party, order any interim or conservatory measure it deems appropriate. The Arbitral Tribunal may make the granting of any such measure subject to appropriate security being furnished by the requesting party. Any such measure shall take the form of an order, giving reasons, or of an Award, as the Arbitral Tribunal considers appropriate.

2

Before the file is transmitted to the Arbitral Tribunal, and in appropriate circumstances even thereafter, the parties may apply to any competent judicial authority for interim

2 4

*ICC Rules of Arbitration*

or conservatory measures. The application of a party to a judicial authority for such measures or for the implementation of any such measures ordered by an Arbitral Tribunal shall not be deemed to be an infringement or a waiver of the arbitration agreement and shall not affect the relevant powers reserved to the Arbitral Tribunal. Any such application and any measures taken by the judicial authority must be notified without delay to the Secretariat. The Secretariat shall inform the Arbitral Tribunal thereof.

## AWARDS

**Article 24**
**Time Limit for the Award**

1

The time limit within which the Arbitral Tribunal must render its final Award is six months. Such time limit shall start to run from the date of the last signature by the Arbitral Tribunal or by the parties of the Terms of Reference or, in the case of application of Article 18(3), the date of the notification to the Arbitral Tribunal by the Secretariat of the approval of the Terms of Reference by the Court.

2

The Court may extend this time limit pursuant to a reasoned request from the Arbitral Tribunal or on its own initiative if it decides it is necessary to do so.

**Article 25**
**Making of the Award**

1

When the Arbitral Tribunal is composed of more than one arbitrator, an Award is given by a majority decision. If there be no majority, the Award shall be made by the chairman of the Arbitral Tribunal alone.

*ICC Rules of Arbitration*

**2**

The Award shall state the reasons upon which it is based.

**3**

The Award shall be deemed to be made at the place of the arbitration and on the date stated therein.

## Article 26
## Award by Consent

If the parties reach a settlement after the file has been transmitted to the Arbitral Tribunal in accordance with Article 13, the settlement shall be recorded in the form of an Award made by consent of the parties if so requested by the parties and if the Arbitral Tribunal agrees to do so.

## Article 27
## Scrutiny of the Award by the Court

Before signing any Award, the Arbitral Tribunal shall submit it in draft form to the Court. The Court may lay down modifications as to the form of the Award and, without affecting the Arbitral Tribunal's liberty of decision, may also draw its attention to points of substance. No Award shall be rendered by the Arbitral Tribunal until it has been approved by the Court as to its form.

## Article 28
## Notification, Deposit and Enforceability of the Award

**1**

Once an Award has been made, the Secretariat shall notify to the parties the text signed by the Arbitral Tribunal, provided always that the costs of the arbitration have been fully paid to the ICC by the parties or by one of them.

**2**

Additional copies certified true by the Secretary General shall be made available on request and at any time to the parties, but to no one else.

**3**

By virtue of the notification made in accordance with Paragraph 1 of this Article, the parties waive any other form of notification or deposit on the part of the Arbitral Tribunal.

**4**

An original of each Award made in accordance with the present Rules shall be deposited with the Secretariat.

**5**

The Arbitral Tribunal and the Secretariat shall assist the parties in complying with whatever further formalities may be necessary.

**6**

Every Award shall be binding on the parties. By submitting the dispute to arbitration under these Rules, the parties undertake to carry out any Award without delay and shall be deemed to have waived their right to any form of recourse insofar as such waiver can validly be made.

## Article 29
## Correction and Interpretation of the Award

**1**

On its own initiative, the Arbitral Tribunal may correct a clerical, computational or typographical error, or any errors of similar nature contained in an Award, provided such correction is submitted for approval to the Court within 30 days of the date of such Award.

**2**

Any application of a party for the correction of an error of the kind referred to in Article 29(1), or for the interpretation of an Award, must be made to the Secretariat within 30 days of the receipt of the Award by such party, in a number of copies as stated in Article 3(1). After transmittal of the application to the Arbitral Tribunal, the latter shall grant the other party a short time limit, normally not exceeding 30 days, from the receipt of the application by that party, to submit any comments

*ICC Rules of Arbitration*

thereon. If the Arbitral Tribunal decides to correct or interpret the Award, it shall submit its decision in draft form to the Court not later than 30 days following the expiration of the time limit for the receipt of any comments from the other party or within such other period as the Court may decide.

3

The decision to correct or to interpret the Award shall take the form of an addendum and shall constitute part of the Award. The provisions of Articles 25, 27 and 28 shall apply *mutatis mutandis*.


