EXHIBIT E



**ICC**
The world business organization

Dispute Resolution Services

# International Court of Arbitration

*Guidelines for Arbitrating Small Claims under the ICC Rules of Arbitration*

# Guidelines for Arbitrating Small Claims under the ICC Rules of Arbitration

## Introduction

ICC has received numerous requests from users to point out ways in which the ICC Rules of Arbitration can most effectively be used for arbitrating small claims. The time and cost involved in arbitrating such small claims should be commensurate with what is at stake. To assist parties in rationalizing the use of resources in the arbitration of smaller cases, the ICC Commission on Arbitration directed the Task Force on Small Claims to explore ways in which the parties, their counsel and arbitrators can reduce the time and cost of arbitrating these smaller claims under the ICC Rules of Arbitration. In accordance with its mandate, the Task Force has elaborated these guidelines, not as a set of rules for incorporation into contracts, but rather as a list of suggestions. The parties can follow one or more of them, as appropriate to the circumstances of their case.

These guidelines do not define a small claim. The notion of 'small' depends very much on the parties and their circumstances. For a large multinational enterprise, a 'small claim' may mean anything under a few million US dollars. For a smaller trader entering the international marketplace for the first time, that same claim may represent a very substantial part of its business. On the other hand, a small claim is not necessarily an unimportant claim. A dispute over a relatively small monetary amount may have far-reaching repercussions, or may in fact be a 'test case' for a number of similar disputes. In some cases, a small claim will be met with a far larger counter-claim. It is up to the parties to determine in light of their own situation whether the claim is 'small' and whether to follow one or more of the suggestions contained in these guidelines. Many of these suggestions can in fact be used by any parties who seek to reduce the cost and time required for an arbitration, even in 'large' claims.

Methods such as those suggested in these guidelines can shorten the procedure and minimize the cost of arbitrating small claims. The parties can agree on one or more of those methods, or the arbitrator can suggest them to the parties. Failing agreement by the parties, an arbitrator may settle on one or more of the methods suggested in these guidelines, *e.g.* in a procedural order pursuant to Article 15(1) of the ICC Rules of Arbitration. In addition, the Secretariat of the ICC International Court of Arbitration can encourage their use.

| GUIDELINES | EXPLANATIONS |
|---|---|
| *When the Dispute Arises* | |
| 1. Explore the use of amicable dispute resolution procedures. | • When amicable proceedings do lead to a settlement between the parties, they can constitute a faster and cheaper method of resolving the dispute. Parties could for example consider submitting the dispute to the ICC ADR Rules or the ICC Rules for Expertise, as appropriate. This could be done prior to filing the Request for Arbitration, prior to signing the Terms of Reference or even at any subsequent stage of the proceedings. |
| *Commencing the Arbitration* | |
| 2. The Claimant should consider filing a Request for Arbitration which contains a complete and yet succinct presentation of its entire case. The Claimant may also propose the use of one or more of these guidelines. | • The ICC Rules of Arbitration require the Claimant to provide a description of the nature and circumstances of the dispute giving rise to the claims and a statement of the relief sought. For small claims, the Request can be prepared in such a way that it sets out clearly and succinctly the Claimant's entire case. This enables the Respondent to make a full Answer. The arbitrator thus obtains the fullest possible understanding of the case at the earliest opportunity and is able to draft the Terms of Reference and proceed effectively with the arbitration. A complete Request followed by a complete Answer may result in considerable saving of time, since it may allow the parties to reduce significantly or even dispense with further submissions.<br><br>• For example, the Claimant can set out clearly a statement of the exact Award sought; a full statement of the reasons for its entitlement to that Award; and a statement as to whether all conditions precedent to bringing the arbitration, if any, have been fulfilled. In addition, copies of all documents relied upon can be attached, numbered and supplied with an index.<br><br>• In all cases, the parties can consider limiting documentary evidence to what is essential to |

|   |   |
|---|---|
|   | • prove their case. It is often useful and timesaving for the documents to be submitted in chronological order.<br>• When appropriate, the Claimant can also attach a chronology of events leading up to the dispute.<br>• The Claimant can consider proposing in its Request for Arbitration the use of one or more of these guidelines. This proposal will focus the attention of the parties and the tribunal on the possibility of their use. |
| 3. The Respondent should consider filing an Answer which contains a complete and yet succinct presentation of its defence and any counterclaims. The Respondent may also comment on any proposals of the Claimant with respect to these guidelines or make its own proposals. | • The ICC Rules of Arbitration require the Respondent to provide its comments as to the nature and circumstances of the dispute, and its response to the relief sought. For small claims, the Answer can set out clearly and succinctly a detailed response to the Claimant's case.<br>• The Answer could contain similar information and documents to those described above in the explanation to guideline 2.<br>• The Respondent should respond to any proposals made by the Claimant with respect to the use of these guidelines, indicating whether or not it agrees. It should also feel free to make its own or additional proposals. |
| 4. As an alternative to the unilateral approach set out in guidelines 2 and 3 above, the parties could agree in advance upon specific procedures to the extent permitted by the ICC Rules of Arbitration. | • Article 15(1) of the ICC Rules of Arbitration sets out the conditions under which the parties may settle on rules of procedure. Consistent with that article the parties could agree to specific procedures designed to expedite the arbitration. For example, the parties, as appropriate, could agree as follows:<br><br>*1. The Claimant in its Request shall, in addition to the information required by Article 4(3) of the ICC Rules of Arbitration, provide:*<br>    *i) a statement of the exact Award sought*<br>    *ii) a full statement of the reasons for its entitlement to that Award*<br>    *iii) a statement as to whether all conditions precedent to bringing the arbitration, if any, have been fulfilled*<br>    *iv) copies of any documents relied upon, numbered and supplied with an index.* |

