## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA

| | |
|---|---|
| MARC BRAGG, Esq., an individual, | CIVIL DIVISION |
| Plaintiff, | No. 06-cv-4925 |
| v. | **JUDGE EDUARDO ROBRENO** |
| LINDEN RESEARCH, INC., a corporation, and PHILIP ROSEDALE, an individual, | |
| Defendants. | |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE DECLARATION OF PERSONAL FINANCIAL INFORMATION UNDER SEAL

AND NOW, comes Plaintiff, Marc Bragg, Esq., by and through counsel, Jason A. Archinaco, Esq., and the law firm of WHITE AND WILLIAMS, LLP, and files the following Motion for Leave to File Declaration of Personal Financial Information Under Seal, and avers as follows:

### PROCEDURAL BACKGROUND

1. Defendants have filed a Motion to Compel Arbitration seeking to have this case transferred to arbitration in the International Chamber of Commerce forum in San Francisco, California.

2. On February 5, 2007, this Honorable Court heard argument from both sides regarding this issue. The Court has not yet ruled on this Motion.

3. Plaintiff has requested to file a supplemental brief to address various matters raised by the court during the course of oral argument.

4. Should the Court grant such a request, it is the intention of Plaintiff to file an additional declaration setting forth his financial circumstance. Indeed, Plaintiff and his counsel

PITDMS 38751v.1

Dockets.Justia.com

believe that the filing of such a declaration is necessary, in any event, given the repeated attacks on Plaintiff and representations being made to the Court by Defendants. Although Plaintiff's initial declaration remains uncontested (and Defendants did not call Plaintiff on cross-examination despite his presence at the hearing), Defendants have suggested implicitly and explicitly that Plaintiff has greater financial means than he does.

5. For example, in an effort to mislead the Court as to Plaintiff's financial means, Defendants initially claimed, in their Motion to Compel Arbitration, that Plaintiff owned real property in California. See Defendants' Motion to Compel Arbitration, Page 3, attached hereto as Exhibit "1." That claim was only withdrawn after counsel for Defendants was provided with a Rule 11 safe harbor letter. See Rule 11 Letter dated January 30, 2007, and Attorney Soven's Response dated February 2, 2007, collectively attached hereto as Exhibit "2."

6. Plaintiff and his counsel recognize that that this Court requires a showing of "good cause" before a document can or should be filed under seal.

7. Plaintiff believes that "good cause" can be shown for filing his declaration under seal.

### ROSEDALE'S PROMISE OF "THE PRICE" FROM GOING PUBLIC

8. On June 30, 2004, Defendant Rosedale announced that there would be a "price" to any consumer who would file a lawsuit with regard to virtual property. See, June 30, 2004, Gamespot article, attached hereto as Exhibit "3."

9. Indeed, Defendant Rosedale, foreshadowing how he and Defendant Linden would litigate any virtual property dispute, stated:

**"At what point in a dispute are you willing to bring your identity into it, and what's the price to you of that?  I'd say for a lot of people, it would be quite high."**

*Id at Exhibit "3"*

10. Further, Defendant Rosedale stated:

> the disputes will probably be resolved in-world, because people value anonymity. **If you have to lose anonymity to resolve a dispute, what's the value of that? You may be willing to settle on that basis alone.**

*Id at Exhibit "3"*

11. Defendant Rosedale apparently believes that a Plaintiff will settle rather than be humiliated during the litigation process.

12. Consistent with Defendant Rosedale's promise in 2004, a "price" is being inflicted intentionally on Plaintiff through the filing of unverified and unsubstantiated pleadings and *ad hominem* attacks on Plaintiff. For example, without any evidentiary support, Defendants asserted that Plaintiff "rigg(ed) auctions and cheat(ed) other participants." See, Reply Memorandum of Law of Defendants Linden Research, Inc. and Philip Rosedale in Further Support of Their Motion to Compel Arbitration, at Page 1, attached hereto as Exhibit "4." Despite a written demand on January 30, 2007 to Defense counsel that Defendants either identify the "other participants" that Plaintiff allegedly cheated or withdraw the statement, Defendants have refused to do either. See letters, collectively attached hereto as Exhibit "2."

13. Additionally, in an effort to degrade and humiliate Plaintiff, Defendant Linden, on or about October 7, 2006, within three days of the filing of the Chester County Complaint named a piece of land in Second Life after Plaintiff and sold the "Bragg" sim for approximately 30 U.S. Dollars ($8,010 Linden Dollars, at the exchange rate of 266 Lindens for one U.S. Dollar). See, stamped coversheet of Chester County Complaint,

attached hereto as Exhibit "5," and Bragg "sim" auction details attached hereto as Exhibit "6."[1]

14. One of the issues relating to Defendants' request that the Court compel arbitration between the parties in San Francisco, California, is the cost of such arbitration to Plaintiff.

15. Defendants in their Reply Brief in Further Support of Motion to Compel Arbitration argued that Plaintiff has failed to establish with the Court his ability or financial means to "cover the ...costs actually associated with ICC arbitration." The Defendants then go on at some length suggesting that Plaintiff can easily afford to travel to California to participate in arbitration merely because he is licensed to practice in California. See, Defendants' Reply Brief in Further Support of Motion to Compel Arbitration, Pages 14 and 15.

16. Plaintiff wishes to put before the Court his personal financial information to aid the Court in determination of whether Plaintiff can afford to pursue arbitration in San Francisco, California and such that the Court decides the matters before it on a correct, complete and true record.

17. Further, Plaintiff also wants the Court to have the proper factual foundation to support his sincere representations to the Court that should the Court transfer the case to arbitration, he is left with no alternative but to file an Amended Complaint proceeding only as to injunctive relief.

---

[1] As a consequence, there is now a "sim" inside Second Life, whose owner is unknown, which is named in mockery after Plaintiff, and over which use, Plaintiff has no control.

18. However, given the above, and Defendant Rosedale's statements, Plaintiff believes that

he has provided this Court with good cause to file a Declaration of his Personal Financial

Information under seal.

WHEREFORE, Plaintiff prays this Honorable Court enter and order granting leave for

Plaintiff to file Declaration of his Financial Affairs under Seal.

Respectfully submitted,

Date:  February 8, 2007                    WHITE AND WILLIAMS, LLP


By <u>CB 1429</u>
    Jason A. Archinaco, Esq.
    PA ID 76691
    Christopher Ballod, Esq.
    PA ID 89462
    The Frick Building, Suite 1001
    437 Grant Street
    Pittsburgh, PA 15219
    (412) 566-3520
    *Counsel for Plaintiff*

PITDMS 38751v.1