IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MARC BRAGG, Esq., an individual, | CIVIL ACTION |
| Plaintiff, | Case No. 06-4925 |
| v. |  |
| LINDEN RESEARCH, INC., a corporation, and PHILIP ROSEDALE, an individual, |  |
| Defendant. |  |

**REPLY MEMORANDUM OF LAW OF
DEFENDANTS LINDEN RESEARCH, INC. AND PHILIP ROSEDALE
IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION**

**I.   INTRODUCTION**

For purposes of the instant motion, the "virtual world" – and the academic legal issues which Bragg seeks to raise and the attendant publicity he seeks – has no place. In the real world, Bragg – an experienced attorney licensed in California (the law which applies here and the *situs* for the arbitration required here) and Pennsylvania, agreed to Linden's Terms of Service each and every time he participated in Second Life. In the real world, Bragg's misconduct on the site (which he does not dispute) by rigging "auctions" and cheating the other participants, caused his participation to end. While Bragg disputes the outcome of his termination from Second Life; in the real world, Bragg agreed that such a dispute would be arbitrated. In the real world, Linden's Terms of Service, including arbitration of disputes, are terms reasonable to accomplish the smooth operation of the service which Linden provides and to accommodate the thousands of worldwide participants who access the site (hence the ICC rules). In the real world, allowing Bragg to upset or circumvent those terms would seriously disrupt the orderly operation of

EXHIBIT 4