IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA

| | |
|---|---|
| MARC BRAGG, Esq., an individual, | CIVIL DIVISION |
| Plaintiff, | No. 06-cv-4925 |
| v. | **JUDGE EDUARDO ROBRENO** |
| LINDEN RESEARCH, INC., a corporation, and PHILIP ROSEDALE, an individual, | |
| Defendants. | |

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFS AND REPLY TO MEMORANDUM REGARDING EXHIBITS SUBMITTED BY PLAINTIFF FOLLOWING ORAL ARGUMENT**

AND NOW, comes Plaintiff, by and through counsel, Jason A. Archinaco, Esq., and the law firm of WHITE AND WILLIAMS, LLP and files the following Replies to Defendants' Opposition to Plaintiff's Motion for Leave to File Supplemental Briefs, and Defendants' Reply to Memorandum Regarding Exhibits Submitted by Plaintiff Following Oral Argument, as follows:

**REPLY TO MEMORANDUM REGARDING EXHIBITS**

1. In a transparent and desperate effort by Defendants to have this Court decide this matter without a complete and accurate record, Defendants have engaged in *ad hominem* attacks on Plaintiff and now counsel completely *dehors* any evidence of record.

2. For example, Defendants improperly accuse Plaintiff's counsel of attempting to "obscure" dates on Exhibits provided as promised to the Court, printed and filed shortly thereafter.[1]

---

[1] Counsel provided more legible copies of the Exhibits to the Court the following day.

PITDMS 38854v.1

3. The reality is that Defendant Rosedale attempted to mislead this Court at oral argument as to both the existence and contents of press releases located on Defendant Linden's own website at **http://lindenlab.com/press/releases** knowing that such press releases would: (1) support the exercise of personal jurisdiction over Defendant Rosedale pursuant to the standard of set forth in *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003) and, (2) completely impeach Defendant Rosedale's "I was accidentally quoted repeatedly in the media" defense to personal jurisdiction.

4. Quite frankly, the attack on the authenticity of the press releases demonstrates Defendant Rosedale's desperation given that the contents of the press releases: (1) are completely consistent with the repeated representations made by Defendant Rosedale in his multiple national interviews, (2) belie his attempt to try to persuade this Court that he did not "purposefully" give the national media interviews consistent with his media campaign,[2] and (3) contradict the repeated representations of Defendant Rosedale at oral argument regarding their existence.

5. Defendant Rosedale, in another attempt to mislead this Court, suggests that it cannot be established "when the press releases were posted to the website," See, *Memorandum Regarding Exhibits*, ¶ 2, and, even worse, claim that the documents were only "allegedly obtained from Linden's website." *Id.* at introductory language.[3]

6. Apparently, Defendants disingenuously claim that they cannot establish when <u>their own press releases</u> were published to their website, however, <u>Plaintiff can so establish the</u>

---

[2] Defendants again apparently seek to suggest that Defendant Rosedale did not "author" the statements in the press releases, arguing that the press releases merely "attributes a statement to Mr. Rosedale." Needless to say, any such suggestion is simply absurd.

[3] The Court can quite easily access the website located at **http://lindenlab.com/press/releases** to take judicial notice of the existence of the press releases on the website and to the extent that the Court would even, momentarily, entertain the notion that Plaintiff or his counsel "fabricated" such press releases.

<u>dates the press releases were published</u>. Attached hereto are print outs from http://web.archive.org (popularly known as the "Internet Archive Wayback Machine") which establish that the press releases at issue were published the Linden Lab website, at or about the dates actually contained in the press releases themselves. See, Linden Lab Press Room Pages and original Press Releases captured by http://web.archive.org, attached hereto as Exhibits "1" through "6," and index of 327 archived versions of Linden Labs webpages, from 2001 to 2006, on the http://web.archive.org servers, attached hereto as Exhibit "7."

### REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFS IN OPPOSITION

7. Consistent with the *ad hominem* attacks contained in the Reply to Memorandum Regarding Exhibits, Defendants have also launched into similar attacks in their Opposition to Plaintiff's Motion for Leave to File Supplemental Briefs in Opposition.[4]

8. Defendants, accuse Plaintiff of "waffling" and "inconsistent litigation positions." Plaintiff has not "waffled" or taken "inconsistent litigation positions" at all, as Plaintiff has consistently and clearly requested this Court to issue a judicial declaration of the fraudulent and underhanded dealings of Defendants in their dealings with him and consumers at large.

9. Indeed, what has become completely apparent is that that Defendants "defense" in this case is two-fold, to: (1) throw up any and all procedural road blocks possible to avoid a decision on the merits by this Court and (2) personally attack not only Plaintiff but also his counsel.

---

[4] Plaintiff's counsel also notes that, contrary to Defendant simply filing their Memorandum Regarding Exhibits without leave of court, Plaintiff requested leave of court. Moreover, if the facts were as Defendants suggest re: the arguments before the Court being moot, then why did they file their Memorandum at all?

PITDMS 38854v.1

10. The "defense" of procedural roadblocks and attacks on Plaintiff and counsel is merely Defendants' improper attempt to persuade this Court not to hear the case at all and/or to decide matter on an incomplete and misleading record.

11. Accordingly, this Court should grant Plaintiff's request to file Supplemental Briefs to address matters raised by the Court at oral argument.[5]

12. Finally, as promised to this Court, counsel will file a proposed Amended Complaint as soon as practicable and, likely, simultaneous with the filing of the Supplemental Briefs.[6]

Respectfully submitted,

Date: February 8, 2007

WHITE AND WILLIAMS, LLP

By <u>CB 1429</u>
    Jason A. Archinaco, Esq.
    PA ID 76691
    Christopher Ballod, Esq.
    PA ID 89462
    The Frick Building, Suite 1001
    437 Grant Street
    Pittsburgh, PA 15219
    (412) 566-3520
    *Counsel for Plaintiff*

---

[5] For example, counsel notes that this Court inquired about case authority pertaining to the Court's power to "blue line" an arbitration agreement under California law. Counsel has located the 9th Circuit's opinion with regard such issue and will provide an analysis of the case of *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257 (9th Cir. 2006), which expressly prohibits any "blue lining" where unconscionability is pervasive throughout the arbitration clause and where there are multiple defects that would have to be corrected.

[6] Counsel notes that the oral argument transcript is not currently available to him; however, a clear representation was made to this Court that Plaintiff would amend his complaint to pursue injunctive relief as a last resort if this Court was going to transfer this case to San Francisco, particularly given that any such action by the Court transferring the case to arbitration in San Francisco would put Plaintiff out of court.

PITDMS 38854v.1