159.    Indeed, any attempt to claim that the TOS effectively operates, in any way, to suspend the laws of the United States, is simply unconscionable and absurd.

160.    While Defendants provide a TOS, it did not state or provide any term or condition such that Defendants may retain and/or convert Bragg's money, or that Plaintiff ever waived the right to, retain and remove, Plaintiff's property interests or his U.S. currency on deposit held in trust with Defendants.   Moreover, the TOS does not address deleting land and, in fact, the land existing in Second Life is never deleted, instead persisting with a name, size and location, all the things that make "real property" unique.

161.    Indeed, any such terms would be utterly inconsistent with the repeated representations made by Defendants in the media and press.

162.    To the extent that Defendants seek to interpret their own TOS inconsistently with the representations made by them to the world in the media and press or that Defendants may withhold, retain, and/or convert Plaintiff's property interests or Plaintiff's U.S. currency on deposit in trust with Defendants in any way, shape or form, such terms and/or conditions are unconscionable and should otherwise be deemed void as against public policy and not enforceable.

163.    Further, Defendants' TOS provides no clear or reasonable notice to Plaintiff that Defendants may at any time, without notice, and/or without identifying a violation of Defendants' TOS, or in fact there being a violation of Defendants' TOS, withhold, retain, and/or convert all property interests and U.S. Currency belonging to the Plaintiff.  Even if the TOS did contain any such terms, they would be unconscionable and unenforceable.

164.    The TOS provides, in relevant part, the following misleading assertions:

PITDMS 39275v.1

Dockets.Justia.com

a. "The Websites and Linden Software collectively constitute the "Service" as used in this Agreement;" however, the TOS does not claim that the software created by participants is controlled by the TOS (Section 1.1);

b. in Section 1.2, that "Linden Lab is a service provider, which means.... that Linden Lab does not control various aspects of the service" leading Plaintiff to believe that he, consistent with Defendants' public representations regarding ownership rights, instead controlled those aspects of his investments;

c. in Section 1.3, that "Linden Lab and other parties have rights in their respective content, which you agree to respect" leading Plaintiff to believe that he had full ownership and title rights in his content, and that Defendants would respect and preserve same to the best of their ability;

d. in Section 1.3, that "Linden Lab and other Content Providers [which includes Plaintiff] have rights in their respective Content under copyright and *other applicable laws* and treaty provisions, and that except as described in this Agreement, such rights are not licensed or otherwise transferred by mere use of the Service[]" leading Plaintiff to believe that by investing thousands of dollars in U.S. currency constitutes something substantially more than "mere use" of the Service and that investment was not subject to conversion, fraudulent or otherwise, by Defendants;

e. in Section 1.4, establishing a "currency" (Linden Dollar) and granting a limited license to same, but not otherwise limiting or restricting Plaintiff's rights to withdraw U.S. currency in his respective account, and not clearly explaining that the limited license right could be revoked or modified as to a single or group of

-31-

users, instead suggesting that Defendants' right to modify the limited license right

it granted would be applied to all participants, and not selectively modified for

one or more;

f.     in Section 1.5, explaining that the use of the words "buy" and "sell" on their

website is used to indicate the transfer of the limited license right described in

Section 1.4, and stating that Defendants may deny any sell order individually "for

any reason," which terms are unconscionable and contrary to, but not in any way

suggesting that, the U.S. currency in Plaintiff's account was subject to the above

arbitrary standard;

g.     further, in Section 1.5, the arbitrary standard of "for any reason" being

unconscionable, it should be deemed void and of no force or effect;

h.     in Section 1.7, providing that participants agree to the posted pricing and billing

policies on the Websites, which in relevant part under the common law reciprocal

rights pursuant to contract law in California, requires Defendants then to abide by

their posted pricing and billing policies, which would require Defendants to honor

all auctions that were closed and paid for and all title transfers in connection with

them;

i.     in Section 2.5, providing that any participant may cancel an account at any time

and in not stating or otherwise suggesting that any such cancellation would forfeit

any and/or all U.S. currency placed and/or transferred into Plaintiff's account;

j.     in Section 2.6, providing that Defendants may "suspend or terminate your account

any time, without refund or obligation," but not otherwise providing that the

assets and ownership interests conveyed by Defendants and/or third parties would

-32-

be retained by Defendants, or otherwise unrecoverable. Moreover, to the extent that Defendants attempt to interpret Section 2.6 inconsistently with their public statements and representations, they should be estopped from doing so and any interpretation inconsistent with their public representations is unconscionable and/or any interpretation that Section 2.6 is tantamount to any "right" of Defendants to convert the property and/or currency of Plaintiff, such an interpretation is unconscionable and unenforceable as a matter of law;

k.      in Section 3.1, providing that participants have a nonexclusive, limited, revocable license which is not subject to revocation for so long as the participant is in compliance with the TOS;

