IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA

| | |
|---|---|
| MARC BRAGG, Esq., an individual, | CIVIL DIVISION |
| Plaintiff, | No. 06-cv-4925 |
| v. | **JUDGE EDUARDO ROBRENO** |
| LINDEN RESEARCH, INC., a corporation, and PHILIP ROSEDALE, an individual, | |
| Defendants. | |

**REPLY IN OPPOSITION TO DEFENDANTS'
MOTIONS FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

AND NOW, comes Plaintiff, Marc Bragg, Esq. ("Plaintiff"), by and through counsel, Jason A. Archinaco, Esq., and the law firm of WHITE AND WILLIAMS, LLP, and files the following Reply in Opposition to Defendants' Motions for Extension of Time to Respond to Complaint.

**ARGUMENT**

1. The complaint was filed on or about October 4, 2006 in Pennsylvania State Court.

2. The Defendants removed the case to this Court on or about November 7, 2006.

3. Defendants Linden and Rosedale have already had substantial opportunity to review the complaint, including the opportunity to file and argue Rule 12(b)(6) motions.

4. On or about May 31, 2007, this Court denied Defendants' Motion to Compel Arbitration and Mr. Rosedale's Motion to Dismiss for Lack of Personal Jurisdiction.

**Defendants' Improper Purpose for Requesting an Extension**

5. Rather than file their Answers to the Complaint, on Friday, June 8, 2007, counsel for Defendants contacted Plaintiff's counsel requesting a two week extension to file an Answer.

1

PITDMS 42680v.1

6. Counsel for Defendants informed Plaintiff's counsel that Defendants were likely going to "file an appeal" from this Court's recent decision and request a stay of the entire case. Counsel for Plaintiff informed Defendants' counsel that an extension for such purposes would prejudice Plaintiff's case, and that it would be improper to support Defendants' attempts to never have to file an Answer to the Complaint.

7. In addition, Plaintiff's counsel informed Defendant's counsel that any extension would fly in the face of Plaintiff's request for injunctive relief and, as such, an extension would not be appropriate for that reason as well.

8. The Defendants' request for an extension was, thus, for strategic benefit, as opposed to a legitimate problem with filing an Answer to the Complaint.

9. <u>At no point during the discussions did Defendants' counsel state or claim that new counsel would be entering their appearance and, as such, an extension would be needed for that reason.</u> Indeed, at no point was it at all mentioned that there was even the possibility of new counsel appearing in the case.

10. <u>At no point during the discussion did Defendants' counsel state or claim that, in addition to filing an Answer, Defendants would be attempting to formulate a frivolous claim against Plaintiff, Mr. Bragg.</u>

11. Later that day, Defendants' counsel sent an unsolicited proposed "stipulation" to extend the time to Answer the Complaint or "**otherwise plead**". See, Proposed Stipulation, attached hereto as Exhibit "1." Although the "otherwise plead" language appeared, the document does not suggest that the reason for an extension was to file a frivolous counterclaim against Plaintiff.

12. On or about June 10, 2007, Plaintiff's counsel confirmed in writing the prior discussion between counsel that Plaintiff would oppose any request for an extension for the reasons set forth above. See, E-mail, attached hereto as Exhibit "2."

13. The very next day, on June 11, 2007, Defendants' counsel sent an e-mail stating that new counsel had been hired (although current counsel has not withdrawn their appearance nor is their a statement that they will be withdrawing their appearance) and, disturbingly stated:

> "Mr. Crittendon has asked me to ask you if Plaintiff will agree to a thirty day extension so that his office will have sufficient time to complete an answer and **counterclaim to the complaint**."

See, e-mail dated June 11, 2007, attached hereto as Exhibit "3." (emphasis added).

PITDMS 42680v.1

14. "Magically", in the last several days, Defendants now have a "counterclaim" against Plaintiff.

15. While this Court is permitted under Rule 12 to enlarge the time to respond to the Complaint, this Court should reject the extension for the following reasons:

   1. Further delay will cause more prejudice to Plaintiff, who has already had his money and assets wrongfully taken from him;

   2. Defendants have demonstrated that they are seeking delay so that they may then attempt to appeal and/or seek a stay of the case to avoid ever having to Answer the Complaint, while retaining Plaintiff's money and assets as long as possible;

   3. Having had two Motions denied by this Court, Defendants have demonstrated that they are seeking futher delay so that they may formulate a frivolous counterclaim against Plaintiff to further punish Plaintiff for bringing suit against Defendants;

   4. As previously set forth in the pleadings filed with this Court, the latest request appears to be part of a larger strategy by Defendants, having failed in making this litigation as costly as possible by transferring this case to arbitration in San Francisco, to harm Plaintiff as much as possible through alternative means.  See, Exhibit "4" (quoting Defendant Rosedale "At what point in a dispute are you willing to bring your identity into it, and **what's the price to you of that?  I'd say for a lot of people, it would be quite high.**")(emphasis added).

15. For the foregoing reasons, Defendants request for further delay should be denied.

3

PITDMS 42680v.1

WHEREFORE, for the foregoing reasons, Defendants Motion for Extension of Time to Respond to Complaint should be DENIED.

                Respectfully submitted,

Date: June 11, 2007        WHITE AND WILLIAMS, LLP


                By JAA7341
                  Jason A. Archinaco, Esq.
                  PA ID 76691
                  Christopher Ballod, Esq.
                  PA ID 89462
                  The Frick Building, Suite 1001
                  437 Grant Street
                  Pittsburgh, PA 15219
                  (412) 566-3520
                  *Counsel for Plaintiff*

PITDMS 42680v.1