IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC BRAGG, Esq., an individual,<br><br>    Plaintiff,<br><br> v.<br><br>LINDEN RESEARCH, INC., a corporation, and PHILIP ROSEDALE, an individual,<br><br>    Defendants. | Civil Action No. 06-cv-4925<br><br>**JUDGE EDUARDO ROBRENO** |

**MOTION TO STRIKE AND/OR AMEND JOINT REPORT OF THE PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

Pursuant to Federal Rule of Civil Procedure 26(f), the parties held a telephone conference on July 12, 2007 at 4:30 P.M. (EST). The conference was attended by Jason A. Archinaco, Esq. and Colin G. Schafer, Esq. of White and Williams, LLP on behalf of Plaintiff Marc Bragg. Laurence Z. Shiekman, Esq. and Thomas T. Watkinson, II, Esq. from Pepper Hamilton, LLP and John W. Crittenden, Esq. and Kathleen E. Trieber, Esq. of Cooley Godward Kronish, LLP attended on behalf of Defendants Linden Research, Inc. and Philip Rosedale.

**DEFENDANTS REFUSED TO AGREE TO ANY FILING OF THE JOINT RULE 26 (f) SO INSTEAD FILED A FALSE ONE WITHOUT OBTAINING PLAINTIFF'S APPROVAL AFTER DELETING PLAINTIFF'S POSITIONS**

1. On Friday, July 13, 2007, Defendants' counsel filed a knowingly false Rule 26(f) conference report with this court.

2. In order to attempt to "ratify" the false filing, Defendants' counsel states in his filing, "Although the parties have exchanged and commented on a number of drafts of this statement defendants' counsel did not receive from plaintiff's counsel either comments on this version or approval to file in this form by close of business Pacific Time this date. Thus although

PITDMS 43783v.1

**defendants believe this report fairly sets forth plaintiff's positions**, it is only signed by defendants' counsel." (Document #65) (emphasis added).

3. The cited paragraph should read, "although Defense counsel refused to include Plaintiff's positions in the Rule 26 (f) report, rather than not file the report, Defense counsel refused to agree to include Plaintiff's positions all day until he could unilaterally file the report after the close of business Eastern Time so as to mislead this Court."

4. Defense counsel was clearly notified by Plaintiff's counsel of the later filed report's failures and deficiencies.

5. For example, Defendant filed the following misleading language with regard to the issue of "confidentiality" suggesting Plaintiff agrees there should be confidentiality:

> Defendants proposed that the parties enter into a stipulation and order governing confidentiality to protect the privacy of personal information of individuals (including third-party Second Life users) and confidential business, financial, or trade secret information that may be subject to disclosure or discovery. Plaintiff indicated his willingness to consider a confidentiality agreement to cover specific trade secrets and believes that any such information should be considered on a case-by-case basis. (Docket #65 p.6)

6. Contrary to the misleading and incomplete statement provided by Defense counsel, the draft proposed by Plaintiff's counsel, documenting Plaintiff's position, included the following language:

> Plaintiff opposes a blanket confidentiality agreement and that the scope of any proposed confidentiality agreement was unclear to Plaintiff. No such proposed confidentiality agreement has ever been provided to Plaintiff. Plaintiff indicated his willingness to consider a confidentiality agreement to cover specific trade secrets and believes that any such information should be considered on a case-by-case basis. It is Plaintiff's position that confidentiality is particularly inappropriate given that the Defendants sought to obtain confidentiality through their arbitration clause, and that such clause was deemed unconscionable. Further, Defendants published portions of their Answer and Counterclaim on their website which Plaintiff believes are defamatory per se and, as such, any confidentiality of these proceedings would be inappropriate.

(See draft of Rule 26(f) attached as Exhibit "1")

7. Further, counsel for Defendants was fully aware before filing the misleading and incomplete Rule 26(f) conference report with this Court that Plaintiff insisted that his position be included and reflected in the Rule 26(f) conference report. In e-mail to Defendant's counsel, Plaintiff's counsel advised.

> We revised the report. You can just compare it to your document to see the changes.
>
> In particular, we reinserted language about the confidentiality agreement. Your language suggested to the Court that we are proponents of such an agreement, when Plaintiff made it clear that it is his position that confidentiality is inappropriate. Further, you called it a "protective order." Protective orders are entered by the court. You proposed a confidentiality agreement. If you want to file for a protective order, no one can stop you…
>
> (July 13, 2007 email attached as Exhibit "2").

8. Even worse, Plaintiff's counsel tried to relay to Defense counsel that this report was for the purposes of clarifying the **two** sides to the Court and not to "express an agreement." As a result, Plaintiff's counsel stated to Defense counsel that the insistence on making changes to Plaintiff's positions, while Plaintiff allowed Defense counsel to craft their own positions was misleading. The purposes of the report have been frustrated by Defense counsel's refusal to permit inclusion of the issues presented to the Court as Plaintiff's counsel wrote:

> Nobody asked you to "agree" with Plaintiff's position. Plaintiff's position is his, not yours or your clients. Just like your client's position is theirs, and not Plaintiff's.
>
> You may not like Plaintiff's position, but that doesn't mean it is appropriate or permissible for you to change it.
>
> (July 13, 2007 email attached as Exhibit "3").

9. By way of further illustration, Defense counsel continually deleted Plaintiff's positions. When discussing electronic evidence, Plaintiff's counsel informed Defense counsel that Plaintiff believed that webpages and other information had been deleted from Defendants'

3

PITDMS 43783v.1

website post lawsuit. Plaintiff's counsel inquired about the need for a forensic computer analyst to examine Defendants' computers. During the course of this discussion, Defendants' counsel admitted that not all "chat logs" and webpages were still available and that these items may have been deleted in the ordinary course of business. The purpose of the discussion was for the Court's benefit, and Defense counsel's deletion of this material only makes the issues presented to this Court less clear.

10. Accordingly, Plaintiff attempted to place language in the Rule 26(f) conference report about the electronic evidence issues reflecting this discussion. For example:

> Defendants stated that while there was a general business practice of preservation of material, there have been changes made to the websites at issue and that electronic material such as chat logs, land auctions, etc. may have been deleted in the ordinary course of business.

(Draft attached hereto as Exhibit "1")

11. Rather than leave that language in the report, Defense counsel deleted this language, despite it clearly reflecting statements made during the conference, and instead chose to act as if the discussion never occurred, misleading this Court by stating:

> ...Defendants represented that all discoverable material within their custody, possession, or control was being preserved in accordance with their obligations...

(Docket #65)

12. As a result of Defense counsel's refusal to allow Plaintiff to include accurate statements reflecting his positions and due to Defense counsel's intention on misleading this Court, Plaintiff has filed this motion to strike and/or amend the false Rule 26(f) report filed. Defense counsel's tactics should not be countenanced by this Court and as a deterrent to repeat behavior, the costs associated with filing this motion should be awarded Plaintiff.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff's motion should be **GRANTED** and the proposed order should hereby be adopted by this Court.

Date: July 16, 2007

                            Respectfully submitted,

                            WHITE AND WILLIAMS, LLP

                            By <u>JAA7341</u>
                                Jason A. Archinaco, Esq.
                                PA ID 76691
                                Christopher Ballod, Esq.
                                PA ID 89462
                                The Frick Building, Suite 1001
                                437 Grant Street
                                Pittsburgh, PA 15219
                                (412) 566-3520
                                *Counsel for Plaintiff*