IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC BRAGG, Esq., an individual, : | |
| Plaintiff, : | Civil Action No. 06-cv-4925 |
| v. : | **JUDGE EDUARDO ROBRENO** |
| LINDEN RESEARCH, INC., a : corporation, and PHILIP ROSEDALE, an : individual, : | |
| Defendants. : | |

And Related Counterclaims

**JOINT REPORT OF THE PARTIES PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 26(F)**

Pursuant to Federal Rule of Civil Procedure 26(f), the parties held a telephone conference on July 12, 2007 at 4:30 P.M. (EDT). The conference was attended by Jason A. Archinaco, Esq. and Colin G. Schafer, Esq. of White and Williams, LLP on behalf of Plaintiff Marc Bragg. Laurence Z. Shiekman, Esq. and Thomas T. Watkinson, II, Esq. from Pepper Hamilton, LLP and John W. Crittenden, Esq. and Kathleen E. Treiber, Esq. of Cooley Godward Kronish, LLP attended on behalf of Defendant and Counterclaim Plaintiff Linden Research, Inc. and Defendant Philip Rosedale (collectively "Defendants"). The parties confirmed the following joint report on July 19, 2007.

**SUMMARY OF CONFERENCE**

In accordance with Rule 26 (f), the parties began the conference by briefly addressing the nature of the claims brought and the possibility of prompt settlement. All parties had delivered initial disclosures pursuant to Rule 26(a)(1) as of July 9, 2007. At this time, none of the parties

PITDMS 44012v.2

believed that discovery would have to be phased and/or limited other than Defendants' representation that they would oppose exceeding ten (10) depositions by Plaintiff.

### PLAINTIFF'S CLAIMS

Counsel for Plaintiff referenced the complaint and the initial disclosures citing claims for damages, treble damages pursuant to consumer claims, injunctive relief, attorney's fees and punitive damages based upon the alleged wrongful taking of Plaintiff's property, his exclusion from Second Life and Defendants false and misleading advertising. Also, counsel for Plaintiff reiterated that restitution is sought for public harm caused as a result of the alleged false, misleading and fraudulent statements made by Defendants.

### DEFENDANTS' CLAIMS

Defendant Linden Research Inc. ("Linden") has counterclaimed against Plaintiff for computer fraud in violation of 18 U.S.C. § 1030 and California Penal Code § 502, breach of contract, breach of the implied covenant of good faith and fair dealing, unfair competition in violation of California Business and Professions Code § 17200, and declaratory judgment based upon Plaintiff's alleged knowing participation in a scheme to gain access to Linden's computers without authorization and thereby obtain computing resources in the Second Life virtual world platform at prices substantially below Linden's minimum price of $1,000.00.

Plaintiff is filing a Rule 12(b)(6) Motion with regard to such claims.

### POTENTIAL FOR ADR PROCEEDINGS AND/OR PROMPT SETTLEMENT

After the initial summary of the causes of action the parties did not advance towards any meaningful discussions concerning settlement other than to say that neither party would oppose the scheduling of a settlement conference. Plaintiff does not desire mediation.

## PRESERVATION OF POTENTIALLY DISCOVERABLE MATERIAL

Plaintiff represented that all discoverable material within his custody, possession or control was being preserved in accordance with his obligations. Defendants represented that all discoverable material within their custody, possession, or control was being preserved in accordance with their obligations. Defendants stated that while there was a general business practice of preservation of material, there may have been changes to the websites at issue. Electronic material (e.g. chat logs) are not maintained in perpetuity. Issues relating to electronically stored information are discussed below in this report.

Counsel for all parties have advised their clients of their duties to preserve materials.

## CHANGES TO LIMITATIONS OF DISCOVERY

The parties could not reach agreement on the scope of depositions sought in this case. Specifically, Defendants indicated that they would oppose Plaintiff's request for taking more than ten (10) depositions if Plaintiff should so request. Plaintiff currently has in excess of ten witnesses listed on his Rule 26(a)(1) disclosures.

