IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA

| | |
|---|---|
| MARC BRAGG, Esq., an individual, | CIVIL DIVISION |
| Plaintiff, | No. 06-cv-4925 |
| v. | **JUDGE EDUARDO ROBRENO** |
| LINDEN RESEARCH, INC., a corporation, and PHILIP ROSEDALE, an individual, | |
| Defendants. | |

**MOTION TO DISMISS DEFENDANTS' FIRST AMENDED COUNTERCLAIM PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, RULE 12(b)(7) FOR FAILURE TO JOIN AN INDISPENSABLE PARTY AND MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12 (e)**

AND NOW, comes Plaintiff, Marc Bragg, Esq. ("Plaintiff"), by and through counsel, Jason A. Archinaco, Esq., and the law firm of WHITE AND WILLIAMS, LLP, and files the following Motion to Dismiss Defendants' First Amended Counterclaim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, Rule 12(b)(7) for failure to join an indispensable party and for a more definitive statements pursuant to Rule 12(e).

**I.   MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

1. Plaintiff has filed the within motion with regard to: Count 1 (Federal Computer Fraud, 18 U.S.C. § 1030), Count 2 (California Statutory Computer Fraud, Cal.Penal Code § 502) and Count 5 (California Statutory Unfair Competition, Cal. Bus. & Prof. Code § 17200).

2. Defendant Linden has not (and cannot) as a matter of law plead facts sufficient to give rise to any liability pursuant to such causes of action. See, Brief in Support of Motion to Dismiss and corresponding Exhibits, collectively incorporated by reference as if more fully set forth at length herein.

3. The claims were brought so that Defendant Linden could, as it did, the day following the filing of the Counterclaim, publish on its website selective quotes from the Counterclaim portraying Plaintiff as a criminal.

4. Defendant Linden (and its CEO Defendant Rosedale) are engaged in a larger strategy to simply "punish" Plaintiff for exposing their fraudulent practices and to cause him to "pay the price" for advancing consumers interests.

5. As set forth herein and in Plaintiff's supporting Brief (and Exhibits), Counts 1, 2 and 5 must be dismissed with prejudice.

A. **DEFENDANT LINDEN HAS FAILED TO STATE A CLAIM UNDER CALIFORNIA PENAL CODE § 502.**

6. Plaintiff Bragg is alleged to have accessed a webpage/auction page posted to the world wide web by Defendants through a process referred to as "backward browsing" or through the insertion of a URL address into his computer to access an available webpage.

7. Plaintiff Bragg is not alleged to have bypassed any password security or other security system/technique.

8. Plaintiff Bragg is not alleged to have been the first or only individual whom accessed these web pages in the manner alleged.

9. Plaintiff Bragg is not alleged to have caused any damage, alteration, or deletion of any computer function of Defendants, nor is Plaintiff Bragg alleged to have interfered with the functioning of the server or ability for others to access the server in any way.

10. California Penal Code § 502 is meant to address the proliferation of viruses and worms, the bypassing of security features, and the destruction, alteration, or deletion of computer material, software, and/or hardware.

11. The California Highway Patrol, with reference to opinions received from the California Attorney General's office, issued a report in February 2007, which addressed almost

|  |  |
|---|---|
| | identical conduct alleged by Defendants in their counterclaims. (See Report Attached to Brief in Support of Motion to Dismiss as Exhibit "10"). |
| 12. | The Report stated that California Penal Code § 502 does not apply to circumstances where either: (1) the alleged violator was not the only person able to access the webpage in the alleged manner or (2) the alleged conduct did not involve the circumvention or bypassing of any password or other security device. |
| 13. | Additionally, Defendants have failed to allege that Plaintiff's access was unauthorized, nor have Defendants alleged any properly recoverable damages. |
| 14. | Defendants have failed to state a claim upon which relief may be granted under California Penal Code § 502; consequently, the claim should be dismissed with prejudice. |
| 15. | Defendants' inclusion of California Penal Code § 502 was done for a wholly improper purpose, that being so that they could publish to their website criminal allegations against Plaintiff while increasing the burden and expense of this litigation. As such, and for the reasons stated above and more clearly illustrated in Plaintiff's Brief in Support of this Motion, Plaintiff should be awarded costs associated with this motion. |
| **B.** | **DEFENDANT LINDEN HAS FAILED TO STATE A CLAIM UNDER 18 U.S.C. § 1030.** |
| 16. | Defendant Linden has not alleged that Plaintiff bypassed any security feature or password protection. |
| 17. | Defendant Linden has not alleged that Plaintiff sent a virus, worm, or any other destructive software. |
| 18. | Defendant Linden has not alleged that Plaintiff caused any recoverable damages, such as those involving the destruction, deletion, or alteration of any computer and/or network server. |

19. Defendant Linden has not alleged that Plaintiff obtained anything of value through unauthorized access to a computer network or that Defendant Linden suffered recoverable damage exceeding $5,000.00 as required by the 18 U.S.C. § 1030.

20. Defendant Linden has failed to state a claim for relief pursuant to 18 U.S.C. § 1030 (the "CFAA"); consequently, the claim should be dismissed with prejudice.