## COSTS

**Article 30**
**Advance to Cover the Costs of the Arbitration**

1

After receipt of the Request, the Secretary General may request the Claimant to pay a provisional advance in an amount intended to cover the costs of arbitration until the Terms of Reference have been drawn up.

2

As soon as practicable, the Court shall fix the advance on costs in an amount likely to cover the fees and expenses of the arbitrators and the ICC administrative costs for the claims and counterclaims which have been referred to it by the parties. This amount may be subject to readjustment at any time during the arbitration. Where, apart from the claims, counterclaims are submitted, the Court may fix separate advances on costs for the claims and the counterclaims.

3

The advance on costs fixed by the Court shall be payable in equal shares by the Claimant and the Respondent. Any provisional advance paid on the basis of Article 30(1) will

*ICC Rules of Arbitration*

be considered as a partial payment thereof. However, any party shall be free to pay the whole of the advance on costs in respect of the principal claim or the counterclaim should the other party fail to pay its share. When the Court has set separate advances on costs in accordance with Article 30(2), each of the parties shall pay the advance on costs corresponding to its claims.

4

When a request for an advance on costs has not been complied with, and after consultation with the Arbitral Tribunal, the Secretary General may direct the Arbitral Tribunal to suspend its work and set a time limit, which must be not less than 15 days, on the expiry of which the relevant claims, or counterclaims, shall be considered as withdrawn. Should the party in question wish to object to this measure, it must make a request within the aforementioned period for the matter to be decided by the Court. Such party shall not be prevented, on the ground of such withdrawal, from reintroducing the same claims or counterclaims at a later date in another proceeding.

5

If one of the parties claims a right to a set-off with regard to either claims or counterclaims, such set-off shall be taken into account in determining the advance to cover the costs of arbitration in the same way as a separate claim insofar as it may require the Arbitral Tribunal to consider additional matters.

## Article 31
## Decision as to the Costs of the Arbitration

1

The costs of the arbitration shall include the fees and expenses of the arbitrators and the ICC administrative expenses fixed by the Court, in accordance with the scale in force at the time of the commencement of the arbitral proceedings, as well as the fees and expenses of any experts appointed by the Arbitral Tribunal and the reasonable legal and other costs incurred by the parties for the arbitration.

*ICC Rules of Arbitration*

2

The Court may fix the fees of the arbitrators at a figure higher or lower than that which would result from the application of the relevant scale should this be deemed necessary due to the exceptional circumstances of the case. Decisions on costs other than those fixed by the Court may be taken by the Arbitral Tribunal at any time during the proceedings.

3

The final Award shall fix the costs of the arbitration and decide which of the parties shall bear them or in what proportion they shall be borne by the parties.

## MISCELLANEOUS

### Article 32
### Modified Time Limits

1

The parties may agree to shorten the various time limits set out in these Rules. Any such agreement entered into subsequent to the constitution of an Arbitral Tribunal shall become effective only upon the approval of the Arbitral Tribunal.

2

The Court, on its own initiative, may extend any time limit which has been modified pursuant to Article 32(1) if it decides that it is necessary to do so in order that the Arbitral Tribunal or the Court may fulfil their responsibilities in accordance with these Rules.

### Article 33
### Waiver

A party which proceeds with the arbitration without raising its objection to a failure to comply with any provision of these Rules, or of any other rules applicable to the proceedings, any direction given by the Arbitral Tribunal,

*ICC Rules of Arbitration*

or any requirement under the arbitration agreement relating to the constitution of the Arbitral Tribunal, or to the conduct of the proceedings, shall be deemed to have waived its right to object.

## Article 34
## Exclusion of Liability

Neither the arbitrators, nor the Court and its members, nor the ICC and its employees, nor the ICC National Committees shall be liable to any person for any act or omission in connection with the arbitration.

## Article 35
## General Rule

In all matters not expressly provided for in these Rules, the Court and the Arbitral Tribunal shall act in the spirit of these Rules and shall make every effort to make sure that the Award is enforceable at law.

31

**APPENDIX I**
**STATUTES OF THE INTERNATIONAL**
**COURT OF ARBITRATION OF THE ICC**

### Article 1
### Function

1

The function of the International Court of Arbitration of the International Chamber of Commerce (the "Court") is to ensure the application of the Rules of Arbitration of the International Chamber of Commerce, and it has all the necessary powers for that purpose.

2

As an autonomous body, it carries out these functions in complete independence from the ICC and its organs.

3

Its members are independent from the ICC National Committees.