Copyright © 2003 International Chamber of Commerce

Published in March 2003

|  | |
|---|---|
|  | 2. *The Respondent in its Answer shall, in addition to the information required by Article 5(1) of the ICC Rules of Arbitration, provide:*<br>   i) *a statement of the exact Award sought*<br>   ii) *a full statement of the reasons for its entitlement to that Award*<br>   iii) *any comments as to whether all conditions precedent to bringing the arbitration, if any, have been fulfilled*<br>   iv) *copies of any documents relied upon, numbered and supplied with an index..*<br><br>• The parties could develop their own version of the above text or agree upon additional or different procedures such as those described herein, consistent with the ICC Rules of Arbitration. In addition, the arbitrator may suggest the use of these or other procedures, and failing agreement of the parties, may settle on these or other procedures. |
| *The Arbitral Tribunal* | |
| 5. Appoint a sole arbitrator. | • Using multiple arbitrators is considerably more expensive and often more time consuming (*e.g.* it is often more difficult to arrange meetings or hearings with multiple arbitrators.) It is generally preferable to have a sole arbitrator in small claims. The most efficient way to provide for a sole arbitrator is to do so in the arbitration clause of the underlying contract. However, parties who do not wish to make that choice in advance may use the standard ICC arbitration clause, thus leaving the decision on the number of arbitrators until after the dispute has arisen, in accordance with Article 8(2) of the ICC Rules of Arbitration. Parties who jointly nominate a sole arbitrator should ensure that the proposed arbitrator has adequate case management and drafting skills, and the necessary time to devote to managing the proceedings. |
| *Terms of Reference* | |

Copyright © 2003 International Chamber of Commerce

Published in March 2003

| | |
|---|---|
| 6. Consider the appropriate procedure for producing the Terms of Reference. | • The holding of a Terms of Reference meeting is often extremely useful in that it enables the arbitrator and the parties to agree more easily on proceedings and the procedural timetable. However, for small claims the time and expense of a physical Terms of Reference meeting may outweigh the benefits, particularly when significant travel is required. The parties can consider agreeing to the Terms of Reference by correspondence, by teleconference, by videoconference or otherwise. |
| *Arbitral Proceedings: Procedural Timetable and Taking Evidence* | |
| 7. The arbitrator, in consultation with the parties, can explore what is needed to complete the presentation of the case and seek to exclude steps or submissions that are not truly necessary. | • Parties may find that a complete Request and a complete Answer, as described in above in the explanation to guidelines 2, 3 and 4, eliminate the need for further submissions, or that only brief notes on specific points or limited documentary or physical evidence are needed. The arbitrator can encourage the parties to produce any further submissions or evidence within a short time.<br>• It may not be necessary to hold a hearing. If a hearing is needed, a videoconference or a short hearing of one or two days may suffice.<br>• If a hearing is likely to be held, it is advantageous to fix the hearing date in the procedural timetable in order to establish an early date suitable to all concerned. If there is a hearing, opening and closing statements of parties or their counsel are often useful; however, the arbitrator or the parties can consider fixing time limits for those statements. |
| 8. The parties should ensure that their expenditure is proportional to what is at stake in the arbitration. | • For example, the parties may be able to devise an agreed budget for the proceedings. The arbitrator may have cost-saving suggestions.<br>• The arbitrator can indicate to the parties at the outset that in deciding on the recovery of costs under Article 31(3) of the ICC Rules of Arbitration the arbitrator will take into account the extent to which expenditure by each party was proportional to what was at stake in the arbitration. |
| 9. If the parties want | • The cost and time involved in the production of |

| | |
|---|---|
| discovery, they should consider limiting its scope. | evidence may outweigh the benefits in a small case. |
| 10. Consider avoiding or limiting the use of experts. | • There may be some issues which cannot be decided without the assistance of an expert. However, the use of experts may add to the time and cost of the arbitration. If experts are necessary, it may be possible to proceed with only a tribunal-appointed expert or with only party-appointed experts, but not both.<br><br>• If used, expert reports should include the factual basis upon which the report is produced. If there are multiple experts, it may be advisable for them to discuss their views with each other in good time before any hearing with a view to agreeing as much as possible. This will make it easier for the arbitrator to evaluate the reports effectively. |

| | |
|---|---|
| 11. Hold meetings or hearings in a cost-effective location. | • Subject to Article 14(2) of the ICC Rules of Arbitration, it is permissible to conduct hearings and meetings at any location. This has no effect on the place of arbitration chosen by the parties or fixed by the Court. |
| 12. Conduct any discussion of procedural issues by correspondence, telephone or electronically, without a hearing. | • Doing so can eliminate travel time and travel costs. |
| 13. Consider using technology to make the presentation of evidence more efficient. | • For example, pleadings, submissions, evidence and other documents can be submitted electronically. However, this may not be appropriate for parties who do not have the necessary expertise or equipment, where electronic systems are incompatible, or where it would not be in accordance with applicable law. |
| 14. In general, the parties and the arbitrator should make all reasonable efforts to shorten the time needed for arbitrating a small claim. | • The cooperation and good faith of all of the parties are essential to achieving rapid and cost-effective proceedings.<br><br>• The parties and the arbitrator can consider using Article 32(1) of the ICC Rules of Arbitration to shorten the six-month time period for the arbitrator to render the award, as set out in Article 24(1). Any such shortening should be realistic and done in coordination with the arbitrator. |

Copyright © 2003 International Chamber of Commerce

Published in March 2003