l.      in Sections 3.2 and 3.3, granting Defendants the irrevocable right to delete all data stored on Defendants' servers, and granting ownership of the "account" only in Defendants, but not otherwise granting Defendants the right to convert Plaintiff's U.S. currency held in trust by Defendants, or the title to the virtual property conveyed to Plaintiff to the extent the data representing that property has not been deleted or, further, the right to interfere with the intellectual property rights of the participant. Moreover, to the extent that Defendants attempt to interpret Section 3.2 or 3.3 inconsistently with their public statements and representations, they should be estopped from doing so and any interpretation inconsistent with their public representations is unconscionable and/or any interpretation that Sections 3.2 and 3.3 is tantamount to any "right" of Defendants to convert the property and/or currency of Plaintiff, such an interpretation is unconscionable and unenforceable as a matter of law

m.    in Section 4.1, defining community standards, but not stating any standard by which Plaintiff's actions while a participant could be reasonably deemed to have violated any of the stated community standards;

n.    in Section 5, et seq., providing various releases in favor of Defendants, many of which are unconscionable, and/or require mutuality, and none of which release Defendants from any claim for conversion of the U.S. currency held in trust by Defendants in favor of Plaintiff, or release Defendants for conversion of assets and data belonging to Plaintiff that have not been deleted (i.e., the land purchased by Plaintiff), or release Defendants for damages caused by interfering with prospective economic advantage or economic relations between participants, or release Defendants for intentionally destroying Plaintiff's data with an intent to harm and without any proper purpose;

o.    in Section 5.4, acknowledging that certain limitations and terms stated in the TOS may not be enforceable in various jurisdictions.

165.    Defendants' representations regarding the transfer of full and alienable title to participants upon the purchase of land, and the transfer of ownership rights consequent to participants' copyright and trademark interests, and Plaintiff's consideration given in light of those statements, are material modifications to the TOS to the extent those statements by Defendants are contrary to the written terms of the TOS.

166.    Further, Defendants did not state in their TOS that they had the unfettered right to take back the title to any of the land they sold nor did Defendants provide any process for the recovery of title from their participants. Further, the TOS does not state that Defendants have the unfettered right to obstruct or otherwise impede a participants use of his intellectual property

rights or that the TOS governs or acts to otherwise interfere with transactions between third parties.

167.    In essence, despite Defendants' public statements regarding land ownership and the retention of intellectual property rights, representations that they used and are using to build their participant base, Defendants simply depart from those public statements at their own whim and for their own profits.

### COUNT I: VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW *(73 P.S. § 201-1, et. seq.)* v. ALL DEFENDANTS

168.    Plaintiff hereby incorporates by reference Paragraphs 1 through 167, as more fully set forth above.

169.    Plaintiff acquired virtual land, property and items from Defendants primarily for personal, family and/or household purposes.

170.    Defendants knowingly and actively represented that title to land (and virtual items) purchased in Second Life and all associated ownership rights would pass to the buyer Plaintiff.

171.    Defendants also knowingly and actively represented that participants in Second Life would retain all of their intellectual property rights.

172.    The representations of Defendants were false as to the virtual land, property, items and intellectual property rights and violated, at a minimum, 73 P.S. § 201-2 (4): (v), (ix) and (xxi).

173.    Further, Defendants never explicitly stated that depositing U.S. currency with Defendants in an account was, in truth, a forfeiture of such real world money.  Indeed, every statement made by Defendants gave the appearance, impression and deceptively caused Plaintiff to believe that his real world U.S. currency was actually his own money, and not simply being

-35-

taken, without his knowledge, by the Defendants for their own unlawful and unjust reasons. Indeed, that is the entire purpose of the "currency exchange" run by Defendant Linden, to misrepresent to consumers that it is actually a currency exchange when, in reality, it is simply a mechanism by which Defendants devalue and take consumers' money.

174.    Defendants knowingly and actively concealed their misrepresentations and did not specifically state or otherwise disclose their misrepresentations in their TOS or otherwise because to do so, would have destroyed the entire purpose of their scheme, unfair methods of competition and/or deceptive acts or practices.

175.    The misrepresentations made by Defendants were material to the transactions at issue and constitute unfair methods of competition and unfair or deceptive acts or practices in violation of 73 P.S. § 201-1, et. seq. and more specifically 73 P.S. § 201-2.

176.    At all times relevant hereto, it was the intent of Defendants to deceive, defraud and induce reliance upon the material misrepresentations. Indeed, the primary purpose of the false statements was to increase the participant base for Second Life under the false pretense that participants in Second Life would acquire rights, title and interests to virtual land, property and items and retain their intellectual property rights, unlike other MMORPG that claim that the participants surrender or fail to possess such rights.

177.    Defendants' statements to the media purporting to give exclusive ownership rights to Plaintiff and other Second Life participants are evidence of their intent to deceive, defraud and/or induce reliance by the Plaintiff to purchase the land and otherwise invest valuable time and consideration in Second Life.