With regard to the timing of discovery, because Plaintiff has advised he will timely file a motion to dismiss under Rule 12(b)(6) as to some or all of Defendants' counterclaims, Defendants requested ninety (90) days following the close of the pleadings. Plaintiff had no objection to such a request although did note that the Honorable Judge Robreno's ordinary deadline is set ninety (90) days from the status conference scheduled for Thursday July 19, 2007. All parties again acknowledged that the initial disclosures pursuant to Rule 26(a) had been received.

PITDMS 44012v.2

## SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED AND THE DISCOVERY DEADLINE

### PLAINTIFF'S DISCOVERY SUBJECTS

Plaintiff's subjects of discovery include: the allegations and claims set forth in the complaint; representations/communications with third parties by Defendants; the statements, allegations, and admissions made in Defendants' answer/counterclaims; the use of metaphors in communications by Defendants with third parties including consumers, venture capitalists and other investors; Defendants' procedures and information surrounding the land auctions in Second Life; the sale of virtual land and the representations made about such sales; the revenue and/or profits obtained from land sales and taxes on such land sales; the drafting of the Terms of Service ("TOS") Agreement; and, Defendants' alleged counter claims. Plaintiff also indicated that discovery is needed to determine whether additional parties will need to be joined as Defendants.

### DEFENDANTS' DISCOVERY SUBJECTS

Defendants will seek discovery with regard to the following issues, among others that may arise depending on the admissions and denials and defenses presented by Plaintiff in his answer to Linden's counterclaim:

- Support for Plaintiff's allegations in the pleadings;
- The specific representations on which Plaintiff claims he relied, and in what way they were materially false or misleading;
- Plaintiff's motivation, purpose, or intent in registering for and using the Second Life service;
- Plaintiff's knowledge of the Second Life Terms of Service and other provisions governing his usage of Second Life;

- Plaintiff's communications with third party Second Life users in connection with the alleged auction scheme;

- Plaintiff's assertion that his allegedly fraudulent activities were condoned by Defendants;

- Plaintiff's activities in furtherance of the alleged auction scheme;

- Plaintiff's alleged economic relationships with third parties with which Plaintiff contends Defendants interfered;

- Plaintiff's claims for damages.

Defendants reserve the right to conduct such additional discovery as may be needed based on information obtained during the course of discovery or otherwise.

### ISSUES RELATING TO DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION, INCLUDING THE FORM OR FORMS IN WHICH IT SHOULD BE PRODUCED

Plaintiff represented that there were no issues with the production of electronically stored information and that such information would most likely be produced in hard copy form. Defendants represented that there were no issues with the production of electronically stored information and that such information would most likely be produced in hard copy form, although depending on the nature of the request and the information, some may be produced electronically, if that is more practical. Defendants represented that to the extent they exist, records of Plaintiff's online chats with other Second Life users regarding the alleged auction scheme would be produced in hard copy form.

### ISSUES RELATING TO CLAIMS OF PRIVILEGE OR OF PROTECTION AS TRIAL-PREPARATION MATERIAL

Plaintiff indicated an intent to depose the drafter(s) of Defendants' Terms of Service Agreement and Defendants stated that if this included depositions of any attorneys, to the extent this raises privilege issues, they may be addressed at the time of deposition.

Defendants inquired if Plaintiff intended to assert any attorney-client privilege based on his position as an attorney separate from his relationship with counsel, and Plaintiff did not anticipate any such claims at this time.

## CHANGES TO BE MADE IN THE LIMITATIONS ON DISCOVERY

The parties could not agree to the number of depositions sought in this matter. Plaintiff currently believes based upon the Rule 26(a)(1) disclosures that he may seek more than ten (10) depositions. Defendants stated that they would object should Plaintiff seek to take more than ten (10) depositions absent a showing of good cause.

## ANY OTHER ORDERS THAT SHOULD BE ENTERED

Defendants proposed that the parties enter into a stipulation and order governing confidentiality to protect the privacy of personal information of individuals (including third-party Second Life users) and confidential business, financial, or trade secret information that may be subject to disclosure or discovery. Defendants are not requesting a blanket confidentiality agreement.