21. Defendant Linden's inclusion of 18 U.S.C. § 1030 was done for a wholly improper purpose, that being so that they could publish to their website criminal allegations against Plaintiff while increasing the burden and expense of this litigation. As such, and for the reasons stated above and more clearly illustrated in Plaintiff's Brief in support of this motion, Plaintiff should be awarded costs associated with this motion.

22. Defendant has alleged that Plaintiff joined an ongoing "conspiracy" with unidentified users in a misplaced effort to creatively plead its way around the $5,000.00 damages requirement under 18 U.S.C. § 1030. However, this alleged conspiracy theory is absurd and illogical. First, no alleged "co-conspirators" have been identified. Second, Defendant's themselves mis-marked the items, as such, the Defendants would be recovering damages from itself. The attempt of Defendants to somehow "aggregate" claims and attribute these damages to Plaintiff are absurd, and done only in a desperate attempt to save the futile and improper counterclaim and should be dismissed with prejudice.

C. **DEFENDANT LINDEN HAS FAILED TO STATE A CLAIM UNDER CALIFORNIA BUSINESS AND PROFESSIONAL CODE § 17200.**

23. Plaintiff is a consumer who has brought claims against Defendants, a company and the company's CEO.

24. Defendant Linden, in Count 5, attempts to make out a claim by a company against a consumer under a statute designed to protect competitors from anti-competitive behavior and consumers from fraud, such as the fraud perpetrated by Defendants in this case.

25. To properly plead a cause of action pursuant to California Business and Professional Code § 17200, Defendants must plead either: (1) an unlawful business practice grounded in antitrust; (2) an unfair business practice based on an underlying antitrust law; or (3) an unfair competition claim under the fraudulent prong of § 17200 that includes allegations of representations that were false or were likely to have misled reasonable consumers. *See e.g., Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 973 P.2d 527 (1999).

26. Defendants have not (and cannot) plead any such allegations that could under any circumstances amount to a cause of action pursuant to California Business and Professional Code § 17200. Consequently, this claim must be dismissed with prejudice.

27. Defendant Linden's inclusion of California Business and Professional Code § 17200 was done for a wholly improper purpose, that being so that they may increase the burden and expense of this litigation. As such, and for the reasons stated above and more clearly illustrated in Plaintiff's Brief in support of this motion, Plaintiff should be awarded costs associated with this motion.

II. **MOTION TO DISMISS PURSUANT TO RULE 12(b)(7).**

28. In violation of Rule 19, Defendant Linden has failed to join indispensable parties.

29. Defendant Linden did not sue any of Plaintiff's alleged "co-conspirators" nor did it sue the anonymous consumer who had bid on and obtained multiple low priced virtual land prior to Plaintiff ever even bidding on such land.

PITDMS 43936v.2

30. Further, if Defendant Linden's theory of liability is to be believed with regard to the alleged "computer fraud," Defendant Linden would have to sue its own employees who placed the "mis-marked" prices on the virtual land and, additionally, placed such virtual land auctions on the internet. Attempting to hold Plaintiff liable for its own employees alleged negligence is impermissible.

31. Because such a joinder would be nonsensical as Defendant Linden would, in essence have to sue itself, Defendant Linden's claims must be dismissed pursuant to Rule 12(b)(7).

### III. **MOTION FOR A MORE DEFINITIVE STATEMENT PURSUANT TO RULE 12(e).**

32. In the alternative and in addition to the above, Plaintiff files for a more definitive statement.

33. Defendant Linden has selectively cited to chat logs in formulating its claims. By not attaching such chat logs at all or in their entirety to the Counterclaim, Plaintiff cannot properly formulate a response and, further, such a refusal to attach such chat logs appears to be intentionally designed to avoid Rule 12(b)(6) scrutiny. Defendant Linden should be ordered to attach such chat logs pursuant to Rule 12(e). Further, Defendant has produced chat lots which are heavily and impermissibly redacted. See Exhibit "11," attached to Plaintiff's Brief in Support of this motion.

34. Defendant Linden has equally avoided attaching e-mail despite the fact that such e-mail underlie the allegations in its Counterclaims. To the extent that this Court refuses to consider such e-mail (that Plaintiff has attached as exhibits), Defendant Linden should be ordered to attach such e-mail pursuant to Rule 12(e).

## IV.     CONCLUSION

WHEREFORE, for the foregoing reasons, and those contained in Plaintiff's Brief in Support, Plaintiff's Motion should be granted. Counts 1, 2 and 5 of the Counterclaim should be dismissed with prejudice.

Dated:  August 27, 2007

Respectfully submitted,

WHITE AND WILLIAMS, LLP

By <u>JAA7341</u>
    Jason A. Archinaco, Esq.
    PA ID 76691
    Christopher Ballod, Esq.
    PA ID 89462
    Colin G. Schafer, Esq.
    PA ID 202515
    The Frick Building, Suite 1001
    437 Grant Street
    Pittsburgh, PA 15219
    (412) 566-3520
    *Counsel for Plaintiff*