### Article 2
### Composition of the Court

The Court shall consist of a Chairman, Vice-Chairmen, and members and alternate members (collectively designated as members). In its work it is assisted by its Secretariat (Secretariat of the Court).

### Article 3
### Appointment

1

The Chairman is elected by the ICC World Council upon the recommendation of the Executive Board of the ICC.

2

The ICC World Council appoints the Vice-Chairmen of the Court from among the members of the Court or otherwise.

32

*Appendix I to the ICC Rules of Arbitration*

3

Its members are appointed by the ICC World Council on the proposal of National Committees, one member for each Committee.

4

On the proposal of the Chairman of the Court, the World Council may appoint alternate members.

5

The term of office of all members is three years. If a member is no longer in a position to exercise his functions, his successor is appointed by the World Council for the remainder of the term.

### Article 4
### Plenary Session of the Court

The Plenary Sessions of the Court are presided over by the Chairman or, in his absence, by one of the Vice-Chairmen designated by him. The deliberations shall be valid when at least six members are present. Decisions are taken by a majority vote, the Chairman having a casting vote in the event of a tie.

### Article 5
### Committees

The Court may set up one or more Committees and establish the functions and organization of such Committees.

### Article 6
### Confidentiality

The work of the Court is of a confidential nature which must be respected by everyone who participates in that work in whatever capacity. The Court lays down the rules regarding the persons who can attend the meetings of the Court and its Committees and who are entitled to have access to the materials submitted to the Court and its Secretariat.

*Appendix I to the ICC Rules of Arbitration*

### Article 7
### Modification of the Rules of Arbitration

Any proposal of the Court for a modification of the Rules is laid before the Commission on Arbitration before submission to the Executive Board and the World Council of the ICC for approval.

## APPENDIX II
### INTERNAL RULES OF THE INTERNATIONAL COURT OF ARBITRATION OF THE ICC

### Article 1
### Confidential Character of the Work of the International Court of Arbitration

1

The sessions of the Court, whether plenary or those of a Committee of the Court, are open only to its members and to the Secretariat.

2

However, in exceptional circumstances, the Chairman of the Court may invite other persons to attend. Such persons must respect the confidential nature of the work of the Court.

3

The documents submitted to the Court, or drawn up by it in the course of its proceedings, are communicated only to the members of the Court and to the Secretariat and to persons authorized by the Chairman to attend Court sessions.

4

The Chairman or the Secretary General of the Court may authorize researchers undertaking work of a scientific nature on international trade law to acquaint themselves with Awards and other documents of general interest, with the exception of memoranda, notes, statements and documents remitted by the parties within the framework of arbitration proceedings.

5

Such authorization shall not be given unless the beneficiary has undertaken to respect the confidential character of the documents made available and to refrain from any publication in their respect without having previously submitted the text for approval to the Secretary General of the Court.

*Appendix II to the ICC Rules of Arbitration*

6

The Secretariat will in each case submitted to arbitration under the Rules retain in the archives of the Court all Awards, Terms of Reference and decisions of the Court, as well as copies of the pertinent correspondence of the Secretariat.

7

Any documents, communications or correspondence submitted by the parties or the arbitrators may be destroyed unless a party or an arbitrator requests in writing within a period fixed by the Secretariat the return of such documents. All related costs and expenses for the return of those documents shall be paid by such party or arbitrator.

## Article 2
## Participation of Members of the International Court of Arbitration in ICC Arbitration

1

The Chairman and the members of the Secretariat of the Court may not act as arbitrators or as counsel in cases submitted to ICC arbitration.

2

The Court shall not appoint Vice-Chairmen or members of the Court as arbitrators. They may, however, be proposed for such duties by one or more of the parties, or pursuant to any other procedure agreed upon by the parties, subject to confirmation.

3

When the Chairman, a Vice-Chairman or a member of the Court or of the Secretariat is involved in any capacity whatsoever in proceedings pending before the Court, such person must inform the Secretary General of the Court upon becoming aware of such involvement.

4

Such person must refrain from participating in the discussions or in the decisions of the Court concerning

3 6

*Appendix II to the ICC Rules of Arbitration*

the proceedings and must be absent from the courtroom whenever the matter is considered.

5

Such person will not receive any material documentation or information pertaining to such proceedings.

## Article 3
### Relations between the Members of the Court and the ICC National Committees

1

By virtue of their capacity, the members of the Court are independent of the ICC National Committees which proposed them for appointment by the ICC World Council.