178.    Plaintiff justifiably relied upon the material misrepresentations made by Defendants and purchased the virtual land in question, using U.S. currency, under the belief that

title was transferred to him by Defendants and that he would retain all his intellectual property rights.

179.    Had Plaintiff known that the Defendants were making completely false assertions of ownership rights and retention of intellectual property rights and perpetuating a ruse to generate a larger participant base, he would never have purchased the virtual land, property or items or otherwise invested his real world time or U.S. currency in Second Life or with Defendants.

180.    Indeed, Defendants knew that no one would invest their time or money with them or in Second Life without the misrepresentations of ownership and retention of intellectual property rights, which is the precise reason they made such false representations.

181.    Further, had Plaintiff known that Defendants would, at their whim, repossess and subsequently resell the land in question and keep all the proceeds for themselves to enrich themselves, Plaintiff would never have purchased the land in exchange for real world U.S. currency.

182.    Had Plaintiff known that Defendants would, at their whim, simply take his real world U.S. currency and keep it for themselves, he would never have entrusted his real world U.S. currency with Defendants and placed such money in any account with Defendants.

183.    As will be more fully set forth at length herein, injunctive relief and/or specific performance should be ordered against Defendants as the virtual property owned by Plaintiff was and remains unique and no adequate remedy at law exists with regard to depriving Plaintiff of the use and benefit of his virtual land.

184.    Additionally, Defendants have admitted that they have sold title to the virtual land to third parties / participants.  As such, Defendants should be enjoined from preventing Plaintiff

and/or any other customers from accessing virtual land that is not owned by Defendants that has, instead been sold by Defendants.

185.    The Court should further declare that, having sold the virtual land, Defendants no longer have any ownership interest in such land or in those portions of the Second Life world that Defendants sold to third parties, including Plaintiff, other than the express responsibility of Defendants to maintain and/or not take such other acts to preclude or prevent participants from enjoying and utilizing their own virtual land.

186.    The Court should also declare that Defendants have no rights to interfere with access to the virtual land owned by Plaintiff and, as such, should require access to such land and, to the extent that Defendants claim otherwise, create an easement to permit such access.

187.    Over 40,000 consumers are believed to have purchased land from Defendant Linden and expended significant sums in excess of $75,000. Each consumer is adversely effected by Defendants' attempts to contradict their public statements.

188.    Accordingly, the Court should provide the following injunctive relief and Defendants should be enjoined:

a.      from continuing in their false and misleading advertising campaign of virtual property ownership;

b.      from continuing in their false and misleading advertising campaign of permitting consumers to retain their intellectual property rights;

c.      from continuing in their false and misleading advertising campaign of running a "currency exchange" when, in fact, it is not an exchange at all but a mechanism to devalue consumers' money;

d.      from prohibiting or otherwise interfering with consumers' access to the virtual property purchased from Defendant Linden and with the court creating such an easement as is necessary under the circumstances to permit such access;

e.      from prohibiting or otherwise interfering with consumers' ability to transfer, sell, or otherwise exploit their virtual property purchased from Defendant Linden;

f.      from prohibiting or otherwise interfering with consumers intellectual property and/or copyrights in their virtual property and/or creations;

g.      from prohibiting and/or otherwise claiming that consumers who purchase virtual land from Defendant Linden are not the owners of such land;

h.      from taking any position or making any assertion that the virtual land sold by Defendant Linden is somehow still owned by Defendant Linden and has not actually been sold to Plaintiff and/or consumers;

i.      from prohibiting or otherwise interfering with Plaintiff's right to access, sell or otherwise transfer his virtual items and/or virtual land;

j.      from prohibiting or otherwise interfering with Plaintiff's right to exploit, transfer, assign and/or otherwise utilize his intellectual property and copyrights;

k.      from prohibiting or otherwise taking any act to confiscate or improperly possess Plaintiff or consumers' U.S. currency, whether simply deposited in an account with Defendant Linden and/or transferred into Linden dollars; and,

l.      from confiscating or otherwise causing any forfeiture of Plaintiff and/or consumers' property without proper and adequate due process.

WHEREFORE, Plaintiff Marc Bragg prays this Honorable Court enter judgment against Defendants and in his favor and provide the injunctive relief as set forth herein for Plaintiff and

consumers and against Defendants Linden Research, Inc. and Philip Rosedale with the court to award such attorney fees as it deems proper and just.

### JURY TRIAL DEMANDED

### COUNT II: VIOLATION OF THE CALIFORNIA UNFAIR AND DECEPTIVE PRACTICES ACT (Cal. Bus. & Prof. Code § 17200)  v. ALL DEFENDANTS

189.    Plaintiff hereby incorporates by reference Paragraphs 1 through 188 as more fully set forth above.

190.    Defendants knowingly and actively misrepresented to Plaintiff and to the public as a whole that all right, title and interest to the virtual land and all associated ownership rights would pass to buyers and that Plaintiff would retain his intellectual property rights.