Plaintiff indicated his willingness to consider a confidentiality agreement to cover specific trade secrets and believes that any such information should be considered on a case-by-case basis. Plaintiff opposes a blanket confidentiality agreement and states that the scope of any proposed confidentiality agreement was unclear to Plaintiff. No such proposed confidentiality agreement has ever been provided to Plaintiff. Plaintiff indicated his willingness to consider a confidentiality agreement to cover specific trade secrets and believes that any such information should be considered on a case-by-case basis. It is Plaintiff's position that confidentiality is particularly inappropriate given that Defendants sought to obtain confidentiality through their

arbitration clause, and that such clause was deemed unconscionable. Further, Defendants published portions of their Answer and Counterclaim on their website which Plaintiff believes are defamatory per se and, as such, any confidentiality of these proceedings would be inappropriate.

Defendants filed, on June 28, 2007, a motion seeking an order permitting the deposit into the Court of certain funds in dispute, pursuant to Fed. R. Civ. P 67. This topic was not addressed in the conference. Plaintiff's position is that the funds Defendants seek to deposit do not reflect the damages he seeks in his Complaint.

### Preliminary Injunction and Consolidation pursuant to F.R.C.P. 65(a)(2)

Plaintiff has no objection to consolidating his specific claims for injunctive relief pursuant to Rule 65(a)(2) since such a consolidation will conserve judicial resources. However, Plaintiff did inform Defendants that it is his position that injunctive relief that may affect the public (as opposed to injunctive relief directed solely to Plaintiff) must be addressed without delay. It is Plaintiff's position that the Answer of Defendants admits that Defendants are engaged in a false and misleading advertising campaign generally with regard to consumers and, further, that Defendants are now contesting their representations of ownership. As such, Plaintiff believes that it is necessary for this Court to promptly address such issues to prevent further harm to the public from the false and deceptive advertising campaign and denial of ownership. Plaintiff may file a new Motion for Preliminary Injunction with regard to such specific issues.

Defendants agree with Plaintiff that that the relief sought in Plaintiff's pending motion for preliminary injunction should be consolidated with the trial on the merits. However, given that Defendants anticipate that Plaintiff's claims will be substantially limited as a result of

motions for judgment on the pleadings or summary judgment, and given the issues presented by Linden's counterclaims against Plaintiff, Defendants do not believe it would be practical or serve judicial economy to advance the trial on the merits for consolidation with the pending motion for preliminary injunction pursuant to Rule 65(a)(2).

With regard to a new motion for preliminary injunction Plaintiff's counsel stated may be filed, as that motion has not been filed and was not the subject of the Court's query with regard to consolidation, Defendants do not yet have a position as to whether such motion should be consolidated with the trial on the merits.

Date: July 20, 2007

Respectfully submitted,

| WHITE AND WILLIAMS, LLP | COOLEY GODWARD KRONISH, LLP |
|---|---|
| By JAA7341 | By _____ |
| Jason A. Archinaco, Esq. | John W. Crittenden (Cal. 101634) |
| PA ID 76691 | Kathleen E. Treiber (Cal. 232353) |
| Christopher Ballod, Esq. | ADMITTED PRO HAC VICE |
| PA ID 89462 | 101 California St, 5th Floor |
| The Frick Building, Suite 1001 | San Francisco, CA 94111 |
| 437 Grant Street | (415) 693-2000 |
| Pittsburgh, PA 15219 | |
| (412) 566-3520 | PEPPER HAMILTON LLP |
| *Counsel for Plaintiff* | |
| | Laurence Z. Shiekman (15203) |
| | Thomas T. Watkinson, II (200697) |
| | 3000 Two Logan Square |
| | 18th & Arch Streets |
| | Philadelphia, PA 19103 |
| | (215) 981-4000 |
| | |
| | *Counsel for Defendant and Counterclaim Plaintiff Linden Research, Inc. and Defendant Philip Rosedale* |

PITDMS 44012v.2