2

Furthermore, they must regard as confidential, vis-à-vis the said National Committees, any information concerning individual cases with which they have become acquainted in their capacity as members of the Court, except when they have been requested by the Chairman of the Court or by its Secretary General to communicate specific information to their respective National Committees.

## Article 4
### Committee of the Court

1

In accordance with the provisions of Article 1(4) of the Rules and Article 5 of its Statutes (Appendix I), the Court hereby establishes a Committee of the Court.

2

The members of the Committee consist of a Chairman and at least two other members. The Chairman of the Court acts as the Chairman of the Committee. If absent, the Chairman may designate a Vice-Chairman of the Court or, in exceptional circumstances, another member of the Court as Chairman of the Committee.

37

*Appendix II to the ICC Rules of Arbitration*

3

The other two members of the Committee are appointed by the Court from among the Vice-Chairmen or the other members of the Court. At each Plenary Session the Court appoints the members who are to attend the meetings of the Committee to be held before the next Plenary Session.

4

The Committee meets when convened by its Chairman. Two members constitute a quorum.

5

(a)      The Court shall determine the decisions that may be taken by the Committee.

(b)      The decisions of the Committee are taken unanimously.

(c)      When the Committee cannot reach a decision or deems it preferable to abstain, it transfers the case to the next Plenary Session, making any suggestions it deems appropriate.

(d)      The Committee's decisions are brought to the notice of the Court at its next Plenary Session.

**Article 5**
**Court Secretariat**

1

In case of absence, the Secretary General may delegate to the General Counsel and Deputy Secretary General the authority to confirm arbitrators, to certify true copies of Awards and to request the payment of a provisional advance, respectively provided for in Articles 9(2), 28(2) and 30(1) of the Rules.

2

The Secretariat may, with the approval of the Court, issue notes and other documents for the information of the parties and the arbitrators, or as necessary for the proper conduct of the arbitral proceedings.

*Appendix II to the ICC Rules of Arbitration*

**Article 6**
**Scrutiny of Arbitral Awards**

When the Court scrutinizes draft Awards in accordance with Article 27 of the Rules, it considers, to the extent practicable, the requirements of mandatory law at the place of arbitration.

**APPENDIX III**
**ARBITRATION COSTS AND FEES**

**Article 1**
**Advance on Costs**

1

Each request to commence an arbitration pursuant to the Rules must be accompanied by an advance payment of US$ 2,500 on the administrative expenses. Such payment is non-refundable, and shall be credited to the Claimant's portion of the advance on costs.

2

The provisional advance fixed by the Secretary General according to Article 30(1) of the Rules shall normally not exceed the amount obtained by adding together the administrative expenses, the minimum of the fees (as set out in the scale hereinafter) based upon the amount of the claim and the expected reimbursable expenses of the Arbitral Tribunal incurred with respect to the drafting of the Terms of Reference. If such amount is not quantified, the provisional advance shall be fixed at the discretion of the Secretary General. Payment by the Claimant shall be credited to its share of the advance on costs fixed by the Court.

3

In general, after the Terms of Reference have been signed or approved by the Court and the provisional timetable has been established, the Arbitral Tribunal shall, in accordance with Article 30(4) of the Rules, proceed only with respect to those claims or counterclaims in regard to which the whole of the advance on costs has been paid.

4

The advance on costs fixed by the Court according to Article 30(2) of the Rules comprises the fees of the arbitrator or arbitrators (hereinafter referred to as "arbitrator"), any arbitration-related expenses of the arbitrator and the administrative expenses.

*Appendix III to the ICC Rules of Arbitration*

5

Each party shall pay in cash its share of the total advance on costs. However, if its share exceeds an amount fixed from time to time by the Court, a party may post a bank guarantee for this additional amount.

6

A party that has already paid in full its share of the advance on costs fixed by the Court may, in accordance with Article 30(3) of the Rules, pay the unpaid portion of the advance owed by the defaulting party by posting a bank guarantee.

7

When the Court has fixed separate advances on costs pursuant to Article 30(2) of the Rules, the Secretariat shall invite each party to pay the amount of the advance corresponding to its respective claim(s).

8

When, as a result of the fixing of separate advances on costs, the separate advance fixed for the claim of either party exceeds one half of such global advance as was previously fixed (in respect of the same claims and counterclaims that are the subject of separate advances), a bank guarantee may be posted to cover any such excess amount. In the event that the amount of the separate advance is subsequently increased, at least one half of the increase shall be paid in cash.

9

The Secretariat shall establish the terms governing all bank guarantees which the parties may post pursuant to the above provisions.