191.    These misrepresentations were material to the transaction as it involved the development of real estate in Second Life in which Defendants represented that all right, title and ownership rights were to be conferred to buyers and that all intellectual property rights were retained by the participants and/or otherwise preserved.

192.    At all times relevant hereto, it was the intent of Defendants to deceive, defraud and induce reliance of both Plaintiff and the public as a whole upon the material misrepresentations.

193.    Such misrepresentations are violations of Cal Civ. Code § 1711 that provides: "One who practices a deceit with intent to defraud the public, or a particular class of persons, is deemed to have intended to defraud every individual in that class, who is actually misled by the deceit."

194.    Plaintiff justifiably relied upon the material misrepresentations made by Defendants and purchased the virtual land in question under the belief that title was transferred to him by Defendants.

-40-

195.    Further, Plaintiff justifiably relied upon the material misrepresentations with regard to the preservation and retention of his intellectual property rights.

196.    Had Plaintiff known that Defendants misrepresented ownership rights in order to induce Plaintiff to purchase virtual land, Plaintiff would have never purchased the virtual land and/or otherwise invested his U.S. currency and/or time in Second Life and with Defendants.

197.    Moreover, had Plaintiff known that Defendants, after their misrepresentations, would repossess and subsequently resell the virtual land and interfere and/or destroy his intellectual property rights, Plaintiff would never have purchased the virtual land in the first place nor provided his U.S. currency to Defendants.

198.    Further, Defendants never explicitly stated that depositing U.S. currency with Defendants in an account was, in truth, a forfeiture of such real world money.  Indeed, every statement made by Defendants gave the appearance, impression and deceptively caused Plaintiff to believe that his real world U.S. currency was actually his own money, and not simply being taken, without his knowledge, by the Defendants for their own unlawful and unjust reasons.

199.    The misrepresentations of Defendants as set forth above violated Cal. Civil Code § 1750, and 1770 (a) (7), (9), (16) and (19).

200.    As a result of the fraudulent and deceptive conduct engaged in by the Defendants, Plaintiff sustained damages and was harmed.

201.    Accordingly, the Court should provide the following injunctive relief and Defendants should be enjoined:

a.      from continuing in their false and misleading advertising campaign of virtual property ownership;

b.      from continuing in their false and misleading advertising campaign of permitting

consumers to retain their intellectual property rights;

c.      from continuing in their false and misleading advertising campaign of running a

"currency exchange" when, in fact, it is not an exchange at all but a mechanism to

devalue consumers' money;

d.      from prohibiting or otherwise interfering with consumers' access to the virtual

property purchased from Defendant Linden and with the court creating such an

easement as is necessary under the circumstances to permit such access;

e.      from prohibiting or otherwise interfering with consumers' ability to transfer, sell,

or otherwise exploit their virtual property purchased from Defendant Linden;

f.      from prohibiting or otherwise interfering with consumers intellectual property

and/or copyrights in their virtual property and/or creations;

g.      from prohibiting and/or otherwise claiming that consumers who purchase virtual

land from Defendant Linden are not the owners of such land;

h.      from taking any position or making any assertion that the virtual land sold by

Defendant Linden is somehow still owned by Defendant Linden and has not

actually been sold to Plaintiff and/or consumers;

i.      from prohibiting or otherwise interfering with Plaintiff's right to access, sell or

otherwise transfer his virtual items and/or virtual land;

j.      from prohibiting or otherwise interfering with Plaintiff's right to exploit, transfer,

assign and/or otherwise utilize his intellectual property and copyrights;

k.    from prohibiting or otherwise taking any act to confiscate or improperly possess

Plaintiff or consumers' U.S. currency, whether simply deposited in an account

with Defendant Linden and/or transferred into Linden dollars; and,

l.    from confiscating or otherwise causing any forfeiture of Plaintiff and/or

consumers' property without proper and adequate due process.

WHEREFORE, Plaintiff Marc Bragg prays this Honorable Court enter judgment against

Defendants and in his favor and provide the injunctive relief as set forth herein for Plaintiff and

consumers and against Defendants Linden Research, Inc. and Philip Rosedale with the court to

award such attorney fees as it deems proper and just.

### JURY TRIAL DEMANDED

### COUNT III: VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT, Ca. Civ. Code § 1750, et. seq. v. ALL DEFENDANTS

202.    Plaintiff hereby incorporates by reference Paragraphs 1 through 201, as more fully

set forth above.

203.    As set forth above and herein, the acts, statements and material omissions of

Defendants constitute violations of the California Consumer Legal Remedies Act, codified at Ca.

Civ. Code § 1750, et. seq.

204.    Plaintiff repeatedly placed Defendants upon notice of their violations of his rights

that were, in fact, violations of Ca. Civ. Code § 1750, et. seq., including Cal. Civil Code § 1770

(a) (7), (9), (16) and (19).