10

As provided in Article 30(2) of the Rules, the advance on costs may be subject to readjustment at any time during the arbitration, in particular to take into account fluctuations in the amount in dispute, changes in the amount of the estimated expenses of the arbitrator, or the evolving difficulty or complexity of arbitration proceedings.

41

*Appendix III to the ICC Rules of Arbitration*

11

Before any expertise ordered by the Arbitral Tribunal can be commenced, the parties, or one of them, shall pay an advance on costs fixed by the Arbitral Tribunal sufficient to cover the expected fees and expenses of the expert as determined by the Arbitral Tribunal. The Arbitral Tribunal shall be responsible for ensuring the payment by the parties of such fees and expenses.

## Article 2
## Costs and Fees

1

Subject to Article 31(2) of the Rules, the Court shall fix the fees of the arbitrator in accordance with the scale hereinafter set out or, where the sum in dispute is not stated, at its discretion.

2

In setting the arbitrator's fees, the Court shall take into consideration the diligence of the arbitrator, the time spent, the rapidity of the proceedings, and the complexity of the dispute, so as to arrive at a figure within the limits specified or, in exceptional circumstances (Article 31(2) of the Rules), at a figure higher or lower than those limits.

3

When a case is submitted to more than one arbitrator, the Court, at its discretion, shall have the right to increase the total fees up to a maximum which shall normally not exceed three times the fees of one arbitrator.

4

The arbitrator's fees and expenses shall be fixed exclusively by the Court as required by the Rules. Separate fee arrangements between the parties and the arbitrator are contrary to the Rules.

5

The Court shall fix the administrative expenses of each arbitration in accordance with the scale hereinafter set out or, where the sum in dispute is not stated, at its

*Appendix III to the ICC Rules of Arbitration*

discretion. In exceptional circumstances, the Court may fix the administrative expenses at a lower or higher figure than that which would result from the application of such scale, provided that such expenses shall normally not exceed the maximum amount of the scale. Further, the Court may require the payment of administrative expenses in addition to those provided in the scale of administrative expenses as a condition to holding an arbitration in abeyance at the request of the parties or of one of them with the acquiescence of the other.

6

If an arbitration terminates before the rendering of a final Award, the Court shall fix the costs of the arbitration at its discretion, taking into account the stage attained by the arbitral proceedings and any other relevant circumstances.

7

In the case of an application under Article 29(2) of the Rules, the Court may fix an advance to cover additional fees and expenses of the Arbitral Tribunal and may make the transmission of such application to the Arbitral Tribunal subject to the prior cash payment in full to the ICC of such advance. The Court shall fix at its discretion any possible fees of the arbitrator when approving the decision of the Arbitral Tribunal.

8

When an arbitration is preceded by an attempt at amicable resolution pursuant to the ICC ADR Rules, one half of the administrative expenses paid for such ADR proceedings shall be credited to the administrative expenses of the arbitration.

9

Amounts paid to the arbitrator do not include any possible value added taxes (VAT) or other taxes or charges and imposts applicable to the arbitrator's fees. Parties have a duty to pay any such taxes or charges; however, the recovery of any such charges or taxes is a matter solely between the arbitrator and the parties.

43

*Appendix III to the ICC Rules of Arbitration*

### Article 3
### ICC as Appointing Authority

Any request received for an authority of the ICC to act as appointing authority will be treated in accordance with the Rules of ICC as Appointing Authority in UNCITRAL or Other *Ad Hoc* Arbitration Proceedings and shall be accompanied by a non-refundable sum of US$ 2,500. No request shall be processed unless accompanied by the said sum. For additional services, ICC may at its discretion fix administrative expenses, which shall be commensurate with the services provided and shall not exceed the maximum sum of US$ 10,000.

### Article 4
### Scales of Administrative Expenses and Arbitrator's Fees

1

The Scales of Administrative Expenses and Arbitrator's Fees set forth below shall be effective as of 1 July 2003 in respect of all arbitrations commenced on or after such date, irrespective of the version of the Rules applying to such arbitrations.

2

To calculate the administrative expenses and the arbitrator's fees, the amounts calculated for each successive slice of the sum in dispute must be added together, except that where the sum in dispute is over US$ 80 million, a flat amount of US$ 88,800 shall constitute the entirety of the administrative expenses.