205.    Plaintiff repeatedly demanded that Defendants correct their violation of Cal. Civil

Code § 1770 (a) (7), (9), (16) and (19).

206.    Defendants refused to provide any remedy or correction of their violations.

207.    As a result of Defendants violation of such statute, Plaintiff is entitled to an order enjoining such methods, acts, or practices.

208.    Accordingly, the Court should provide the following injunctive relief and Defendants should be enjoined:

a.    from continuing in their false and misleading advertising campaign of virtual property ownership;

b.    from continuing in their false and misleading advertising campaign of permitting consumers to retain their intellectual property rights;

c.    from continuing in their false and misleading advertising campaign of running a "currency exchange" when, in fact, it is not an exchange at all but a mechanism to devalue consumers' money;

d.    from prohibiting or otherwise interfering with consumers' access to the virtual property purchased from Defendant Linden and with the court creating such an easement as is necessary under the circumstances to permit such access;

e.    from prohibiting or otherwise interfering with consumers' ability to transfer, sell, or otherwise exploit their virtual property purchased from Defendant Linden;

f.    from prohibiting or otherwise interfering with consumers intellectual property and/or copyrights in their virtual property and/or creations;

g.    from prohibiting and/or otherwise claiming that consumers who purchase virtual land from Defendant Linden are not the owners of such land;

h.    from taking any position or making any assertion that the virtual land sold by Defendant Linden is somehow still owned by Defendant Linden and has not actually been sold to Plaintiff and/or consumers;

-44-

i.      from prohibiting or otherwise interfering with Plaintiff's right to access, sell or

otherwise transfer his virtual items and/or virtual land;

j.      from prohibiting or otherwise interfering with Plaintiff's right to exploit, transfer,

assign and/or otherwise utilize his intellectual property and copyrights;

k.      from prohibiting or otherwise taking any act to confiscate or improperly possess

Plaintiff or consumers' U.S. currency, whether simply deposited in an account

with Defendant Linden and/or transferred into Linden dollars; and,

l.      from confiscating or otherwise causing any forfeiture of Plaintiff and/or

consumers' property without proper and adequate due process.

WHEREFORE, Plaintiff Marc Bragg prays this Honorable Court enter judgment against

Defendants and in his favor and provide the injunctive relief as set forth herein for Plaintiff and

consumers and against Defendants Linden Research, Inc. and Philip Rosedale with the court to

award such attorney fees as it deems proper and just.

## **JURY TRIAL DEMANDED**

## **COUNT IV: FRAUD AND/OR FRAUD IN THE INDUCEMENT v. ALL DEFENDANTS**

209.    Plaintiff hereby incorporates by reference Paragraphs 1 through 208, as more fully

set forth above.

210.    As set forth above and herein, Defendants made:

a.      False representations;

b.      Material to the transaction at hand;

c.      Made falsely and with knowledge of their falsity and/or recklessness as to

whether the statements were true and/or false;

d.      With the intent of misleading Plaintiff into relying upon the misrepresentations;

e.    That Plaintiff justifiably relied upon; and

f.    That caused and/or proximately caused Plaintiff damages and/or injuries.

211.    As a result of the fraudulent and deceptive conduct engaged in by the Defendants, Plaintiff sustained damages and was harmed in an amount to be determined at trial.

212.    Accordingly, the Court should provide the following injunctive relief and Defendants should be enjoined:

a.    from continuing in their false and misleading advertising campaign of virtual property ownership;

b.    from continuing in their false and misleading advertising campaign of permitting consumers to retain their intellectual property rights;

c.    from continuing in their false and misleading advertising campaign of running a "currency exchange" when, in fact, it is not an exchange at all but a mechanism to devalue consumers' money;

d.    from prohibiting or otherwise interfering with consumers' access to the virtual property purchased from Defendant Linden and with the court creating such an easement as is necessary under the circumstances to permit such access;

e.    from prohibiting or otherwise interfering with consumers' ability to transfer, sell, or otherwise exploit their virtual property purchased from Defendant Linden;

f.    from prohibiting or otherwise interfering with consumers intellectual property and/or copyrights in their virtual property and/or creations;

g.    from prohibiting and/or otherwise claiming that consumers who purchase virtual land from Defendant Linden are not the owners of such land;

h.      from taking any position or making any assertion that the virtual land sold by

Defendant Linden is somehow still owned by Defendant Linden and has not

actually been sold to Plaintiff and/or consumers;

i.      from prohibiting or otherwise interfering with Plaintiff's right to access, sell or

otherwise transfer his virtual items and/or virtual land;

j.      from prohibiting or otherwise interfering with Plaintiff's right to exploit, transfer,

assign and/or otherwise utilize his intellectual property and copyrights;

k.      from prohibiting or otherwise taking any act to confiscate or improperly possess

Plaintiff or consumers' U.S. currency, whether simply deposited in an account

with Defendant Linden and/or transferred into Linden dollars; and,

l.      from confiscating or otherwise causing any forfeiture of Plaintiff and/or

consumers' property without proper and adequate due process.