*Appendix III to the ICC Rules of Arbitration*

### A. ADMINISTRATIVE EXPENSES

| Sum in dispute (in US Dollars) | | | Administrative expenses(*) |
|---|---|---|---|
| up to | 50 000 | | $ 2 500 |
| from | 50 001 | to | 100 000 | 3.50% |
| from | 100 001 | to | 500 000 | 1.70% |
| from | 500 001 | to | 1 000 000 | 1.15% |
| from | 1 000 001 | to | 2 000 000 | 0.70% |
| from | 2 000 001 | to | 5 000 000 | 0.30% |
| from | 5 000 001 | to | 10 000 000 | 0.20% |
| from | 10 000 001 | to | 50 000 000 | 0.07% |
| from | 50 000 001 | to | 80 000 000 | 0.06% |
| over | 80 000 000 | | $ 88 800 |

*(*) For illustrative purposes only, the table on the following page indicates the resulting administrative expenses in US$ when the proper calculations have been made.*

### B. ARBITRATOR'S FEES

| Sum in dispute (in US Dollars) | | | | Fees(**) | |
|---|---|---|---|---|---|
| | | | | minimum | maximum |
| up to | 50 000 | | | $ 2 500 | 17.00% |
| from | 50 001 | to | 100 000 | 2.00% | 11.00% |
| from | 100 001 | to | 500 000 | 1.00% | 5.50% |
| from | 500 001 | to | 1 000 000 | 0.75% | 3.50% |
| from | 1 000 001 | to | 2 000 000 | 0.50% | 2.75% |
| from | 2 000 001 | to | 5 000 000 | 0.25% | 1.12% |
| from | 5 000 001 | to | 10 000 000 | 0.10% | 0.616% |
| from | 10 000 001 | to | 50 000 000 | 0.05% | 0.193% |
| from | 50 000 001 | to | 80 000 000 | 0.03% | 0.136% |
| from | 80 000 001 | to | 100 000 000 | 0.02% | 0.112% |
| over | 100 000 000 | | | 0.01% | 0.056% |

*(**) For illustrative purposes only, the table on the following page indicates the resulting range of fees when the proper calculations have been made.*

*Appendix III to the ICC Rules of Arbitration*

| SUM IN DISPUTE (in US Dollars) | A. ADMINISTRATIVE EXPENSES(*) (in US Dollars) | B. ARBITRATOR'S FEES(**) (in US Dollars) | |
|---|---|---|---|
| | | Minimum | Maximum |
| up to 50 000 | 2 500 | 2 500 | 17.00% of amount in dispute |
| from 50 001 to 100 000 | 2 500 + 3.50% of amt. over 50 000 | 2 500 + 2.00% of amt. over 50 000 | 8 500 + 11.00% of amt. over 50 000 |
| from 100 001 to 500 000 | 4 250 + 1.70% of amt. over 100 000 | 3 500 + 1.00% of amt. over 100 000 | 14 000 + 5.50% of amt. over 100 000 |
| from 500 001 to 1 000 000 | 11 050 + 1.15% of amt. over 500 000 | 7 500 + 0.75% of amt. over 500 000 | 36 000 + 3.50% of amt. over 500 000 |
| from 1 000 001 to 2 000 000 | 16 800 + 0.70% of amt. over 1 000 000 | 11 250 + 0.50% of amt. over 1 000 000 | 53 500 + 2.75% of amt. over 1 000 000 |
| from 2 000 001 to 5 000 000 | 23 800 + 0.30% of amt. over 2 000 000 | 16 250 + 0.25% of amt. over 2 000 000 | 81 000 + 1.12% of amt. over 2 000 000 |
| from 5 000 001 to 10 000 000 | 32 800 + 0.20% of amt. over 5 000 000 | 23 750 + 0.10% of amt. over 5 000 000 | 114 600 + 0.616% of amt. over 5 000 000 |
| from 10 000 001 to 50 000 000 | 42 800 + 0.07% of amt. over 10 000 000 | 28 750 + 0.05% of amt. over 10 000 000 | 145 400 + 0.193% of amt. over 10 000 000 |
| from 50 000 001 to 80 000 000 | 70 800 + 0.06% of amt. over 50 000 000 | 48 750 + 0.03% of amt. over 50 000 000 | 222 600 + 0.136% of amt. over 50 000 000 |
| from 80 000 001 to 100 000 000 | 88 800 | 57 750 + 0.02% of amt. over 80 000 000 | 263 400 + 0.112% of amt. over 80 000 000 |
| over 100 000 000 | 88 800 | 61 750 + 0.01% of amt. over 100 000 000 | 285 800 + 0.056% of amt. over 100 000 000 |

(*)(**) See preceding page

46