WHEREFORE, Plaintiff Marc Bragg prays this Honorable Court enter judgment against

Defendants and in his favor and provide the injunctive relief as set forth herein for Plaintiff and

consumers and against Defendants Linden Research, Inc. and Philip Rosedale with the court to

award such attorney fees as it deems proper and just.

**JURY TRIAL DEMANDED**

## COUNT V: VIOLATION OF CALIFORNIA CIVIL CODE § 1812.600, et. seq. v. ALL DEFENDANTS

213.    Plaintiff hereby incorporates by reference Paragraphs 1 through 212, as more fully

set forth above.

214.    California Civil Code §1812.600, et. seq., governs auction transactions in or

originating from the State of California.

215.    The sale of the virtual land, as set forth more fully at length herein and above, occurred via and qualifies as an auction pursuant to Cal. Civ. Code §1812.601(b).

216.    Defendant, Linden, is an "auction company" as that term is defined in Cal. Civ Code §1812.601(c).

217.    Further, Defendant, Linden, is an auctioneer as that term is defined in Cal. Civ. Code. §1812.601(d).

218.    The virtual property sold by Defendant, Linden, qualifies as a good under Cal. Civ. Code §1812.601(g).

219.    Cal. Civ. Code §1812.600, et. seq., cannot be waived and any attempts waive such code sections are contrary to public policy, void and unenforceable pursuant to Cal. Civ. Code §1812.609.

220.    Upon information and belief, Plaintiff alleges that Defendants have not provided a bond to the California Secretary of State, did not post or distribute the terms, conditions, restrictions, and procedures for the goods sold at their auctions, and upon re-auctioning Plaintiff's land as described below, did not provide Plaintiff with either the information required to be provided and associated with those subsequent auction transactions, or the proceeds thereof, all in violation of various provisions of the above statute including Cal. Civ. Code §§ 1812.600(a)-(c), 1812.607(a), (c), (g), (i), (j), (k), (l), and (m); 1812.608(a), (c), (d), (f), (g), (i), (j) and (k).

221.    Defendant, Linden, also violated Cal. Civ. Code § 1812.605 (c) and 1812.608 (c), (j), (g), (i) and (j) by failing to truthfully represent the goods to be auctioned, and indeed, lying about the goods that were being auctioned, their value and/or condition as more fully set forth at length herein and above.

222.   Defendant Rosedale aided and abetted Defendant Linden in violating Cal. Civ. Code § 1812.600 et seq. by making numerous false statements in the media and to the press and, accordingly, is liable pursuant to Civ. Code § 1812.608 (b), (c), (i) and has, accordingly, committed a misdemeanor and is punishable pursuant to § 1812.604.

223.   By violating Cal. Civ. Code § 1812.600, et. seq., and pursuant to § 1812.604, Defendant Linden is guilty of a misdemeanor.

224.   Accordingly, this Court should enter injunctive relief to enjoin and/or cause Defendants to comply with California law as codified above and herein.

WHEREFORE, Plaintiff Marc Bragg prays this Honorable Court enter judgment against Defendants and in his favor and provide the injunctive relief as set forth herein for Plaintiff and consumers and against Defendants Linden Research, Inc. and Philip Rosedale with the court to award such attorney fees as it deems proper and just.

### JURY TRIAL DEMANDED

### COUNT VI: CONVERSION v. DEFENDANT LINDEN

225.   Plaintiff hereby incorporates by reference Paragraphs 1 through 224, as more fully set forth above.

226.   Plaintiff held all title, interest and possessory rights to the virtual land, items and intellectual property herein described that was acquired from Defendants and/or third parties and/or created by Plaintiff and paid for using U.S. Currency.

227.   Plaintiff equally held all title, interest and possessory rights in his U.S. Currency that was held on deposit by Defendants.

228.   The virtual property and U.S. currency described above and herein are interests capable of precise definition, exclusive possession or control and, Plaintiff had a legitimate claim

to exclusivity of such virtual property and U.S. currency.  As set forth above and herein, these rights were secured to Plaintiff through various statements made by Defendants to and in the media, in addition to Plaintiff's exclusive possessory rights to the virtual property, items, intellectual property and U.S. Currency by and through his payment of U.S. Currency for such items.

229.    Defendants intentionally, without Plaintiff's consent and without lawful justification, interfered with and destroyed Plaintiffs right of property in, or use or possession of the goods and/or chattel as more fully set forth above and herein.

230.    The interference with and disposition of Plaintiff's rights were wrongful and caused Plaintiff damages.

231.    Defendants did not refund or otherwise return the consideration paid for the property.  Moreover, Defendant Linden re-auctioned Plaintiff's virtual property and retained all the benefit of such auctions of their own good and unjust enrichment.

232.    Defendants should be enjoined and caused to return Plaintiff's property to him.

WHEREFORE, Plaintiff Marc Bragg prays this Honorable Court enter judgment against Defendants and in his favor and provide the injunctive relief as set forth herein for Plaintiff.

**JURY TRIAL DEMANDED**

**COUNT VII: INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS / PROSPECTIVE ECONOMIC ADVANTAGE v. DEFENDANT LINDEN**

233.    Plaintiff hereby incorporates by reference Paragraphs 1 through 232, as more fully set forth above.

234.    Plaintiff possessed all intellectual property rights in the virtual items he created in Second Life and had the exclusive rights to exploit such copyrights and/or intellectual property rights.

-50-

235.    Plaintiff also possessed all rights in the virtual property he bought in Second Life from Defendants and/or third parties.

236.    Plaintiff had previously and, at the time that Defendants stole his property, entered into contracts with third parties for the sale of virtual property and/or the virtual items he had created in Second Life.  Further, Plaintiff had the right and/or ability to sell the virtual items he had obtained from third parties to others.

237.    Prospective contractual relations existed between Plaintiff and third parties for the sale of his virtual property and/or items, including the intellectual property he had created and/or the transfer of such rights to a third party.

238.    Defendants had knowledge of Plaintiff's rights and/or virtual land and items he possessed and of Plaintiff's past sale of such virtual items and of such prospective sales of such items and land.

239.    More specifically, Plaintiff had exclusive rights to exploit his copyrights, including the exclusive right of distribution which Defendants have maliciously interfered with and prevented Plaintiff from exploiting.

240.    Defendants intentionally, without any privilege and/or justification, interfered with Plaintiff's rights to such prospective contractual relations / economic advantage and caused Plaintiff damage.

241.    Accordingly, Defendants should be enjoined from interfering in Plaintiff's prospective contractual relations and/or economic advantage and/or taking any acts that interfere with his exclusive ability to exploit his copyrights and other intellectual property rights.

WHEREFORE, Plaintiff Marc Bragg prays this Honorable Court enter judgments against Defendants and in his favor and provide the injunctive relief as set forth herein for Plaintiff.

PITDMS 39275v.1

**JURY TRIAL DEMANDED**

**COUNT VIII: BREACH OF CONTRACT v. DEFENDANT LINDEN**

242.    Plaintiff hereby incorporates by reference Paragraphs 1 through 241, as more fully set forth above.

243.    Each of the virtual land transactions described herein and above by and between Plaintiff and Defendant Linden was a valid and enforceable contract.

244.    Plaintiff paid valuable consideration for the virtual land bought from Defendant Linden via auction.

245.    Defendant Linden agreed to provide all right, title and interest to the virtual land as described above and herein.

246.    Contrary to such agreement, Defendant Linden did not provide such right, title and interest to the virtual land and, as such, violated the contract between the parties.

247.    The agreements were written as they were executed through Defendants auction system.  Attached hereto collectively as Exhibit "3," are examples of the e-mail confirmations sent confirming such transactions that occurred through Defendant Linden's auction system.

248.    Defendant Linden intentionally took acts to deprive Plaintiff of the benefit of the contract and/or frustrated his rights to receive the benefits of the agreement actually made.

249.    Plaintiff has been harmed and damaged by Defendant Linden's breach of contract.

250.    Each of the pieces of virtual land purchased by Plaintiff from Defendant Linden was unique.

251.    There is no adequate remedy at law provided with regard to the purchase of the virtual land.  As such, Plaintiff is entitled to equitable / injunctive relief to protect his rights pursuant to the contract.

PITDMS 39275v.1

252.    Accordingly, Defendant Linden should be ordered to convey the virtual land back to Plaintiff and should be enjoined or otherwise prevented from precluding Plaintiff from accessing and enjoying his virtual land.

253.    Defendant Linden should also be ordered to provide access to Plaintiff such that he can exploit, enjoy and/or otherwise use his land without interruption and interference from Defendants.

WHEREFORE, Plaintiff Marc Bragg prays this Honorable Court enter judgment against Defendants and in his favor and provide the injunctive relief as set forth herein for Plaintiff.

**JURY TRIAL DEMANDED**

**COUNT IX: UNJUST ENRICHMENT v. ALL DEFENDANTS**

254.    Plaintiff hereby incorporates by reference Paragraphs 1 through 253, as more fully set forth above.

255.    Defendants not only took Plaintiff's virtual property from him, but also resold it to the highest bidder.

256.    The re-sale of the property was not governed by any written contract.

257.    Defendant's sold the virtual property at auction to the highest bidder to unjustly enrich themselves at the expense of Plaintiff.

258.    At no time did Defendants remit the money they obtained in the re-auction to Plaintiff.

259.    Accordingly, Defendants should be enjoined from the use of such money and of depriving Plaintiff of such money.

WHEREFORE, Plaintiff Marc Bragg prays this Honorable Court enter judgments against Defendants and in his favor and provide the injunctive relief as set forth herein for Plaintiff.

-53-

**JURY TRIAL DEMANDED**

**COUNT X: BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING v. DEFENDANT LINDEN**

260.   Plaintiff hereby incorporates by reference Paragraphs 1 through 259, as more fully set forth above.

261.   There is, implied in every contract, a covenant of good faith and fair dealing.

262.   In the contracts whereby Defendant Linden sold virtual land to Plaintiff, there was impliedly covenanted that Defendant Linden would, in good faith and in the exercise of fair dealing, deal with Plaintiff fairly and honestly and do nothing to impair, interfere with, hinder or potentially injure Plaintiff's rights.

263.   Plaintiff asserts this cause of action seeking contract damages for tortious breach of the implied covenant of good faith and fair dealing.  Plaintiff alleges this cause of action for breach of the implied covenant of good faith and fair dealing as to that conduct of the Defendants which is determined not to be a breach of an express contractual provision but which nonetheless is contrary to the contract's purpose and Plaintiff's legitimate expectations and thereby violates the implied covenant.

264.   As more fully set forth herein and above, Defendant breached the covenant, including but not limited to:

a.   Any and all of the Defendant Linden's conduct as alleged above to the extent that such conduct is determined not to be a breach of any express consensual term of any contract;

b.   Asserting an interpretation of the virtual property contracts which is contrary to the express terms of such contracts alleged above and herein and pursuant to such interpretation, the Defendant Linden has claimed that it is no longer required to

-54-

fulfill its express promises and obligations and, indeed, have frustrated the very purpose of the contracts by involuntarily taking back such virtual property for their own unjust enrichment and defeating the very purpose of the contract selling such land in the first place;

c.    Evading the spirit of the bargain which Plaintiff made with the Defendant Linden when it sold the virtual land to Plaintiff;

d.    Failing to deal with Plaintiff fairly and honestly and continually taking repeated action to impair, interfere with, hinder and injure Plaintiff's rights, such conduct being more fully set forth at length herein and above; and,

e.    Engaging in a pattern and practice of dishonesty as more fully set forth at length herein and above.

265.    Plaintiff performed under the contract as required by paying his U.S. currency for such virtual property.

266.    As a proximate result of the Defendant Linden's acts as alleged herein, Plaintiff has been damaged.

267.    Accordingly, the Court should provide the following injunctive relief and Defendant Linden should be enjoined:

a.    from prohibiting or otherwise interfering with Plaintiff's access to the virtual property purchased from Defendant Linden and with the court creating such an easement as is necessary under the circumstances to permit such access;

b.    from prohibiting or otherwise interfering with consumers' ability to transfer, sell, or otherwise exploit their virtual property purchased from Defendant Linden;

-55-

    c.      from prohibiting and/or otherwise claiming that Plaintiff, who purchase virtual land from Defendant Linden, is not the owner of such land;

    d.      from taking any position or making any assertion that the virtual land sold by Defendant Linden is somehow still owned by Defendant Linden and has not actually been sold to Plaintiff; and,

    e.      from prohibiting or otherwise interfering with Plaintiff's right to access, sell or otherwise transfer his virtual land;

WHEREFORE, Plaintiff Marc Bragg prays this Honorable Court enter judgment against Defendants and in his favor and provide the injunctive relief as set forth herein for Plaintiff.

## JURY TRIAL DEMANDED

## COUNT XI – WRONGFUL EXPULSION v. DEFENDANT LINDEN

268.    Plaintiff hereby incorporates by reference Paragraphs 1 through 267, as more fully set forth above.

269.    Without any notice or due process of any kind, Plaintiff was wrongful ejected and expelled from Second Life, thereby depriving him of his assets and ownership interests.

270.    Such a wrongful expulsion and ejectment without due process or any process is contrary to law.

271.    Accordingly, Defendant Linden should be enjoined and injunctive relief should be granted reinstating Plaintiff to the Second Life world / network where he can use, transfer or otherwise exploit his assets and other property.

PITDMS 39275v.1

WHEREFORE, Plaintiff Marc Bragg prays this Honorable Court enter judgment against Defendants and in his favor and provide the injunctive relief as set forth herein for Plaintiff.

**JURY TRIAL DEMANDED**

Respectfully submitted,

Date:  February 23, 2007

WHITE AND WILLIAMS, LLP

By <u>JAA7341</u>
   Jason A. Archinaco, Esq.
   PA ID 76691
   Christopher Ballod, Esq.
   PA ID 89462
   The Frick Building, Suite 1001
   437 Grant Street
   Pittsburgh, PA 15219
   (412) 566-3520
   *Counsel for Plaintiff*

PITDMS 39275v.1